IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 08 C 1005 |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, in response to Plaintiff's Complaint, state as follows:

**INTRODUCTION**

1. Plaintiff Paul Cox brings this action to secure redress against unlawful credit and collection practices engaged in by defendant Unifund CCR Partners. Also sued are the two general partners of Unifund.

> **ANSWER:** Defendants admit that Plaintiff purports to state a claim against Defendants for alleged unlawful credit and collection practices allegedly engaged in by Unifund. Defendants deny that any Defendant, including Unifund, engaged in any unlawful credit and collection practices. Defendants deny that they are liable to Plaintiff and that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations that Defendants do not specifically admit.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

> **ANSWER:** Defendants admit that Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"); however, Defendants deny the remaining allegations contained in paragraph 2 of the complaint, as to the Plaintiff's characterization of what types of activities are prohibited under the FDCPA. Defendants deny that paragraph 2 fully sets forth or states the cited provisions of the FDCPA. Defendants further deny that they violated the FDCPA, that they are liable to Plaintiff and that Plaintiff is entitled to any relief whatsoever under the FDCPA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1692k (FDCPA).

> **ANSWER:** Defendants admit the allegations contained in paragraph 3 of the complaint.

4. Venue and personal jurisdiction over defendants in this District is proper because defendant Unifund CCR Partners' conduct occurred here, and defendant Unifund CCR Partners does or transacts business here. Such contacts are attributable to the general partners of Unifund as well.

> **ANSWER:** Defendants admit that venue and personal jurisdiction in this District for this matter are proper. Defendants deny any remaining allegations that Defendants do not specifically admit.

## PARTIES

5. Plaintiff Paul Cox is an individual who resides in the Northern District of Illinois.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Paul Cox's residence at the time of this Answer and therefore Defendants deny the allegations contained in paragraph 5 of the complaint.

6. Defendant Unifund CCR Partners ("Unifund") is a general partnership which is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

    **ANSWER:**    Defendants admit that Unifund is a general partnership. Defendants admit that, as a part of Unifund's business activities, Unifund purchases charged-off consumer receivables and attempts to recover those amounts legitimately owed by certain debtors. Defendants deny that Plaintiff fully or accurately characterizes the nature of Unifund's business in paragraph 6 of the complaint. Defendants deny any remaining allegations that Defendants do not specifically admit.

7. Unifund CCR Partners operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

    **ANSWER:**    Defendants admit that Unifund's principal place of business is located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

8. Unifund CCR Partners pays an average of less than ten cents on the dollar for the debts it purchases.

    **ANSWER:**    In addition to such price being confidential and proprietary, Defendants state that the amount that Unifund pays for any charged-off debt it purchases varies from debt-to-debt; therefore, Defendants deny the allegations contained in paragraph 8 of the complaint.

9. More than 50% of the debts purchased by Unifund CCR Partners are credit card debts.

    **ANSWER:**    In addition to such information being confidential and proprietary, Defendants state that the type of charged-off debts that Unifund purchases vary from purchase to purchase; therefore, Defendants deny the allegations contained in paragraph 9 of the complaint.

10. According to an interview of Unifund's principal executive officer in the Cincinnati Enquirer, Nov. 23, 2004, Unifund pays four to ten cents on the dollar for debts and recovers an average of 20 cents on the dollar.

> **ANSWER:** Defendants admit that on November 23, 2003, the Cincinnati Enquirer published an interview of Unifund's majority owner and that, in that article, it states that Unifund's majority owner made that statement. Defendants deny any remaining allegations that Defendants do not specifically admit.

11. Unifund CCR Partners owns approximately $12 billion in charged-off debts, according to an interview of its principal executive officer in the Cincinnati Business Courier of September 3, 2007. Dan Monk, "Consumer debt? He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion."

> **ANSWER:** In addition to such information being confidential and proprietary, Defendants state that the amount that Unifund owns in charged-off debts varies day-to-day with its inventory; therefore, Defendants deny the allegations contained in paragraph 11 of the complaint.

12. Because of the minimal amount it pays for the charged-off debts, Unifund CCR Partners does not acquire documentation for each of the accounts, including in particular account agreements signed by the putative debtors.

> **ANSWER:** Defendants deny the allegations contained in paragraph 12 of the complaint and, answering further, Defendants additionally deny the Plaintiff's characterization of the amount that Unifund pays for any charged-off debts.

