# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1005 | **DATE** | 6/11/2008 |
| **CASE TITLE** | Cox vs. Unifund CCR Partners et al. | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order, the Court denies without prejudice the parties' joint motion for a protective order. The parties shall file another motion within eleven days of this Minute Order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 229 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992).

In this case, the Court finds that the parties have not shown good cause to seal the information sought to be protected by the Protective Order. Therefore, the Court cannot enter it.

As an initial matter, the parties' definition of confidential information is far too broad. *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78. The language in ¶ 1 defines as confidential material any "trade secret or other confidential commercial information" or "business or financial information of a personal or non-public nature." This definition is far too broadly written and unworkable. Second, the parties fail to show as to any certain specific information, "the extent to which it is known outside the business; the extent to which it is known by employees and others involved in the business; the measures taken to guard the information's secrecy, the value of the information to the business or its competitors; the amount of time, money, and effort expended in the development of the information; and the ease or difficulty of duplicating or properly acquiring the information." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). Further, "[t]o establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements. *Id.* at 341 (quotations omitted). With respect to the claim of confidential business or financial information, this standard demands that the company prove that disclosure will result in a clearly defined and very serious injury to its business. *Id.* (quotations omitted).

Second, the Order, specifically ¶ 6 must be modified to state that entire pleadings must not be filed under seal, *see Union Oil*, 220 F.3d at 569, and that unsealed versions of any pleading (redacting only protected information) must be filed in addition to sealed unredacted versions.

Third, ¶ 3 of the Order should have explicitly stated that either a party *or an interested member of the public* may challenge the confidential designation. *See Citizens*, 178 F.3d at 946.

Fourth, ¶ 11 of the Order should be modified to exclude any confidential material filed with the Court because the Court strictly and fully enforces Local Rule 26.2(e).

Case 1:08-cv-01005   Document 39   Filed 06/11/2008   Page 2 of 2