IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, ) ) ) Plaintiff, ) ) v. ) ) UNIFUND CCR PARTNERS; ) CREDIT CARD RECEIVABLES ) FUND, INC., and ) ZB LIMITED PARTNERSHIP, ) ) Defendants. ) | Case No. 08 C 1005<br><br>Judge Guzman<br>Magistrate Judge Ashman |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDMENT (1) TO THE COMPLAINT AND (2) TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Paul Cox hereby respectfully moves this Court, pursuant Fed. R. Civ. Pro. 15(a), for leave to file an Amendment (1) to the Complaint and (2) to Plaintiff's Motion for Class Certification in this action. A copy of plaintiff's proposed Complaint with the Amendment is attached hereto as <u>Exhibit A</u> without the supporting exhibits, and plaintiff's proposed Motion for Class Certification with the Amendment is attached hereto as <u>Exhibit B</u> without the supporting exhibits. In support of his motion, plaintiff states as follows:

1. Mr. Cox filed this action on February 19, 2008 to secure redress from unlawful credit and collection practices engaged in by defendants Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB Limited Partnership. Plaintiff alleges multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Plaintiff's proposed amendment to the Complaint and Motion for Class Certification seeks to amend the class definition stated in Count II of the Complaint.

3. The class definition as stated in Count II of the Complaint reads: (a) all individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after a date one year before the filing of this action and prior to a date 20 days after the filing of this action, and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

4. Plaintiff seeks an Amendment to the class definition in Count II as follows: (a) all individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after a date one year before the filing of this action and prior to a date 20 days after the filing of this action, and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor. *For purposes of the class definition, the date of last payment does not include payment preceded by a collection lawsuit or a threat of suit by Defendants.* (Emphasis added).

5. This motion is timely. Discovery in this case is still in its on-going. Plaintiff served his first set of discovery requests on defendants' counsel on March 21, 2008. Plaintiff also served defendant with notices of depositions on June 4, 2008 and issued subpoenas for depositions on June 5, 2008. Therefore, the granting of this motion will not significantly delay or prolong discovery or any final disposition in this case.

4. The minor, proposed changes would not cause any prejudice to any defendant.

See <u>Johnson v. Oroweat Foods</u>, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial);  <u>Hely & Patterson Intern v. F.D. Rich Housing</u>, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); <u>Head v. Timken Roller Bearing Co.</u>, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

       5. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so.  <u>Espey v. Wainwright</u>, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); <u>Dussouy v. Gulf Coast Investment Corp.</u>, 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiff respectfully requests that this Court enter an Order (A) granting his Motion for Leave to File an Amendment (1) to the Complaint and (2) to Plaintiff's Motion for Class Certification, and (B) granting any further or other relief that the Court deems just.

                                      Respectfully Submitted,

                                      <u>s/Tiffany N. Hardy</u>
                                      Tiffany N. Hardy

Daniel A. Edelman

Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
         & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL   60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on June 18, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:

Joseph P. Kincaid
jkincaid@smbtrials.com

Kathleen A. Kelley
kkelley@smbtrials.com

s/ Tiffany N. Hardy
Tiffany N. Hardy