EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN  DIVISION**

| | | |
|---|---|---|
| PAUL COX,   individually and on behalf of the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 1005 |
| v. | ) ) ) | Judge Guzman<br>Magistrate Judge Ashman |
| UNIFUND CCR PARTNERS;<br>CREDIT CARD RECEIVABLES<br>     FUND, INC.,  and<br>ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Paul Cox brings this action to secure redress against unlawful credit and collection practices engaged in by defendant Unifund CCR Partners.   Also sued are the two general partners of Unifund.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").    The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15  U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15

1

U.S.C. §1692k (FDCPA).

4.      Venue and personal jurisdiction over defendants in this District is proper because defendant Unifund CCR Partners' conduct occurred here, and defendant Unifund CCR Partners does or transacts business here.  Such contacts are attributable to the general partners of Unifund as well.

## PARTIES

5.      Plaintiff Paul Cox is an individual who resides in the Northern District of Illinois.

6.      Defendant Unifund CCR Partners ("Unifund") is a general partnership which  is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

7.      Unifund CCR Partners operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

8.      Unifund CCR Partners pays an average of less than ten cents on the dollar for the debts it purchases.

9.      More than 50% of the debts purchased by Unifund CCR Partners are credit card debts.

10.      According to an interview of Unifund's principal executive officer in the Cincinnati Enquirer, Nov. 23, 2004, Unifund pays four to ten cents on the dollar for debts and recovers an average of 20 cents on the dollar.

11.      Unifund CCR Partners owns approximately $12 billion in charged-off debts, according to an interview of its principal executive officer in the Cincinnati Business

2

Courier of September 3, 2007. Dan Monk, "Consumer debt? He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion."

12.     Because of the minimal amount it pays for the charged-off debts, Unifund CCR Partners does not acquire documentation for each of the accounts, including in particular account agreements signed by the putative debtors.

13.     Defendant Unifund CCR Partners is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund. It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242. As general partner, all acts of Unifund are chargeable to it.

15.     Defendant ZB Limited Partnership is a limited partnership entity chartered under the laws of the State of Delaware and is a general partner of Unifund. Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808. As general partner, all acts of Unifund are chargeable to it.

16.     Unifund CCR Partners regularly files lawsuits to attempt to collect the debts.

17.     Unifund CCR Partners filed more than 500 lawsuits per month in the Circuit Court of Cook County alone during 2007. Others were filed in other Illinois counties.

## FACTS – GENERAL

18.     In January 2008, Unifund CCR Partners filed a lawsuit in DuPage County, Illinois, against plaintiff Cox to collect an alleged credit card debt, case no. 08 AR 22.

3

19.     Any such debt would have been incurred for personal, family or household purposes.

## FACTS  – FALSE ACCOUNT STATED

20.     Unifund CCR Partners obtains no or virtually no documentation substantiating that the purported debtors actually owe any money to anyone.  If it wanted such documentation, Unifund CCR Partners would have to pay more.

21.     To make up for this self-created deficiency, Unifund CCR Partners resorts to fraud and misrepresentation.

22.     Attached as Appendix A is a document which defendant Unifund CCR Partners regularly attaches to collection complaints filed in courts.

23.     Appendix A is a standard form document, filled out in a standardized manner.

24.     The particular example of the document in Appendix A was attached to the complaint filed in DuPage County, Illinois, against plaintiff Cox in January 2008, case no. 08 AR 22.

25.     On information and belief more than 100 examples of the document have been attached to collection complaints.

26.     Appendix A is devised to appear to be a statement sent to the  putative debtor in the ordinary course of business.  For example, it states at the bottom, "To receive credit for payments as of the date of receipt, we must receive your check or money order at [address]."

27.     In truth and in fact, Appendix A is not sent to putative debtors,  except as an exhibit to a collection complaint.

4

28.     Plaintiff never received Appendix A by mail.

29.     The purpose and effect of Appendix A is to falsely represent that the document was sent to the putative debtor and not objected to.

