# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, ) ) | 08-C-1005 |
| ) | |
| Plaintiff, ) ) | Judge Guzman |
| ) | Magistrate Judge |
| v. ) ) | |
| UNIFUND CCR PARTNERS; ) CREDIT CARD RECEIVABLES ) FUND, INC., and ) ZB LIMITED PARTNERSHIP, ) ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB Limited Partnership.

Plaintiff seeks to certify two classes, defined as follows:

**Count I:** (a) all natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**Count II:** (a) all individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after a date one

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

year before the filing of this action and prior to a date 20 days after the filing of this action, and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor. For purposes of the class definition, the date of last payment does not include payment preceded by a collection lawsuit or a threat of suit by Defendants.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. This case arises out of a lawsuit filed in DuPage County, Illinois, by Unifund CCR Partners in January 2008, against plaintiff Cox to collect an alleged credit card debt, case no. 08 AR 22. Any such debt would have been incurred for personal, family or household purposes. Attached to the compliant filed against plaintiff is a document which defendant Unifund CCR Partners regularly attaches to collection complaints filed in courts. (Appendix A).Appendix A is a standard form document, filled out in a standardized manner.

2. Appendix A is devised to appear to be a statement sent to the putative debtor in the ordinary course of business. For example, it states at the bottom, "To receive credit for payments as of the date of receipt, we must receive your check or money order at [address]." In truth and in fact, Appendix A is not sent to putative debtors, except as an exhibit to a collection complaint. Plaintiff never received Appendix A by mail. The purpose and effect of Appendix A is to falsely represent that the document was sent to the putative debtor and not objected to.

3. The alleged debt that was the subject of 08 AR 22 had been charged off more than eight years prior to filing. The complaint did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed. No contract wholly in writing ever existed with respect to the alleged debt.

4.      The purported debt was barred by the five-year Illinois statute of limitations for contracts not wholly in writing. Unifund CCR Partners regularly sues Illinois residents for purported credit card debts on which both the charge-off date and the date of the last payment were more than five years previously, even though it does not have any written contract. Plaintiff was forced to retain counsel to defend the lawsuit. Unifund CCR Partners files lawsuits which it knows or should know are time-barred, hoping that the debtors will default. In a majority of instances, they do default.

5.      If the statute of limitations bars a claim by an assignor, it also bars a claim by a private (non-governmental) assignee. Greene v. Taylor, 132 U.S. 415, 443 (1889). "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." John O. Schofield, Inc. v. Nikkel, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." Klehm v. Grecian Chalet, Ltd., 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. Coryell v. Klehm, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

6.      It is also well established that filing or threatening suits on time-barred debts is both unfair and deceptive, and violates the FDCPA, 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f. Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D.Ala. 1987); Baptist v. Global Holding & Inv. Co., 04-CV-2365 (DGT), 2007 U.S. Dist. LEXIS 49476 (E.D.N.Y., July 9, 2007); Goins v. JBC & Assocs., P.C., 352 F. Supp. 2d 262, 272 (D.Conn. 2005); Stepney v. Outsourcing Solutions, 97 C 5288, 1997 U.S. Dist. LEXIS 18264, 1997 WL 722972, at *5 (N.D.Ill. Nov. 13, 1997).

**CLASS CERTIFICATION REQUIREMENTS**

7.      All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

8.      Each class is so numerous that joinder of all members is impractical. With

respect to the Appendix A claim, it is reasonable to infer numerosity based on the following:

    a.    Appendix A is a standard form document, filled out in a standardized manner.

    b.    Unifund CCR Partners filed more than 500 lawsuits per month in the Circuit Court of Cook County alone during 2007. Others were filed in other Illinois counties.

    c.    Since December 27, 2007, Unifund CCR Partners has filed over 1000 complaint in the Circuit Court of Cook County, Illinois. Appendix B.

    d.    On information and belief more than 100 examples of the document have been attached to collection complaints.

9.    With respect to the time-barred debt claim, it is reasonable to infer numerosity based on the following:

    a.    Unifund CCR Partners owns approximately $12 billion in charged-off debts, according to an interview of its principal executive officer in the Cincinnati Business Courier of September 3, 2007. Dan Monk, "Consumer debt? He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion."

    b.    The limitations violation at issue represents Unifund CCR Partners' standard procedure. Unifund CCR Partners obtains no or virtually no documentation substantiating that the purported debtors actually owe any money to anyone. If it wanted such documentation, Unifund CCR Partners would have to pay more.

10.    Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

11.    There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are: 1) whether the use of Appendix A as an attachment to Unifund CCR Partners' complaints without being sent to consumers prior to suit is a violation of the FDCPA, and 2) whether the filing of time-barred lawsuits is an unfair or deceptive practice in violation of

the FDCPA.

   12. The only individual issue is the identification of the class members, a matter capable of ministerial determination from defendants' records and court files.

   13. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

   14. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (<u>Appendix C</u>) Plaintiff's counsel have sufficient resources to insure the vigorous prosecution of this action in the interests of the class members.

   15. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    b. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

    c. Consumers are unlikely to recognize the violation, as it requires familiarity with the federal Communications Act.

    d. The practice causes substantial injury to the public.

    e. A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

   16. In further support of this motion, plaintiff submits the accompanying memorandum of law.

   17. Plaintiff is filing this motion at this early time because of the decision in <u>White v. Humana Health Plan, Inc.</u>, 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

   WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

                                                    Respectfully submitted,

                                                    <u>s/Daniel A. Edelman</u>
                                                    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20847\Pleading\P's Motion for Class Cert w_ Amendment_Pleading.wpd