### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, | ) ) ) | 08-cv-1005 |
| Plaintiff, | ) ) ) | Judge Guzman |
| | ) | Magistrate Judge Ashman |
| v. | ) ) | |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

Plaintiff, Paul Cox, hereby requests that this Court enter an order compelling the Defendants to provide accurate responses to Plaintiff's discovery Requests regarding the mailing of <u>Appendix A</u>.

In support of this motion, Plaintiff states as follows:

1. On February 25, 2008 Plaintiff filed a motion for certification of two classes. Plaintiff first class ("Class A") is defined as (a) all natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

2. Attached as <u>Appendix A</u> is a document which defendant Unifund CCR

1

Partners regularly attaches to collection complaints filed in courts.

    3.    <u>Appendix A</u> is a standard form document, filled out in a standardized manner.

    4.    <u>Appendix A</u> looks like a statement of account sent to the putative debtor in the ordinary course of business, which if not responded to creates an account stated. Plaintiff alleges that Defendants never actually sent the statement to debtors in advance of a complaint being filed.

    5.    Plaintiff issued written discovery on March 21, 2008.

    6.    On April 21, 2008 Defendants served Plaintiff's solely with their responses to Plaintiff's Request for Admissions.

    7.    Plaintiff's Request for Admission no. 19 reads "Defendants never sent <u>Appendix A</u> to Plaintiff by mail."

    8.    Defendants response to Plaintiff's Request for Admission reads "Defendant states that <u>Appendix A</u> was attached as an exhibit to the collection complaint against Plaintiff Cox. Answering further, Defendant cannot truthfully admit or deny this request for admission because discovery and investigation into this issue are currently still pending and, therefore Defendant is currently without knowledge of the same. Therefore, Defendant denies all allegations that it does not specifically admit. " (<u>Appendix B</u>).

    9.    Plaintiff's Request for Admission no. 26 reads "There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March

10, 2008 (a date 20 days after the filing of this action)."

10.     Defendants' response to Plaintiff's Request for Admission no. 26 provides "Defendant cannot truthfully admit or deny this request for admission because discovery an investigation into this issue are currently still pending and, therefore Defendant is currently without knowledge of the same.  Therefore, Defendant denies all allegations that it does not specifically admit." (Appendix B).

11.     Defendant answered Plaintiff's other discovery requests related to whether the Defendants mailed Appendix A to a debtor prior to filing a collection suit in the same fashion. (See Appendix B RFA No.18; Appendix C Interrogatory No. 4)

12.     Defendant's response that it is unable to truthfully admit or deny whether Appendix A is ever sent to debtors by mail is wholly inconsistent with it response to Request for Admission No. 18 wherein Unifund denies that "Appendix A is not sent to putative debtors, except as an exhibit to a collection complaint. "

13.     Plaintiff's counsel, Tiffany N. Hardy and Defendants' counsel Kathleen Kelley conferred pursuant to Rule 37.1 on June 9, 2008 and June 16, 2008 regarding Defendants' discovery responses.

14.     On June 17, 2008 Ms. Kelley served Ms. Hardy with Defendants' supplemental discovery responses.

15.     Defendant's supplemental response to Request to Admit No. 26 reads "Defendant admits that there are at least 40 (a) natural persons (b) with respect to whom Defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (e) where the lawsuit as [sic] filed or served during a period beginning on February 19, 2007 (a

3

date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action). Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of suit. Therefore Defendant denies all allegations that it does not specifically admit. " (Appendix D).

16. Defendants have advised Plaintiff how many times a documents similar to Appendix A was attached to a collection complaint. However, Defendants have not provided any information regarding the number of instances a document similar to Appendix A was sent to putative class members prior to filing of a collection suit, or whether a document similar to Appendix A was ever in fact sent to putative debtors prior the filing of a collection action.

17. Plaintiff objects to Defendant, Unifund's response as unresponsive and inaccurate.

18. A deposition of Jeffrey Shaffer taken in *Goray v. Unifund CCR Partners*, 06-00214 HG/LEK a case filed in the U.S. District Court for the District of Hawaii indicates that Unifund itself does not send letters similar to Appendix A to debtors. (Appendix E Shaffer Dep. p.22 lines 8-22; p. 24 lines 1-14; p. 44-45 lines18-17).

19. Unifund just sends documents in response to requests by debtors. (Appendix E Shaffer Dep. p.22 lines 18-22)

20. Unifund is knowledgeable as to whether it actually sent a document in the form of Appendix A to debtors prior to filing suit.

21. Further, the knowledge of the Defendants' collection counsel is imputed to the Defendants. *Smith v. Johnson*, 662 N.E.2d 531, 535 (Ill. App. 1st Dist. 1996)

22. A review of numerous state court complaint filed in Illinois on behalf of Unifund reveals that Blitt & Gaines, PC is Unifund's sole collection counsel for this jurisdiction.

23. Defendants have ample time to complete their discovery and investigation regarding whether a letter similar to Appendix A was sent to debtors prior to filing suit.

WHEREFORE, Plaintiff respectfully requests that this court enter an order compelling the Defendant Unifund CCR Partners to provide accurate responses to all of Plaintiff's discovery requests regarding the number of instances a document similar to Appendix A was sent to putative class members prior to filing of a collection suit, or whether a document similar to Appendix A was ever in fact sent to putative debtors prior the filing of a collection action.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

I, Tiffany N. Hardy, hereby certify that on June 20, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:

Joseph P. Kincaid
jkincaid@smbtrials.com

Kathleen A. Kelley
kkelley@smbtrials.com

                                                   s/ Tiffany N. Hardy
                                                   Tiffany N. Hardy