# APPENDIX C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL COX, individually and on behalf of the classes defined herein,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNIFUND CCR PARTNERS;  )<br>CREDIT CARD RECEIVABLES  )<br>FUND, INC., and  )<br>ZB LIMITED PARTNERSHIP,  )<br>)<br>Defendants.  ) | No. 08C 1005 |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. ("CCRF"), and ZB Limited Partnership ("ZBLP"), hereby submit their answers to the Plaintiff's Interrogatories and Requests for Production of Documents as follows:

**INTERROGATORIES**

1. State the name, address, title and job description of each person with defendant or any of its affiliates who was involved in authorizing or approving the filing of a lawsuit against the plaintiff.

   **RESPONSE:** Defendants object to this interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further objects to the extent that such information is privileged under the attorney-client and work-product privileges.

   Without waiving the foregoing objections, Kim Kenney, Customer Service Media Manager for Unifund CCR Partners and Jeffrey Shaffer, Vice President, Legal Operations for Unifund CCR Partners, 10625 Techwoods Circle, Cincinnati, OH 45242. In addition, Jan Gaines and Fred Blitt from Blitt & Gaines, P.C., 661 Glenn Avenue, Wheeling, Illinois, 60090.

2. State the name, address, title and job description of each person with defendant or any of its affiliates who authorized, approved, or was involved in preparing or mailing out documents similar to Appendix A.

   **RESPONSE:** Defendants object to this interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges.

   Without waiving the foregoing objections, Kim Kenney, Legal Coordinator for Unifund CCR Partners, and Jeffrey Shaffer, Vice President, Legal Operations for Unifund CCR Partners, 10625 Techwoods Circle, Cincinnati, OH 45242. In addition, Jan Gaines and Fred Blitt from Blitt & Gaines, P.C., 661 Glenn Avenue, Wheeling, Illinois, 60090.

3. State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computers can determine (a) charge off dates, or (b) dates of filing of law suits, or (c) date of last activity.

   **RESPONSE:** Defendants object that this interrogatory is overly broad, unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this information is proprietary business information. Without waiving the foregoing objections, Defendant Unifund utilizes a computer system which – *after viewing several different screens of the system* – can identify and track certain account information applicable to certain debtors.

4. State whether your computer can determine the number of instances in which an account statement similar to Appendix A was mailed to putative debtors.

   **RESPONSE:** Defendants object that this interrogatory is overly broad, unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this information is proprietary business information. Without waiving the foregoing objections, Defendants respond that their computer cannot determine the number of instances that an account statement similar to Appendix A was mailed to putative debtors.

5. State whether your computer can determine the number of instances in which an account statement similar to Appendix A was attached to collection complaints filed in Illinois.

**RESPONSE:** Defendants object that this interrogatory is overly broad, unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this information is proprietary business information. Without waiving the foregoing objections, Defendants respond that their computer cannot determine the number of instances in which an account statement similar to Appendix A was attached to collection complaints filed in Illinois.

6. Identify all claims and complaints (including pleadings and correspondence) you have received alleging that envelopes similar to Appendix A sent to debtors violates the FDCPA or state laws regulating debt collection.

**RESPONSE:** Defendants object to this interrogatory because it is overly broad, unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7. State the number, name, address for each (a) natural person (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action). Please produce this information in Microsoft Excel or a similar format, if possible.

**RESPONSE:** Defendants object to the extent that this interrogatory calls for documents which are not in the custody or control of this defendant, such as documents within the custody of other entities.

Without waiving the foregoing objection, the Defendant Unifund and Blitt & Gaines are currently working together to produce a sampling of these documents to the Plaintiff. The answer to this interrogatory will be derived from these aforementioned documents, which will afford the

        Plaintiff a reasonable opportunity to examine and inspect such records and to make copies and a compilation of such records.  The burden of compiling such information into an Excel sheet (or similar compilation) is substantially the same for the Plaintiff as for the Defendants.  Therefore, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state the Plaintiff can compile such an Excel sheet or other compilation from the records that Blitt & Gaines will produce to Plaintiff.

8.     State the number, name, address for each (a) individual with an Illinois address, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

    **RESPONSE:** See responses and objections to Answer No. 7 above.

9.     If you contend that any of the persons who are described in the preceding two interrogatories incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

    **RESPONSE:** Defendant objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the foregoing objections, Defendant does not currently contend that any of the persons described in interrogatories 7 and 8 incurred the debts sought to be collected for business purposes, but states that, upon further research, investigation, and review of the files, Defendant reserves the right to make this contention upon learning such information.

