# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1005 | **DATE** | 6/26/2008 |
| **CASE TITLE** | Cox vs. Unifund CCR Partners et al. | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order (and for many of the same reasons provided in its Minute Order of 6/11/08), the Court strikes the parties' jointly filed protective order against unauthorized use or disclosure of confidential information. The parties shall file another motion within eleven days of this Minute Order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 229 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992).

In this case, the Court finds that the parties have failed again to show good cause to seal the information sought to be protected by the Protective Order. Therefore, the Court cannot enter it.

As an initial matter, the parties' definition of confidential information is far too broad. *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78. The Court strikes the phrase "This includes, but is not limited to:" in ¶ 1. A newly drafted version should state precisely what materials are included and should be limited to those materials. Further, the parties have not explained why any of the particular listed materials should be treated as confidential. Again, the parties fail to show as to any certain specific information, "the extent to which it is known outside the business; the extent to which it is known by employees and others involved in the business; the measures taken to guard the information's secrecy, the value of the information to the business or its competitors; the amount of time, money, and effort expended in the development of the information; and the ease or difficulty of duplicating or properly acquiring the information." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). Further, "[t]o establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements. *Id.* at 341 (quotations omitted). With respect to the claim of confidential business or financial information, this standard demands that the company prove that disclosure will result in a clearly defined and very serious injury to its business. *Id.* (quotations omitted). The parties in this case have merely paid lip service to these requirements.

Second, the Order, specifically ¶ 6 must be modified to state that entire pleadings must not be filed under seal, *see Union Oil*, 220 F.3d at 569, and that unsealed versions of any pleading (redacting only protected information) must be filed *in addition to sealed unredacted versions*. Anything containing confidential materials must be filed officially with the Court and not in chambers.

The parties shall file a second amended protective order within eleven days of the date of this Minute Order.