IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, | ) )  08-C-1005 |
| Plaintiff, | ) ) Judge Guzman ) Magistrate Judge Ashman |
| v. | ) ) |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) |
| Defendants. | ) |

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

    **1.**    Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 9 associates.

    **2.**    **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Payday Loans: Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection: The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law

Institute (1996); author of Automobile Leasing: Problems and Solutions, 7 Loy.Consumer L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of Illinois Consumer Law (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

   3.     **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991. Decisions in which she was involved prior to joining the firm include: Johnson v. Heckler, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); Sanders v. Shephard, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); Maller v. Cohen, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); Wright v. Department of Labor, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); Barron v. Ward, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); City of Chicago v. Leviton, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); Jude v. Morrissey, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983). She is a member of the Northern District of Illinois trial bar.

   4.     **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy.Consumer L.Rep. 64 (1990), and Illinois Consumer Law (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30

appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.     **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.** Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.IL 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

6.     **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D. Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D. Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

7.     **Associates**

3

        **a.**       **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** Johnson v. Thomas, 342 Ill. App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); Jolly v. Shapiro & Kreisman, 237 F. Supp. 2d 888 (N.D. Ill. 2002); Parker v. 1-800 Bar None, a Financial Corp., Inc. 2002 WL 215530 (N.D. Ill. 2002); Jiang v. Allstate Ins. Co. (199 F.R.D. 267); Hill v. AMOCO Oil Co. 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003); Roquet v. Arthur Anderson LLP 2002 WL 1900768 (N.D. Ill. 2002); White v. Financial Credit, Corp. 2001 WL 1665386 (N.D. Ill.); Ransom v. Gurnee Volkswagen 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); Doxie v. Impac Funding Corp. 2002 WL 31045387 (N.D. Ill. 2002); Levin v. Kluever & Platt LLC 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); Pleasant v. Risk Management Alternatives 2003 WL 22175390 (N.D. Ill. 2003); Jenkins v. Mercantile Mortgage 231 F. Supp. 2d 737 (N.D. Ill. 2002); Hobson v. Lincoln Ins. Agency, Inc. 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), Anderson v. Lincoln Ins. Agency 2003 WL 291928, Hobson v. Lincoln Ins. Agency 2003 WL 338161 (N.D. Ill. 2003); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7th Cir. 2006). He is a member of the Northern District of Illinois trial bar.

        **b.**       **Julie Clark** (neé Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank 219 F. Supp.2d 935 (N.D. Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens 2002 WL 31369747 (N.D.I ll.,2002), 2003 WL 22359626 (N.D. Ill. 2003); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 2007 U.S. Dist. LEXIS 84425 (N.D. Ill. Nov. 14, 2007); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., No. 1-07-0684, 2007 Ill. App. LEXIS 1194 (Ill. App. 1st Dist. Nov. 13, 2007).

        **c.**       **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude*, 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 2006 U.S. Dist. LEXIS 80718 (S.D. Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2006 U.S. Dist. LEXIS 84035 (N.D. Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. Sept. 26, 2007).

        **d.**       **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D. Ill. 2006); Iosello v. Leiblys, Inc., 502 F. Supp.2d 782 (N.D. Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F. Supp.2d 776 (N.D. Ill. 2007).

        **e.**       **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** Pietras v. Sentry Ins. Co., 513 F. Supp.2d 983 (N.D. Ill. 2007); Hernandez v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Sept. 25, 2007); Balogun v.

Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. Oct. 5, 2007).

  **f.**   **Tiffany N. Hardy** (admitted NY, DC, IL) is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D. 2001).

  **g.**   **Zachary Jacobs** is a graduate of the University of South Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

  **h.**   **Rupali Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois College of Law (J.D. 2007).

  **i.**   **Michael J. Aschenbrener** is a graduate of the University of Minnesota (B.A. 2001) and the Chicago-Kent College of Law, Illinois Institute of Technology (J.D. May 2007).

