*MHN*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL COX, individually and on behalf of the classes defined herein,  ) ) | |
| Plaintiff,  ) ) | |
| v.  ) | No. 08 C 1005 |
| ) | |
| UNIFUND CCR PARTNERS; ) CREDIT CARD RECEIVABLES ) FUND, INC., and ) ZB LIMITED PARTNERSHIP, ) ) | |
| Defendants.  ) | |

**PROTECTIVE ORDER AGAINST UNAUTHORIZED
USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

This matter comes before the Court on the parties' joint motion for a protective order. Discovery is under way and the parties are seeking, and may in the future seek, documents or information that may be considered proprietary or confidential by the party requested to produce such documents or information. The Court is informed that the parties desire to protect such proprietary or confidential documents and information from unauthorized, unnecessary disclosure.

THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED that the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery in this action:

    1.    <u>Scope of Order: Documents and Information Covered</u>. Any party from whom documents and information are requested in connection with this action that contain information of a confidential nature may designate such documents and information as "confidential material" in the manner provided in Paragraph 2. For purposes of this Order, documents and information may be designated as "confidential material" if they contain confidential and proprietary business or financial information that is non-public in nature, not known outside of the Defendants' business organizations, valuable to the Defendants' businesses (and, if disclosed, could be valuable to their competitors), and for which Defendants take great measures to protect the secrecy of this

information. This Protective Order covers and applies to the following materials: (1) the computer programs/software and account screens created for and used by Unifund CCR Partners to track their debt accounts; (2) the purchase agreements and service agreements entered into by Unifund CCR Partners and the original creditors and/or subsequent purchasers of the debt accounts, including the terms and conditions therein; (3) the organizational charts of Unifund CCR Partners' departments; and (4) any information that would reveal the net worth, financial statements, and financial status of the Defendants.

The aforementioned materials (listed as (1) through (4) above) are confidential and proprietary. Unifund CCR Partners maintains and guards the secrecy of this information, and ensures that it is not made known outside of Unifund CCR Partners, through, *inter alia*, the following means: (1) Unifund CCR Partners' employees are trained as to what constitutes confidential information (including (1) through (4) listed above) and are trained not to disclose confidential information; (2) Collection counsel for Unifund CCR Partners are instructed as to what constitutes confidential information and are instructed not to disclose confidential information without approval and adequate safeguards (i.e., such as confidential agreements or the entry of protective orders); (3) Unifund CCR Partners insists on protective orders and appropriate redactions when required to produce confidential information; (4) All purchase and sale agreements, and service agreements, contain confidentiality provisions; (5) All new employees are required to sign a non-disclosure, non-compete agreement, which prohibit dissemination of confidential documents and information; (6) All independent contractors are required to sign a non-disclosure, non-compete agreement.

The aforementioned materials (listed as (1) through (4) above) are confidential and proprietary, and contain information valuable to Unifund CCR Partners and, if revealed, would be valuable to its competitors and would cause injury to Unifund. As a part of its Unifund CCR Partners' business activities, Unifund CCR Partners purchases and manages distressed consumer receivables and attempts to recover those amounts legitimately owed by certain debtors. This particular industry is highly competitive with many other players. (Data from *Current Employment Statistics* survey by the U.S. Bureau of Labor Statistics show that about 150,000 collection professionals were employed by third-party collection firms (as defined under NAICS code 56144) in 2005.) Unifund CCR Partners' senior personnel helped to develop the terms and conditions of Unifund CCR Partners' purchase and sale agreements, the operating model of the company, and the business model by which Unifund and its related entities purchase distressed credit card/consumer receivables and attempt to collect on those receivables. Unifund CCR Partners invested significant time and resources into the development and implementation of the aforementioned materials (listed as (1) through (4) above) in order to ensure that its operations are legally compliant as well as economically effective. These materials and information (listed as (1) through (4) above) have enabled Unifund CCR Partners to have a competitive edge in the distressed receivables market, and Unifund's competitors would benefit (to Unifund's detriment) by obtaining access to information contained in these covered documents. Such information and documents pertain to Unifund's method, technique and process by which it operates to purchase distressed credit card debt and then attempts to collect on those accounts through legal means. Unifund derives independent economic value from these documents and information, because such information is not generally known to, and not readily accessible by proper means by, other persons/competitors who can obtain economic value from its disclosure or use. As demonstrated above, Unifund CCR Partners maintains and

guards the secrecy of this information, and makes every effort to ensure that it is not made known outside of Unifund CCR Partners. Disclosure of such information and the documents could allow other companies to obtain a competitive advantage against Unifund and its related entities.

Specifically as to (1) the computer programs/software and account screens created for and used by Unifund CCR Partners to track their debt accounts – Unifund CCR Partners has expended a lot of money and time developing, maintaining and improving these programs, which allow it to efficiently track and process its collection efforts. Requiring Unifund CCR Partners to disclose this information to the public – including its competitors – would allow its competitors to essentially copy the same programs (including how the programs are organized, what information is included therein, how certain accounts are handled, etc.). This would injure Unifund CCR partners because its competitors would not only have and create the same programs, but also would not have to expend even close to the same amount of time and money to obtain the program.

