IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 08 C 1005 |
| UNIFUND CCR PARTNERS; ) CREDIT CARD RECEIVABLES ) FUND, INC., and ) ZB LIMITED PARTNERSHIP, ) ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. ("CCRF"), and ZB Limited Partnership ("ZBLP"), by and through their attorneys, Joseph P. Kincaid and Kathleen A. Kelley, for their Response in Opposition to Plaintiff's Motion to Compel, hereby state as follows:

1. Plaintiff filed a motion for class certification of two classes, the first class of which ("Class A") is defined as: (a) all natural persons; (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit; (c) attaching a document in the form represented by Appendix A[1]; (d) which document was not sent to the addressee prior to the filing of the suit; (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

---

[1] Plaintiff's Appendix A is attached hereto as Exhibit A.

2. In its responses to Plaintiff's written discovery requests, after reviewing the file and account notes for Paul Cox, Defendant Unifund admitted that it believes that <u>Appendix A</u> was not mailed to Plaintiff Paul Cox prior to the filing of the suit.[2]

3. Through a computer search – based on the approximate collection suit filing dates – Defendant Unifund has identified over 1800 persons who (a) are natural persons; (b) with respect to whom defendant Unifund filed a lawsuit; (c) in which a form similar to <u>Appendix A</u> was attached to the suit; (e) where the lawsuit was filed or served during the relevant purported class period.  <u>However</u>, Unifund cannot conduct a computer search based on (d) whether a form similar to <u>Appendix A</u> was sent to the debtor prior to the suit being filed.  To determine that information, Unifund would be required to review the file and account notes – which encompass different account screens for each account – for each of the 1800 different individual debtors.

3. As such, Unifund's responses to Plaintiff's requests for admission were as follows:

> 26. There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).
>
> ANSWER: Defendant admits that there are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).  Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of the suit.  Therefore,

---

[2] <u>See</u> Unifund's Supplemental Answer to Certain Requests for Admission, attached hereto as <u>Exhibit B</u>.

>    Defendant denies all allegations that it does not specifically admit.

> 27.   There are at least 100 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

> ANSWER:   Defendant admits that there are at least 100 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action). Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of the suit. Therefore, Defendant denies all allegations that it does not specifically admit.

<u>See</u> Unifund's Responses to Plaintiff's Requests for Admissions No. 26 and 27, attached hereto as <u>Exhibit C</u>.

3.   Unifund's response brief in opposition to Plaintiff's Motion for Class Certification addresses this issue as well. Specifically, Unifund argues as follows:

> *[I]ndividualized proof is necessary for each potential class member and, moreover, is required to determine whether a purported class member actually even belongs in the classes*. For example, membership in "Class 1" requires a review into the records of Unifund, its collection counsel, and any prior account holders (including the original issuer of the debt), to determine if the debtor was sent an account statement before the collection suit was filed. . . . Because individualized proof is necessary for each potential class member for both classes, the purported classes do not meet the commonality requirement of Rule 23(a)(2) or the requirements of 23(b)(3).

<u>See</u> page 3 of Unifund's Response Brief in Opposition to Plaintiff's Motion for Class Certification, attached hereto as <u>Exhibit D</u>.

> Before the Court can entertain whether the requirements under Rule 23 are satisfied, the class must be sufficiently defined so as to be identifiable. Pastor, 2005 WL 2453900 at *2; Ramirez, 2007 WL 4335293 at *3, *5. The definition of a proposed class must be "sufficiently definite to permit ascertainment of the class members." Alliance to End Repression v. Rochford, 565 F.2d 975, 977-78 (7th Cir. 1977). Class certification must be denied if the Court is required to conduct individualized inquiries to determine whether a potential class member actually fits within the class. Pastor, 2005 WL 2453900 at *2; Ramirez, 2007 WL 4335293 at *3, *5 [].
>
> [Discussion of Pastor.]
>
> Here, the purported classes suffer from the same problem as to which debtors actually fall within the class definitions. . . . The determination as to whether each purported class members fits within a class necessarily depends on (1) the documentation and information currently available to Unifund, as well as (2) documentation and information that can be obtained from third parties, and (3) whether this documentation and information . . . constitutes a "similar document" (for Class 1) . . . . As such, even identifying exactly which purported class members fit into Plaintiff's class definitions requires an individualized, account-by-account inquiry. Neither class can be identified for certain without such individualized inquires and, as such, the classes should not be certified under Rule 23.

