IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, | ) ) ) | 08-C-1005 |
| Plaintiff, | ) ) ) | Judge Guzman |
| | ) | Magistrate Judge Ashman |
| v. | ) ) | |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL**

Unifund is accused in this case of systematically defrauding the Illinois court system and consumers by presenting state courts with phony statements of accounts (Unifund Statement, Appendix A to complaint) which are contrived to appear as if they had been sent to the putative debtor prior to suit, creating an account stated, but which are never in fact so sent. Unifund resorts to similar misrepresentations in an effort to convince this Court that no class exists. Unifund cannot keep its story straight.

With respect to the phony statements of account, Unifund claims in its response that Plaintiff mischaracterizes Jeffrey Shaffer's deposition testimony in *Goray v. Unifund CCR Partners.* Unifund states that "while Mr. Shaffer states that Unifund "probably" did not [send letters similar to Appendix A] between "2004 and 2006," since then "the policy would be yes, we have sent letters to debtors in that regard." (Def. Response Brief p. 6). This is simply not true.

1

In a deposition taken in *Corbin v. Unifund CCR Partners*, CV06- 402 TUR RCC (D. Ariz. 2006) Shaffer testified that as of <u>March 2007</u> the Unifund Statement is not sent to debtors by Unifund.

> Q: Has this particular document ever, to the best of your recollection ever been provided directly to a debtor?
> A: No
> Q: Has it ever been directly provided to a debtor by Unifund CCR Partners?
> A: Isn't that what you just asked me?
> Q: Yes. I just asked you, I asked you in general, and then I asked you specifically about Unifund CCR Partners.
> A: I think I answered previously, Unifund CCR Partners has never mailed this statement out to a consumer. Our attorneys have sometimes included it in their communication to the consumers, but I don't know who has done that and who has not.

Later in the deposition Shaffer testifies:

> Q: In reviewing this Unifund statement to refresh your memory, do you recall that that particular statement wasn't sent out from 2004 to 2006?
> A: I'm sorry. Can you repeat your question?
> Q: Yeah, certainly. I'm not trying to trick you. The Unifund statement that you have before you, do you recall that that statement wasn't sent out from 2004 to 2006?
> A: Unifund has never anytime ever generated this statement and mailed it to the debtors that I am aware of.

(Shaffer Transcript in p.49 lines 4-18; p.52 lines 3-14 *Corbin v. Unifund,*[Appendix B]).

In a deposition in *Unifund CCR Partners v. Huffman,* 874676, Harris County Texas Civil Court, another Unifund employee, Lutz testified that as of April 26, 2007 the Unifund Statement is never sent to debtors:

> Q: All right. The next document on Exhibit No. 1 is something called a "Unifund Statement"?
> A: That's correct. That is never sent to the debtor. That's sent to the law firm only.

2

During the same deposition, Lutz later testifies as follows:

> Q: The fourth page of Exhibit No. 1 is called a Unifund statement. You mentioned before that this was never sent to the- -
> A: The debtor.
> Q: - - consumer?
> A: It's just sent to our law firm.

Lutz also later testifies:

> Q: Okay. Do you happen to know why it says at the bottom of this page marked as "Unifund Statement" in Exhibit A, it says, "This communication is from a debt collector. Federal laws requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose"?
> A: I don't - - I mean, that's standard for debt collectors, and we- - all I can tell you is that it is sent to our law firm. We do not mail out those statements.

(Lutz Transcript in *Unifund CCR Partners v. Huffman,* 874676, p.14 lines 17-20; pp. 49-50 lines 22-2; pp. 50-51 lines 24-8[Appendix C]).

Based on the foregoing it is clear that Unifund does not mail or otherwise send Appendix A to debtors prior to filing a collection suit against the debtor.

Defendant initially refused to provide accurate and truthful responses regarding whether Appendix A was sent to debtors prior to Defendant Unifund's filing of collection suits. Plaintiff's Request for Admission No. 18 asks Defendant to admit "Appendix A is not sent to putative debtors, except as an exhibit to a collection complaint" [Appendix D]. Defendant Unifund's response is "Deny." Defendant's response is unqualified, unrestricted and untrue.

