# APPENDIX B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

CASE NUMBER: CV06-402 TUR RCC


RUSSELL E. CORBIN,                PLAINTIFFS
ET AL


    vs.


UNIFUND CCR PARTNERS,             DEFENDANTS
ET AL



            * * * * * * * *

DEPONENT:       JEFFREY A. SHAFFER

DATE:           MARCH 16, 2007

            * * * * * * * *



Jeanna Migliorisi,

Certified Court Reporter




                Barlow
            Raising the Bar
    Reporting & Video Services, LLC
          620 Washington Street
         Covington, Kentucky  41011
              (859) 261-8440

Page 46

1  Q. What is done with this particular
2  document, if you know?
3  A. This document is typically forwarded to
4  our attorneys with the affidavit.
5  Q. Does this particular document show that
6  Mr. Corbin was in the military?
7  A. There is no indication on this document
8  that Mr. Corbin is in the military.
9  Q. What does it have for his address?
10 A. 13518 West Young Street.
11 Q. Uh-huh. And where is that located?
12 A. Arizona.
13 Q. Is this particular document provided to
14 the consumer or debtor such as Russell Corbin?
15 A. By Unifund?
16 Q. Yes.
17 A. No.
18 Q. In your note at the bottom it's got a
19 particular disclosure on it that indicates this is
20 from a debt collector. Federal law requires the
21 information that this is an attempt to collect a
22 debt and that any information obtained would be used
23 for that purpose?
24 A. Yes, that's a mini-Miranda.
25 Q. And why, why is that, why are those

Page 47

1  mini-Miranda rights on the bottom?
2  A. Mini-Mirandas are printed on every letter
3  that is printed from Unifund just as a, it's a
4  required notice under the FDCPA that's required to
5  be put on all communications.
6  Q. And this particular communication wasn't
7  forwarded to Mr. Corbin, is that fair?
8  A. Not by Unifund.
9  Q. Why was this information put on there if
10 it wasn't to be provided to you?
11 A. Some of our attorneys send this statement
12 out to the debtors in conjunction with a letter that
13 they send.
14 Q. How long has this practice about printing
15 out this letter or this particular document and
16 forwarding it to the attorneys, how long has that
17 been in practice?
18 A. I don't recall.
19 Q. It's been a number of years?
20 A. Yes.
21 Q. Has it been from 2000 to the present, if
22 you know?
23 A. I don't recall.
24 Q. Has it been from -- has it ever deviated
25 from what you've testified to today?

Page 48

1  A. Deviated in what manner?
2  Q. In the way that you present this
3  particular statement to the attorney for collection
4  purposes.
5      MS. FULTON: Objection. Quite frankly, I
6      don't understand what your question is.
7      When you're asking if it deviated, are
8      you asking if the format changed or are
9      you asking something else?
10 Q. Did you understand my question?
11 A. No.
12 Q. Your attorney did what was called a
13 speaking objection, so I will go over it. I will go
14 over with you the same question. You indicated that
15 this particular document was provided to attorneys
16 for collection purposes, is that fair?
17 A. Yes.
18 Q. Is it provided to collection attorneys for
19 collection purposes today?
20 A. Yes.
21 Q. Has it always been, to the best of your
22 knowledge?
23 A. No.
24 Q. Was there a period of time that it wasn't
25 provided to collection attorneys?

Page 49

1  A. Yes.
2  Q. What was that period of time?
3  A. Don't know.
4  Q. Has this particular document ever, to the
5  best of your recollection ever been provided
6  directly to a debtor?
7  A. No.
8  Q. Has it ever been directly provided to a
9  debtor by Unifund CCR Partners?
10 A. Isn't that what you just asked me?
11 Q. Yes. I just asked you, I asked you in
12 general, and then I asked you specifically about
13 Unifund CCR Partners.
14 A. I think I answered previously, Unifund CCR
15 Partners has never mailed this statement out to a
16 consumer. Our attorneys have sometimes included it
17 in their communication to the consumers, but I don't
18 know who has done that and who has not.
19     (Plaintiff's Exhibit F was marked for
20     identification.)
21 Q. That's fair. I'm going to hand to you
22 what has been marked as Exhibit F and ask you to
23 look at it, please. Have you ever seen a document
24 like this before?
25 A. Yes.