13. Defendant Unifund CCR Partners is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

> **ANSWER:** For purposes of this matter only, Defendants admit the allegations contained in paragraph 13 of the complaint.

14. Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund. It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242. As general partner, all acts of Unifund are chargeable to it.

> **ANSWER:** Defendants admit the allegations contained in paragraph 14 of the complaint except to state that its address is 10625, not 10635, Techwoods Circle, but deny the allegations about "chargeable" as legal conclusions.

15. Defendant ZB Limited Partnership is a limited partnership entity chartered under the laws of the State of Delaware and is a general partner of Unifund. Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808. As general partner, all acts of Unifund are chargeable to it.

> **ANSWER:** Defendants admit that ZB Limited Partnership is a limited partnership entity chartered under the law of Delaware and a general partner of Unifund. Answering further, Defendants state that ZB Limited Partnership operates from an address of 988 Fifth Avenue, 9th floor, New York, New York. Defendants deny the allegations about "chargeable" as legal conclusions.

16. Unifund CCR Partners regularly files lawsuits to attempt to collect the debts.

> **ANSWER:** Defendants state that Unifund places certain accounts with counsel and that counsel may file suit for collection as appropriate. Defendants deny any remaining allegations that Defendants do not specifically admit.

17. Unifund CCR Partners filed more than 500 lawsuits per month in the Circuit Court of Cook County alone during 2007. Others were filed in other Illinois counties.

> **ANSWER:** At this time, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint. Answering further, Defendants cannot truthfully admit or deny the allegations contained in paragraph 17 because discovery and investigation into this issue are currently still pending and, therefore, Defendants are currently without knowledge of the same.

## FACTS - GENERAL

18.    In January 2008, Unifund CCR Partners filed a lawsuit in DuPage County, Illinois, against plaintiff Cox to collect an alleged credit card debt, case no. 08 AR. 22.

> **ANSWER:**    Defendants admit that a collection lawsuit was filed, on behalf of Unifund, in DuPage County against Cox to collect a credit card debt, case no. 08 AR 22.

19.    Any such debt would have been incurred for personal, family or household purposes.

> **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint and therefore Defendants deny those allegations.

## FACTS - FALSE ACCOUNT STATED

20.    Unifund CCR Partners obtains no or virtually no documentation substantiating that the purported debtors actually owe any money to anyone. If it wanted such documentation, Unifund CCR Partners would have to pay more.

> **ANSWER:**    Defendants deny the allegations contained in paragraph 20 of the complaint.

21.    To make up for this self-created deficiency, Unifund CCR Partners resorts to fraud and misrepresentation.

> **ANSWER:**    Defendants deny the allegations contained in paragraph 21 of the complaint.

22.    Attached as Appendix A is a document which defendant Unifund CCR Partners regularly attaches to collection complaints filed in courts.

> **ANSWER:**    Defendants state that the document attached as Appendix A varies from debtor to debtor, but that certain elements included in those documents are the same as to each debtor. Defendants further state that those documents are attached to some collection complaints. Defendants deny any remaining allegations that Defendants do not specifically admit.

23. <u>Appendix A</u> is a standard form document, filled out in a standardized manner.

**ANSWER:** The term "form document" is vague and/or ambiguous and Plaintiff does not provide a definition for such term and, thus, Defendants cannot reasonably be required to frame an answer to this statement. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore Defendants deny those allegations. Without waiving, withdrawing, or contradicting their denial of the allegations in paragraph 23, Defendants state that the document in <u>Appendix A</u> varies from debtor to debtor, but that certain elements included in those documents are the same as to each debtor.

24. The particular example of the document in <u>Appendix A</u> was attached to the complaint filed in DuPage County, Illinois, against plaintiff Cox in January 2008, case no. 08 AR 22.

**ANSWER:** Defendants admit that the document attached to Plaintiff's complaint as <u>Appendix A</u> was attached to the collection complaint filed in DuPage County against Plaintiff Cox in January 2008, case no. 08 AR 22.

25. On information and belief more than 100 examples of the document have been attached to collection complaints.

**ANSWER:** The term "examples of the document" is vague and/or ambiguous and Plaintiff does not provide a definition for such term and, thus, Defendants cannot reasonably be required to frame an answer to this statement. The document in <u>Appendix A</u> varies from debtor to debtor. Defendants deny any remaining allegations Defendants do not specifically admit.