### FACTS – TIME BARRED DEBTS

30.     The alleged debt that was the subject of 08 AR 22 had been charged off more than eight years prior to filing.

31.     The complaint did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed.

32.     No contract wholly in writing ever existed with respect to the alleged debt.

33.     The debt was allegedly a credit card originated by First USA Bank.

34.     First USA Bank was headquartered in Delaware and its contracts were subject to Delaware law.

35.     Under Delaware law, a credit card issuer may alter its contracts by notice, without obtaining the consumer's signature, assent constituting failing to object or continued use of the card.

36.     The purported debt was barred by the five-year Illinois statute of limitations for contracts not wholly in writing.

37.     Unifund CCR Partners  regularly sues Illinois residents for purported credit card debts on which both the charge-off date and the date of the last payment were more than five years previously, even though it does not have any written contract.

38.     Plaintiff was forced to retain counsel to defend the lawsuit.

39.     Unifund CCR Partners files lawsuits which it knows or should know

5

are time-barred, hoping that the debtors will default. In a majority of instances, they do default.

## COUNT I – FDCPA – FALSE ACCOUNT STATED

40.      Plaintiff incorporates paragraphs 1-29.

41.      Appendix A and other documents in the same form that are attached to complaints but not otherwise sent to putative debtors violate the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer (§1692e(10)).

## CLASS ALLEGATIONS

42.      Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

43.      The class consists of (a) all natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

44.      The class is so numerous that joinder is impracticable.

45.      There are more than 50 natural persons with respect to whom defendant Unifund CCR Partners filed a lawsuit attaching a document in the form represented by Appendix A, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action

and ending 20 days after the filing of this action.

46.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Appendix A violates the FDCPA.

47.     Plaintiff's claim is typical of the claims of the class members.  All are based  on the same factual and legal theories.

48.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other or further relief as the Court deems proper.

## COUNT II  – FDCPA  – TIME-BARRED DEBTS

50.     Plaintiff incorporates paragraphs 1-19 and 30-39.

51.     Defendant violated  the FDCPA, 15 U.S.C. §§1692e and 1692f, by filing suit against plaintiff and the members of the class on time-barred debts.  Kimber v. Federal Financial Corp., 668 F. Supp. 1480 (M.D. Ala. 1987).

## CLASS ALLEGATIONS

52.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53.    The class consists of (a) all individuals with Illinois addresses, (b) against whom defendant  filed  suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing,  (d) where the lawsuit was filed or served on or after a date one year before the filing of this action and prior to a date 20 days after the filing of this action, and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor. For purposes of the class definition, the date of last payment does not include payment preceded by a collection lawsuit or a threat of suit by Defendants.

54.    The class is so numerous that joinder of all members is not practicable.

55.    On information and belief, there are more than 100  individuals with Illinois addresses, against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank, where both the date of charge-off and the date of last payment, as shown by defendant's records,  were more than five years prior to the date of filing, and where the lawsuit was filed or served on or after a date one year prior to the filing of this action and prior to a date 20 days after filing of this action, and where defendant did not attach to the compliant a written contract signed by both the original creditor and the putative debtor.

56.    There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The

predominant common questions are:

      a.    Whether defendant engages in a pattern of filing time-barred debts;

      b.    Whether such practice violates the FDCPA.

      57.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

      58.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

      59.    A class action is superior for the fair and efficient adjudication of this matter,  in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

      c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

      WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

      (1)    Statutory damages;

      (2)    Attorney's fees, litigation expenses and costs of suit;

      (3)    Such other and further relief as the Court deems proper.

      s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman

9

Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


## JURY DEMAND

      Plaintiff demands trial by jury.


                    s/ Daniel A. Edelman
                    Daniel A. Edelman

## <u>NOTICE OF LIEN</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20847\Pleading\Complaint w_ Amendment_Pleading.WPD

11