10. State the net worth of each defendant and whether its financial statements are audited. If defendants' financial statements are not audited, identify all credit applications and financial statements issued or submitted by defendant in the last 3 years.

> **RESPONSE:** Defendants object to this interrogatory as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order.

11. Identify all trade associations relating to debt collection to which you belong, including but not limited to the Debt Buyers Association.

> **RESPONSE:** Defendant objects to this interrogatory because it is overly broad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12. List all publications and periodicals relating to debt collection which you subscribe to or receive on a regular basis.

> **RESPONSE:** Defendants object to this interrogatory as the term "you" is vague and undefined. Defendants further object to this interrogatory because it is overly broad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request seeks information protected by the work product doctrine. Without waiving the foregoing objections, Defendant Unifund refers Plaintiff to the enclosed ACA training materials. Defendants further state that discovery and investigation are ongoing, and Defendants will supplement their response to this interrogatory, if necessary, in compliance with the rules of discovery and the court's orders.

13. Identify all entities that are under common ownership with defendant Unifund that have anything to do with the servicing, purchasing, selling, or filing suit on First USA Bank debts owned by Unifund.

> **RESPONSE:** Defendants object to the term "common ownership" as vague and undefined. Defendants further object to this interrogatory as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order.

14. Explain the basis for your claim that any violation alleged in the complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

> **RESPONSE:** Discovery and investigation regarding this issue are ongoing and Defendants will supplement their response to this interrogatory, if necessary, in compliance with the rules of discovery and the Court's orders. Notwithstanding, Unifund retains qualified counsel and relies on its counsel to make appropriate filings in compliance with law.

15. With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

> **RESPONSE:** Unknown at this time. Discovery and investigation into such matters are ongoing and Defendants will supplement their response to this interrogatory, if necessary, in compliance with the rules of discovery and the Court's orders. Defendants further reserve the right to call all persons referenced in the exhibits attached to plaintiff's complaint (including attachments) and those referenced in all parties' Rule 26(a)(1) disclosures.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents transmitted to plaintiff by defendants with respect to the alleged debt of plaintiff.

> **RESPONSE:** Defendant Unifund refers Plaintiff to the demand letters, if any, that are in the Plaintiff's possession. Also, Defendant Unifund refers Plaintiff to the underlying debt collection complaints, including the exhibits attached to those complaints (the affidavit and statements of account), that were served on the plaintiff (copies of which are attached as exhibits to the Plaintiff's federal Complaint).

2. All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

> **RESPONSE:** Defendants object to this request in that such information is overly broad and unduly burdensome. Defendants further object to the extent that such information seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges, or constitutes confidential business information. Without waiving the foregoing objections, Defendant Unifund will produce any responsive documents, after an adequate protective order is entered for this matter to assure the protection of Defendants' proprietary and/or confidential documents and information.

3. All of defendants' account notes relating to plaintiff.

> **RESPONSE:** Defendants object to this request in that such information is overly broad and unduly burdensome. Defendants further object to the extent that such information seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges, or constitutes confidential business information. Without waiving the foregoing objections, Defendant Unifund will produce any responsive documents, after an adequate protective order is entered for this matter to assure the protection of Defendants' proprietary and/or confidential documents and information.

4. All documents purporting to transfer any interest in the alleged debt of plaintiff, including assignments and sales agreements.

> **RESPONSE:** Defendants object to the extent that such information constitutes confidential business information. Without waiving the foregoing objections, Defendant Unifund will produce any responsive documents, after an adequate protective order is entered for this matter to assure the protection of Defendants' proprietary and/or confidential documents and information.

5. All communications between defendants and their attorneys who filed complaints in state court for them that relate in any way to defendants' claim that its violation was the result of a bona fide error.

**RESPONSE:** Defendants object to the extent that such information is privileged under the attorney-client and work-product privileges, or constitutes confidential business information. Without waiving the forgoing objection, Defendants state that discovery and investigation are ongoing and Defendants will supplement their response to this request to produce, if necessary, in compliance with the rules of discovery and the court's orders.

6. All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA.

**RESPONSE:** Defendants object to the extent this request seeks documents protected by the attorney-client privilege or work product doctrine. Without waiver of the foregoing objections, Defendants state that discovery and investigations are ongoing and Defendants will supplement their response to this request to produce, if necessary, in compliance with the rules of discovery and the court's orders. Unifund refers Plaintiff to the enclosed ACA training materials.

7. All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to filing of lawsuits on First USA Bank credit card debts, or credit card debts generally.

**RESPONSE:** Defendants object because this request is vague, ambiguous, overly broad, and such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges. Without waiving the foregoing objections, see answer and objections to Request No. 6 above.