  **8.**   The firm also has 15 legal assistants, as well as other support staff.

  **9.**   Since its inception, the firm has recovered more than $500 million for consumers.

  **10.**   The types of cases handled by the firm are illustrated by the following:

  **11.**   **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); Robinson v. Empire of America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

**12.** The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

**13.** The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

**14.** **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065, (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

**15.** **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

**a.** Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

**b.** Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

**c.** Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

**d.** Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

**e.** Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641

N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

    **f.**  Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

  **16.**  These cases also had a substantial effect on industry practices. The warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

  **17.**  **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Williams v. Chartwell Fin. Servs., 204 F.3d 748 (7th Cir. 2000); Parker v. 1-800 Bar None, a Financial Corp., Inc., 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D.Mich. 2001); Van Jackson v. Check 'N Go of Ill., Inc., 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); Henry v. Cash Today, Inc., 199 F.R.D. 566 (S.D.Tex. 2000); Donnelly v. Illini Cash Advance, Inc., 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); Jones v. Kunin, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); Davis v. Cash for Payday, 193 F.R.D. 518 (N.D.Ill. 2000); Reese v. Hammer Fin. Corp., 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); Pinkett v. Moolah Loan Co., 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

  **18.**  **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

    **a.**  Phony nonfiling insurance. Edwards v. Your Credit Inc., 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); Adams v. Plaza Finance Co., 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); Johnson v. Aronson Furniture Co., 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

    **b.**  The McCarran Ferguson Act exemption. Autry v. Northwest Premium Services, Inc., 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

    **c.**  Loan flipping. Emery v. American General, 71 F.3d 1343 (7th Cir. 1995). Emery limited the pernicious practice of "loan flipping," in which consumers are solicited

for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

        **d.**     Home improvement financing practices. Fidelity Financial Services, Inc. v. Hicks, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; Heastie v. Community Bank of Greater Peoria, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

        **e.**     Arbitration clauses. Wrightson v. ITT Financial Services, 617 So.2d 334 (Fla. 1st DCA 1993).

        **f.**     Insurance packing. Elliott v. ITT Corp., 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

      **19.**    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims Subaru and Subaru Leasing, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

      **20.**    Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

21. **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Johnson v. Revenue Management Corp., 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); Keele v. Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); Young v. Citicorp Retail Services, Inc., 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);Davis v. Commercial Check Control, Inc., 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995). Settlements in such cases include Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and Cramer v. First of America Bank Corporation, 93 C 3189 (N.D.Ill.).

22. Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. I argued it before the Supreme Court and Seventh Circuit. Avila v. Rubin is a leading decision on phony "attorney letters."

23. **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions. One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Murray v. GMAC Mortgage Corp., 05 C 1229, ___ F.Supp.2d ___, 2007 U.S. Dist. LEXIS 26726 (N.D.Ill. April 10, 2007); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind., April 12, 2007); In re Ocean Bank, 06 C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion, 2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 U.S. Dist.

LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill. 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); Bonner v. Home 123 Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); Murray v. Sunrise Chevrolet, Inc., 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006). More than 15 such cases have been settled on a classwide basis.

24. **Class action procedure:** Important decisions include Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); and Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

25. **Landlord-tenant:** The firm has brought a number of class actions against landlords for various matters including failing to pay interest on security deposits or commingling security deposits, breach of the warranty of habitability, improper late charges, and various violations of the CRLTO. Reported decisions include: Wang v. Williams, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); Onni v. Apartment Management and Investment Co., 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2d Dist. 2003) (case challenging improper late charges, which later settled on a class basis for $200,000); Dickson v. West Koke Mill Village P'Ship, 329 Ill.App.3d 341 (4th Dist. 2002). Illustrative cases include: Hale v. East Lake Management & Developmental Corp., et al., 00 CH 16139, in the Cook County Circuit Court, Judge Madden granted class certification for tenants who had not been paid their security deposit interest after the end of each twelve month rental period. The East Lake case later settled on a classwide basis for over $400,000.

26. Some of the other reported decisions in our cases include: Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 Bankr. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

27. Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

/s/ Daniel A. Edelman
_____
Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)