As to (2) the purchase agreements and service agreements entered into by Unifund CCR Partners and the original creditors and/or subsequent purchasers of the debt accounts, including the terms and conditions therein – these agreements set forth the manner in which Unifund CCR Partners negotiates for and purchases/contracts for distressed consumer receivable accounts in the commercial marketplace. These agreements also describe the rights and obligations between Unifund CCR Partners and the other contracting party. Requiring Unifund CCR Partners to disclose the terms of these agreements to the public – including its competitors – would allow its competitors to view and copy Unifund CCR Partners' agreements (including the terms, conditions, and pricing therein), and also to offer more generous financial and legal terms to the parties from whom Unifund CCR Partners purchases, sells and services debt accounts.

As to (3) the organizational charts of Unifund CCR Partners' departments – Unifund CCR Partners expends a great amount of effort in hiring, training and retaining its employees, and regularly promotes and advances its employees. Information about which employee is designated which tasks and which titles are assigned to each employee is not public information. Allowing Unifund CCR Partners' competitors to identify how Unifund structures its debt collection processes and which Unifund employees are in which positions and handle which tasks would allow competitors to copy the organizational format in which Unifund structures its debt collection process and would also allow competitors to target and attempt to hire away certain key employees.

As to (4) information that would reveal the net worth, financial statements, and financial status of the Defendants – Unifund CCR Partners does not disclose its net worth and financial status publicly. Allowing this information to become public would cause great injury to Unifund CCR Partners in that this would allow parties from whom Unifund purchases, services debt accounts and to whom Unifund sells debt accounts to determine, *inter alia*, Unifund CCR Partners' profitability through these interactions with them, the expenses Unifund CCR Partners incurs to handle and process these agreements and accounts, and other confidential financial information, thereby providing them with leverage they currently do not have to change or negotiate the pricing structures and financial and legal terms of their deals and agreements with Unifund CCR Partners.

Once a document or information is so designated, production or disclosure of that document or information shall be governed by the terms of this Order unless such designation is withdrawn,

either by agreement of the designating party or by order of the Court. For purposes of this Order, any confidential designation shall thereafter include all copies of such materials delivered to or maintained by the receiving parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials.

2. <u>Manner of Designation of Confidential Material</u>. All or any portion of a document may be designated as "confidential material." The designation of confidential material in a document shall be made by placing or affixing on each page to be designated confidential, in a manner that will not interfere with its legibility, the legend: "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or such other confidential designation consistent with the purpose of this Order, including a "bulk" designation through the identification of consecutive litigation control numbers placed on produced documents. The designation of confidential material shall be made prior to, contemporaneously with, or within thirty days following the production or disclosure of the document. Should a party make such designation within thirty days of production of a document or documents which the party believes should be treated as confidential under the terms of this Order, then this Order shall apply only from the date of such designation and disclosure of documents by the receiving party prior to such later designation shall not be deemed a violation of this Order. Failure to designate any particular materials as confidential within the time limits contained in this Order constitutes waiver of the right to designate such materials as confidential for the duration of this lawsuit. With respect to any deposition exhibit or transcript, or any portion thereof, that designation shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the designating party, and the transcript of such deposition or portion thereof shall be so marked and, if filed, filed under seal. With respect to answers to interrogatories, to requests for production of documents, and to requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as confidential.

3. <u>Disputes Concerning Propriety of Confidential Designation</u>. Any party or an interested member of the public may dispute the designation of particular material or information contained in a document designated as confidential under Paragraph 1. If any party believes that material which has been so designated should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court, by duly noticed written motion, for resolution. Material or information claimed to be confidential that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Order notwithstanding the existence of such dispute.

4. <u>Persons To Whom Confidential Material May Be Disclosed</u>. Counsel for each party who obtains a document or information designated confidential under this Order shall not disclose or permit disclosure of such information or document (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

a. <u>In-House Counsel and Employees of Counsel</u>. Disclosure may be made to in-house counsel and to employees of counsel who have direct responsibility for the preparation for, and proceedings concerning, this action or any appeal therein. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 4.

b. <u>Experts and Consultants</u>. Disclosure may be made to consultants or experts employed by any party or counsel of record to any party to assist counsel in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such consultants or experts who have direct responsibility for assisting the consultant or expert as part of his or her employment in connection with this action. Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A. Counsel that disclosed such confidential documents or other confidential information to any expert or consultant and his support staff shall retain the signed Confidentiality Agreement.

c. <u>Testifying Witnesses</u>. Disclosure may be made to persons who may be called to testify under oath in the context of trial or a deposition in connection with the prosecution/defense of this action, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told, on the record, that they are bound by the terms of the Order and are required not to disclose proprietary or confidential information which may be contained in the documents or information designated as confidential.

d. <u>Disclosure To The Court</u>. Disclosure may be made at any time to the Court, or any judge, clerk, or employee with responsibility over this lawsuit, provided that any such disclosure shall be by sealed submission.