See Exhibit D at pp. 10-11.

4. Other district court judges in the Northern District have similarly ruled that a debt collector in an FDCPA action is not required to conduct an individualized inquiry into whether certain information and/or documents exist in order to determine which persons meet the plaintiff's purported class definition. Rather, in those types of situations, class certification is not appropriate.

- In Parkis v. Arrow Financial Services, 2008 WL 94798 (N.D. Ill. Jan. 8, 2008),[3] in an FDCPA case where Edelman, Combs, Latturner & Goodwin, LLC (hereinafter, "Edelman, Combs") served as plaintiff's counsel, District Judge Coar denied class certification, stating as follows:

---

[3] A copy of this decision is attached hereto as Exhibit E.

> [Because] this court would have to look into the payment history of each putative class member to determine whether the last payment date or charge-off date was more than five years prior to the filing date of the debt-collection suit. Because the payment timing and history will be different for each putative class member, [t]his would involve an individualized inquiry for each potential member.

Id. at *4.

- In Sadler v. Midland Credit Management, Inc., 2008 WL 2692274 (N.D. Ill. Jul. 3, 2008),[4] Edelman, Combs served as plaintiff's counsel in another FDCPA class action case. The defendant debt collector argued that – while it could conduct a computerized search to determine whether a particular debtor met four of the five criteria set forth in the plaintiff's purported class definition – no computer search was available to determine whether a debtor met the fifth criteria (whether a written contract for the account existed). Id. at *4. As such, the debt collector argued that class certification was inappropriate because the class was not sufficiently identifiable. Id.

    District Judge Pallmeyer agreed and, citing to Parkis (above), denied class certification. Id. (citing Ramirez v. Palisades Collection LLC, 2007 WL 4335293 at *3 (N.D. Ill. Dec. 5, 2007),[5] (Where a proposed class definition "requires an exhaustive, individualized inquiry into whether [a debt collector] can presently find, in its own files or those of another entity, a written contract to exclude a debtor from the class," the class definition is inadequate. The court distinguished computer searchable terms – such as "charge-off" dates or (as here) collection suit dates – from an investigation which "necessitate[s] the court's review of an untold number of documents to determine whether a particular document exists.))

---

[4] A copy of this decision is attached hereto as Exhibit F.
[5] A copy of this decision is attached hereto as Exhibit G.

5.      Additionally, in the Motion to Compel, Plaintiff's counsel states that in Jeffrey Shaffer's deposition testimony from <u>Goray v. Unifund CCR Partners</u> he testified that Unifund does not send letters similar to <u>Appendix A</u> to debtors.[6]  This is wrong, and mischaracterizes Mr. Shaffer's testimony.  While Mr. Shaffer states that Unifund "probably" did not do so between "2004 and 2006," since then (the relevant timeframe here) "the policy would be yes, we have sent letters to debtors in that regard."  (<u>Ex. H</u> Shaffer Dep., p. 22, lines 8-22).

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's motion to compel against Defendant Unifund CCR Partners.

Respectfully submitted,

 /s/ Kathleen A. Kelley

Joseph P. Kincaid
Kathleen A. Kelley
Swanson, Martin, & Bell, LLP
330 N. Wabash Street, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100
Fax: (312) 321-0990

---

[6] Plaintiff attached an excerpt from the transcript of Jeffrey Shaffer from <u>Goray v. Unifund CCR Partners</u> as <u>Appendix E</u> to its Motion to Compel.  This excerpt is attached hereto as well as <u>Exhibit H</u>.