Plaintiff's Request for Admission No. 26 provides:

> There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 and ending on March 10, 2008.

Plaintiff's Request for Admission No. 27 was identical except the inquiry was regarding 100 persons instead of 40.

>Defendant's response to RFA Nos. 26 and 27 was as follows:
>
>Defendant cannot truthfully admit or deny this request for admission because discovery and investigation into this issue are currently still pending and, therefore, Defendant is currently without knowledge of the same. Therefore, Defendant denies all allegations that it does not specifically admit.

Defendant's supplemental responses to RFA Nos. 26 and 27 provided:

>Defendant admits that there are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 and ending on March 10, 2008. Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of the suit. Therefore Defendant denies all allegations that it does not specifically admit.

But it is clear from Shaffer and Lutz that the Unifund statement (Appendix A) was not sent.

Unifund further contended in its response, without any factual support, that the process of ascertaining the information sought by Plaintiff would be burdensome. Unifund's position is controverted by *Hamid v. Blatt Hasenmiller, Leibsker & Moore and Unifund CCR Partners*, 00 C 4511 (N.D. Ill. 2000) and *Williams v. Unifund CCR Partners*, 06 CA 0248 (W.D. Tex. 2006). *Hamid* involved claims regarding Unifund's filing of suit on time barred debts (Appendix E). *Hamid* was settled following class certification. The fact that the court certified a class and approved a class wide settlement shows that Unifund was able to retrieve the information that is at issue here. Likewise, *Williams v. Unifund CCR Partners* resulted in the settlement of claims alleging that Unifund filed suit on time-barred debts on a class basis.

(Appendix F).

On August 8, 2008, (a mere 7 days after filing its response brief) Unifund served a second set of supplemental discovery responses to Plaintiff's RFA nos. 26 and 27. Unifund states:

> Based on further investigation with collection counsel, Unifund admits that (a), (b), (c),(d) and (e) are true; however, Unifund's usual practice for Illinois between February 19, 2007 and March 10, 2008 was for Unifund and/or its collection counsel to send the debtor at least one letter prior to the filing of the collection suit which sets forth such information as the debtor's account number, balance due, and the name of the of the original creditor.

Thus, Unifund admits that it did not send the Unifund Statement to debtors and that its professed inability to obtain the information was false. Unifund qualified its response by stating "however, Unifund's usual practice for Illinois between February 19, 2007 and March 10, 2008 was for Unifund and/or its collection counsel to send the debtor at least one letter prior to the filing of the collection suit which sets forth such information as the debtor's account number, balance due, and the name of the of the original creditor." This qualification is confusing and misleading because the letter referred to is an initial demand, which pursuant to 15 U.S.C. §1692g(c) cannot create an account stated.

Plaintiff propounded his initial discovery requests on Defendant in March 2008. Approximately three months later, in June 2008, Defendant contended that it could not "truthfully admit or deny . . . that the statement is also correct as to (d)– that the document was not sent to the addressees prior to the filing of the suit." Now, in August 2008, more than twelve months after Defendants' employees testified to the facts sought to be admitted, Defendant finally concedes that the statement at issue was not sent to class members.

5

Defendant either failed to make a reasonable inquiry or made intentional misrepresentations in this Court for the purpose of concealing its misrepresentations in state court. Moreover, Defendant attempts to qualify its answer in a confusing and misleading fashion.

Plaintiff respectfully requests this Court to enter an order compelling the Defendant to provide accurate, truthful, unqualified responses to Plaintiff's discovery request. Plaintiff also submits that Defendants' actions as set forth above are outrageous and requests an order imposing sanctions on Defendant.

Respectfully submitted,

Tiffany N. Hardy
s/Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Tiffany N. Hardy, hereby certify that on August 11, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:

Joseph P. Kincaid
jkincaid@smbtrials.com

Kathleen A. Kelley
kkelley@smbtrials.com

                                            s/ Tiffany N. Hardy
                                            Tiffany N. Hardy