Page 50

1  Q. Does this appear to be a document
2  regarding an alleged debt owed by Mr. Corbin?
3  A. Yes.
4  Q. And I know it's not really easy to read,
5  but it appears the statement is dated December 25th,
6  2003?
7  A. Yes.
8  Q. And it appears that the charged-off amount
9  was $3934.18?
10 A. It's really hard to make out. I, I -- it
11 looks close.
12 Q. And then as far as the charge-off account
13 finance charge, can you read that amount? To me it
14 appears to be $648.54.
15 A. This statement is printed so small that I
16 can't read those numbers.
17 Q. Right, but that appears to be close,
18 doesn't it? I mean it's, you might need a
19 magnifying glass but --
20 A. Somewhere in that ball park.
21 Q. The Unifund statement that you looked at
22 before which I'm going to hand back to you, it's
23 Exhibit E.
24 A. Uh-huh.
25 Q. Shows an amount of $6671.41, is that fair?

Page 51

1  A. Yes.
2  Q. Can you explain the difference?
3  A. Sure. The Bank One statement was printed
4  in, this appears to be 2003, and this Unifund
5  statement is a balance as of 2005. So there's an
6  additional almost two years of interest that accrued
7  on the account.
8  Q. Looking at the Unifund statement again,
9  Exhibit E, why does that appear -- it has a date of
10 September 19th of 2005?
11 A. Yes.
12 Q. Do you know why it appears as if it was
13 mailed on that particular date to him?
14 A. I don't see any indication that it says
15 anything was mailed.
16 Q. Well, it has --
17 A. I don't follow you.
18 Q. It has his name and address at the top.
19 So by implication, does it look like it was mailed
20 that date to him?
21    MS. FULTON: Objection, misstates the
22    testimony that's previously been given.
23 Q. Do you know this particular address,
24 whether that address is a military base or any
25 designation of whether or not he's in the military?

Page 52

1  A. I can't tell from that address that he's
2  in the military.
3  Q. In reviewing this Unifund statement to
4  refresh your memory, do you recall that that
5  particular statement wasn't sent out from 2004 to
6  2006?
7  A. I'm sorry. Can you repeat your question?
8  Q. Yeah, certainly. I'm not trying to trick
9  you. The Unifund statement that you have before
10 you, do you recall that that statement wasn't sent
11 out to debtors from at least 2004 to 2006?
12 A. Unifund has never anytime ever generated
13 this statement and mailed it to the debtors that I'm
14 aware of.
15 Q. Do you recall any different policy other
16 than what you've just described to me?
17 A. No.
18 Q. Are you familiar with the fact that
19 Exhibit D, which you previously identified as the
20 Affidavit of Indebtedness, was submitted by an
21 attorney as a part of a civil case?
22 A. Yes.
23 Q. Are you aware of the fact that it was
24 attached actually to a complaint?
25 A. Yes.

Page 53

1  Q. It's fair to say that that particular
2  Affidavit of Indebtedness is prepared completely by
3  electronic transfers, and in this case it would be
4  from Chase Manhattan Bank without any documents to
5  verify the data?
6  A. I'm sorry. That was a really long
7  question. I didn't get that.
8  Q. Yes, that's true. I'll give it to you
9  again. Is it fair to say that the Affidavit of
10 Indebtedness that you've seen, Exhibit D, was
11 prepared completely from electronic transfers from
12 Chase Manhattan Bank?
13 A. No, I don't think I would say that
14 statement. If you want to rephrase your question,
15 maybe I'm not understanding it.
16 Q. Certainly.
17 A. Because I previously testified, for
18 example, Bursey and Associates is something that we
19 provide in the document ourselves. So we've
20 identified an attorney, and we put that in the
21 document. So no, this document is not provided with
22 information solely from the creditor.
23 Q. What information is not solely from the
24 creditor?
25 A. The field of the attorney, Bursey and