26. <u>Appendix A</u> is devised to appear to be a statement sent to the putative debtor in the ordinary course of business. For example, it states at the bottom, "To receive credit for payments as of the date of receipt, we must receive your check or money order at [address]."

**ANSWER:** Defendants deny the allegations contained in paragraph 26 of the complaint. Without waiving, withdrawing, or contradicting their denial of the allegations in paragraph 26, Defendants state that <u>Appendix A</u> speaks for itself.

27. In truth and in fact, Appendix A is not sent to putative debtors, except as an exhibit to a collection complaint.

> **ANSWER:** Defendants state that Appendix A was attached as an exhibit to the collection complaint against Plaintiff Cox. Defendants do not currently believe that Appendix A was sent to Cox before service of the collection complaint. Defendants deny any remaining allegations Defendants do not specifically admit.

28. Plaintiff never received Appendix A by mail.

> **ANSWER:** Defendants state that Appendix A was attached as an exhibit to the collection complaint against Plaintiff Cox. Defendants do not currently believe that Appendix A was sent to Cox before service of the collection complaint. Defendants deny any remaining allegations Defendants do not specifically admit.

29. The purpose and effect of Appendix A is to falsely represent that the document was sent to the putative debtor and not objected to.

> **ANSWER:** Defendants deny the allegations contained in paragraph 29 of the complaint.

## FACTS – TIME BARRED DEBTS

30. The alleged debt that was the subject of 08 AR 22 had been charged off more than eight years prior to filing.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore Defendants deny those allegations.

31. The complaint did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed.

> **ANSWER:** Defendants state that the collection complaint speaks for itself. Defendants deny each and every remaining allegation contained in paragraph 31.

32. No contract wholly in writing ever existed with respect to the alleged debt.

ANSWER: Defendants deny the allegations contained in paragraph 32 of the complaint. Answering further, Defendants state that whether a "contract wholly in writing ever existed" is a legal conclusion and a question of law and/or fact.

33. The debt was allegedly a credit card originated by First USA Bank.

ANSWER: Defendants admit that the collection complaint states that the account was issued under the name FIRST USA BANK NA. Defendants deny each and every remaining allegation contained in paragraph 33.

34. First USA Bank was headquartered in Delaware and its contracts were subject to Delaware law.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the complaint and therefore Defendants deny those allegations. Answering further, Defendants additionally deny that allegations about the contracts being "subject to Delaware law" as legal conclusions and questions of law and/or fact.

35. Under Delaware law, a credit card issuer may alter its contracts by notice, without obtaining the consumer's signature, assent constituting failing to object or continued use of the card.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the complaint and therefore Defendants deny those allegations. Answering further, Defendants additionally deny that allegations contained in paragraph 35 as legal conclusions and questions of law and/or fact.

36. The purported debt was barred by the five-year Illinois statute of limitations for contracts not wholly in writing.

ANSWER: Defendants deny the allegations contained in paragraph 36 of the complaint. Answering further the allegations contained in paragraph 36, Defendants additionally deny that Plaintiff fully or accurately characterized Illinois law.

37.  Unifund CCR Partners regularly sues Illinois residents for purported credit card debts on which both the charge-off date and the date of the last payment were more than five years previously, even though it does not have any written contract.

**ANSWER:** Defendants deny the allegations contained in paragraph 37 of the complaint.

38.  Plaintiff was forced to retain counsel to defend the lawsuit.

**ANSWER:** Defendants admit that Plaintiff Cox retained counsel. Defendants deny any remaining allegations that Defendants do not specifically admit.

39.  Unifund CCR Partners files lawsuits which it knows or should know are time-barred, hoping that the debtors will default. In a majority of instances, they do default.

**ANSWER:** Defendants deny the allegations contained in paragraph 39 of the complaint.

## COUNT I — FDCPA — FALSE ACCOUNT STATED

40.  Plaintiff incorporates paragraphs 1-29.

**ANSWER:** Defendants restate and reallege their answers and explanations provided in paragraphs 1 through 29, above.

41.  Appendix A and other documents in the same form that are attached to complaints but not otherwise sent to putative debtors violate the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer (§1692e(10)).

**ANSWER:** Defendants deny the allegations contained in paragraph 41 of the complaint.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## CLASS ALLEGATIONS

42. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:** Defendants admit Plaintiff has filed this claim on behalf of an alleged class. Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 42. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 42.

43. The class consists of (a) all natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 43. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 43.