8. All manuals, memoranda, instructions, and other documents referring to the statute of limitations on credit card debts.

>   **RESPONSE:** Defendants object because this request is vague, ambiguous, overly broad, and such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges. Without waiving the foregoing objections, <u>see</u> answer and objections to Request No. 6 above.

9. All documents relating to any complaint, criticism or inquiry, by any person, concerning defendants' compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities.

>   **RESPONSE:** Defendants object to this request because such request is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10. All documents (irrespective of date) that discuss or relate to defendants' compliance or lack of compliance with the FDCPA through filing lawsuits on time-barred debts.

>   **RESPONSE:** Defendants object to the extent that such information is privileged under the attorney-client and work-product privileges. Defendants further object to this request because such request is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11. All organizational charts of defendants.

>   **RESPONSE:** Defendants object to the extent that such request is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to such information as confidential business information requiring, at a minimum, an adequate protective order.

12. All agreements authorizing you to conduct collection activities with respect to plaintiff.

>   **RESPONSE:** Defendants object to the extent that such information constitutes confidential business information. Without waiving the foregoing objections, Defendant Unifund will produce any responsive documents, after an adequate protective order is entered for this matter to assure the protection of Defendants' proprietary and/or confidential documents and information.

13. All documents relating to the maintenance by defendants or procedures adapted to avoid violations of the FDCPA through the filing of law suits on time-barred debts or related violations of the Fair Debt Collection Practices Act.

    **RESPONSE:** Defendants object because this request is vague, ambiguous, overly broad, and such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges. Without waiving the foregoing objections, see answer and objections to Request No. 6 above.

14. All documents setting forth defendants' document destruction and retention policies.

    **RESPONSE:** Defendants object because this request is vague, ambiguous, and overly broad. Furthermore, such information is not relevant to the subject matter of this litigation.

15. Defendants' annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

    **RESPONSE:** Defendants object to the extent that such request is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that such information is confidential business information requiring, at a minimum, an adequate protective order.

16. All credit applications or financial statements defendants issued within the last 3 years.

    **RESPONSE:** See objections to Request No. 15.

17. All proposals and bids defendants submitted to governmental agencies which describe defendants' business.

    **RESPONSE:** See objections to Request No. 15.

18. One copy of each different form letter defendants directly or through an agent send to debtors that mentions filing a lawsuit.

>    **RESPONSE:** Defendants object to the extent that such request is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the term "form letter" is vague and not defined by the Plaintiff. Without waiving the foregoing objections, Defendants state that the underlying debt collection complaint and attached affidavit and "Statement" vary from debtor to debtor, but that certain elements included in those documents are the same as to each debtor.

19.    The complete file, including but not limited to computer information, for all (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

>    **RESPONSE:** Defendants object to the extent that such request is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges, or constitutes confidential business information and other information that is protected by privacy considerations. Without waiving the foregoing objections, once Unifund receives the sampling collection complaints from Blitt & Gaines, Unifund will produce responsive documents for the sampling, after an adequate protective order is entered for this matter to assure the protection of Defendants' proprietary and/or confidential documents and information.

20.    The complete file, including but not limited to computer information, for all (a) individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the

original creditor and the putative debtor.

>**RESPONSE:** Defendants object to the extent that such request is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work-product privileges, or constitutes confidential business information and other information that is protected by privacy considerations. Without waiving the foregoing objections, once Unifund receives the sampling collection complaints from Blitt & Gaines, Unifund will produce responsive documents for the sampling, after an adequate protective order is entered for this matter to assure the protection of Defendants' proprietary and/or confidential documents and information.

                                    **Swanson, Martin & Bell, LLP**


                                    ____/s/  Kathleen A. Kelley_____
                                    One of the Attorneys for Defendants


Joseph P. Kincaid
Kathleen A. Kelley
Swanson, Martin, & Bell, LLP
330 N. Wabash Street, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100
Fax: (312) 321-0990

# CERTIFICATE OF SERVICE

I, Kathleen A. Kelley, certify that I served this document (Defendants' Answers to Plaintiff's First Interrogatories and Requests to Produce) upon the following:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
FAX: (312) 419-0379

via email and regular U.S. mail, proper postage prepaid, from the offices of Swanson, Martin & Bell, LLP, 330 N. Wabash, Suite 3300, Chicago, IL 60611 this 4th day of June, 2008.

                        ___/s/ Kathleen A. Kelley_____

[x]   Under penalties as provided by law, I certify that the statements set forth herein are true and correct.