5. <u>No Use Permitted For Business or Competitive Purposes</u>. Documents or information designated as confidential under this Order (and their contents or information revealing their contents) shall not be used or disclosed by any party, or person to whom disclosure has been made under Paragraph 4, in: (a) any litigation other than this lawsuit; (b) for business or competitive purposes; or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, this action and any appeal therein.

6. <u>Pleadings And Briefs To Be Filed Under Seal</u>. Entire pleadings must not be filed under seal. Unsealed versions of any pleading (redacting only protected information) must be filed in addition to sealed unredacted versions. Anything containing confidential materials must be filed officially with the Court and not in chambers. In order to preserve the confidential nature of the documents covered by the terms of this order, the parties shall file any documents covered by this order, or documents that reference confidential information under seal, in accord with the applicable rules and standing orders.

7. <u>Custodian Of Confidential Material</u>. The signatories to this Order shall be deemed Custodians of any confidential materials that they, their law firms, or any experts or consultants engaged by them or their law firms in this action may receive. Each of the Custodians agrees to be responsible for compliance with this Order, and Paragraph 4(b) in particular, by experts and consultants engaged by them or their law firms. Counsel for the parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order.

8. <u>Copies and Confidential Material</u>. Counsel for the parties understand the competitively sensitive nature of confidential material, and agree to limit their copying of confidential documents or information to that which is necessary for the orderly and efficient prosecution/defense of this litigation. Experts and consultants (as identified in paragraph 4(b)), shall be allowed to make only one copy of confidential documents provided to them. Copies of confidential documents, and the documents prepared by an expert or consultant that incorporate or reveal confidential information or information from confidential documents, shall be subject to the same treatment hereunder as are the original documents or information produced.

9. <u>No Waiver Or Admission</u>. The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated document or information contains any trade secret or confidential information in contemplation of law.

10. <u>Notification Upon Improper Disclosure</u>. If any information or documents designated as confidential material (or their contents) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

11. <u>Disposition Of Confidential Material Upon Final Determination Of This Action</u>. Within thirty days following the final determination of this action, unless otherwise agreed to in writing by counsel for all parties to this action, each party shall, through its counsel, complete and deliver to the designating party a certificate in the form attached hereto as Exhibit B ("Certificate"), certifying that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any confidential materials covered by this Order, and that all such files have been purged of all such confidential materials. Pursuant to the terms of the Certificate each party and its counsel shall further certify that all confidential materials delivered to it, including confidential materials now in its control or the control of persons to whom it distributed such information, have either been assembled and delivered with the Certificate or, to the extent not so delivered, that all such confidential materials have been destroyed. Upon delivery of such Certificates and accompanying documents or information by all parties to this action, the jurisdiction of the Court to enforce this Order shall

terminate. This paragraph shall exclude any confidential material filed with the Court because the Court strictly and fully enforces Local Rule 26.2(e).

12. <u>No Restriction On Designating Party's Use of Confidential Materials</u>. Notwithstanding any other provision of this Order, the party producing to another party material designated as confidential does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

13. <u>No Restriction On Asserting Privileges</u>. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

14. <u>No Restriction on Offering Evidence at Trial</u>. Documents containing confidential information may be disclosed at trial or offered in evidence at trial of this action, subject to the rules of evidence and subject to further orders of this court.

ENTER: _/s/ Ronald A. Guzman_

JUDGE   7/25/08

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

By my signature, I hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") entered in *Paul Cox v. Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB Limited Partnership*, Case No. 08 C 1005, pending in the United States District Court for the Northern District of Illinois, Eastern Division, and hereby agree to be bound by the terms thereof. I agree not to disclose any documents designated as confidential material (or any of the contents of such documents) or information concerning confidential material to anyone other than those persons listed in Paragraph 4 of the Protective Order. I agree that to the extent that I or my employees are provided with confidential material, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose confidential material except as provided in Paragraph 4 of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, with respect to all matters relating to compliance with this Confidentiality Agreement and Protective Order.

DATED:_____

_____
[Signature]

Signatory's Name, Business
Affiliation, and Business
Address

_____
_____
_____

Signatory's Residence Address

_____
_____
_____

## EXHIBIT B

## CERTIFICATE

The undersigned hereby certify to _____ ("Designating Party"), on behalf of _____ and pursuant to the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") entered in *Paul Cox v. Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB Limited Partnership*, Case No. 08 C 1005, pending in the United States District Court for the Northern District of Illinois, Eastern Division, that they have performed or caused to be performed a complete and thorough search of their files and the files of those to whom they distributed any confidential materials covered by the Protective Order, and that all such files have been purged of all such confidential materials. The undersigned further certify that all confidential materials delivered to them by the Designating Party, including confidential materials now in their control or the control of persons to whom they distributed such information, have either been assembled and are delivered herewith or, to the extent any such confidential materials are not so delivered, all such confidential materials have been destroyed.

By: _____
       as Counsel for:

_____

Date: _____