44. The class is so numerous that joinder is impracticable.

**ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 44. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 44.

45. There are more than 50 natural persons with respect to whom defendant Unifund CCR Partners filed a lawsuit attaching a document in the form represented by <u>Appendix A</u>, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 45. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 45.

46. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Appendix A</u> violates the FDCPA.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 46. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 46.

47. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

> **ANSWER:** Defendants deny the allegations contained in paragraph 47 of the complaint. Furthermore, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 47.

48. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the complaint and therefore Defendants deny those allegations. Answering further, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 48.

> Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 48.

49. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 49. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 49.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

### COUNT II – FDCPA – TIME-BARRED DEBTS

50. Plaintiff incorporates paragraphs 1-19 and 30-39.

> **ANSWER:** Defendants restate and reallege their answers and explanations provided in paragraphs 1 through 19 and paragraphs 30 through 39, above.

51. Defendant violated the FDCPA, 15 U.S.C. §§1692e and 1692f, by filing suit against plaintiff and the members of the class on time-barred debts. Kimber v. Federal Financial Corp., 668 F. Supp. 1480 (M.D. Ala. 1987).

> **ANSWER:** Defendants deny the allegations contained in paragraph 51 of the complaint.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## CLASS ALLEGATIONS

52.  Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

> **ANSWER:** Defendants admit Plaintiff has filed this claim on behalf of an alleged class. Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 52. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 52.

53.  The class consists of (a) all individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after a date one year before the filing of this action and prior to a date 20 days after the filing of this action, and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 53. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 53.

54.  The class is so numerous that joinder of all members is not practicable.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 54. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 54.

55. On information and belief, there are more than 100 individuals with Illinois addresses, against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank, where both the date of charge-off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, and where the lawsuit was filed or served on or after a date one year prior to the filing of this action and prior to a date 20 days after filing of this action, and where defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 55. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 55.

56. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

> a. Whether defendant engages in a pattern of filing time-barred debts;
>
> b. Whether such practice violates the FDCPA.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 56. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 56.

57. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 57. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 57.

58. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the complaint and therefore Defendants deny those allegations. Answering further, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 58. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 58.

59. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

> **ANSWER:** Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 59. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 59.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials or other statements in its pleadings, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, state for their affirmative defenses to Plaintiff's Complaint:

16

## FIRST AFFIRMATIVE DEFENSE

For their first affirmative defense, Defendants state that Plaintiff fails to state a cause of action for a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## SECOND AFFIRMATIVE DEFENSE

For their second affirmative defense, Defendants state that neither the Plaintiff nor any alleged class member have suffered any actual damages as a result of the alleged acts and/or omissions of any of the Defendants.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## THIRD AFFIRMATIVE DEFENSE

For their third affirmative defense, Defendants state that Plaintiff failed to state a claim upon which relief may be granted under the FDCPA because Defendants did not commit any act or omission constituting an actual violation of the FDCPA in filing the collection complaint. Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC, 480 F.3d 470 (7th Cir. 2007).

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## FOURTH AFFIRMATIVE DEFENSE

For their fourth affirmative defense, Defendants state the collection action against Plaintiff Cox was based on a "written contract" or, alternatively, on "other evidences of indebtedness in writing." See 735 ILCS 5/13-206. Defendants state that the ten-year statute of limitations governed the underlying debt collection action.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## FIFTH AFFIRMATIVE DEFENSE

For their fifth affirmative defense, Defendants state that the collection complaint at issue was not "false, deceptive, or misleading within the meaning of the FDCPA." Alternatively, Defendants state that the alleged violations in no way exemplify the abusive behavior or false or misleading practices Congress had in mind in enacting the FDCPA. Also in the alternative, Defendants state that any alleged violation would not cause even an "unsophisticated consumer" to be confused or misled.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## SIXTH AFFIRMATIVE DEFENSE

For their sixth affirmative defense, Defendants state that pursuant to 15 U.S.C. § 1692k(c), "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably

adapted to avoid such error." On information and belief, if any FDCPA violation is found, that said violation was not intentional, resulted from a bona fide error, and that Defendant(s) maintained procedures reasonably adapted to avoid such an error.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

Respectfully submitted,

SWANSON, MARTIN & BELL LLP


/s/ Kathleen A. Kelley
One of the Attorneys for Unifund CCR Partners


Joseph P. Kincaid
Kathleen A. Kelley
SWANSON, MARTIN & BELL LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone – 312/321-9100
Facsimile – 312/321-0990