# APPENDIX D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, ) | 08-cv-1005 |
| ) | |
| Plaintiff, ) | Judge Guzman |
| ) | Magistrate Judge Ashman |
| v. ) | |
| ) | |
| UNIFUND CCR PARTNERS; ) | |
| CREDIT CARD RECEIVABLES ) | |
| FUND, INC., and ) | |
| ZB LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST DISCOVERY REQUESTS

Plaintiff, Paul Cox, hereby requests that Defendants, Unifund CCR Partners ("Unifund"), Credit Card Receivables Fund, Inc. ("CCRF"), and ZB Limited Partnership ("ZBLP") respond to the following requests for admissions, interrogatories. Documents should be copied and sent to Plaintiff's counsel on the date your response is due.

Throughout this request:

1. Unless otherwise specified in a particular paragraph, the time period covered by this request is February 19, 2007 to the present.

2. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please:

    (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees;

    (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

1

(c) state what privilege is claimed; and

(d) state the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject to your control, please state:

(a) the date of its disposition;

(b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and

(c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1.

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## I. REQUESTS FOR ADMISSION

1. Plaintiff Paul Cox is an individual who resides in Bartlett, DuPage County, Illinois.

2. Defendant Unifund is a general partnership which is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers. It operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

3. Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund. It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242.

4. Defendant ZB Limited Partnership is a limited partnership entity chartered

under the laws of the State of Delaware and is a general partner of Unifund. Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. Defendant Unifund is a "debt collector" as defined in the FDCPA.

6. Unifund CCR Partners pays an average of less than ten cents on the dollar for the debts it purchases.

7. More than 50% of the debts purchased by Unifund CCR Partners are credit card debts.

8. Unifund owns approximately $12 billion in charged-off debts.

9. Unifund does not acquire documentation for each of the accounts, including in particular account agreements signed by the putative debtors.

10. Unifund regularly files lawsuits to attempt to collect debts.

11. Unifund filed more than 500 lawsuits in the Circuit Court of Cook County during 2007. Others were filed in other Illinois counties.

12. In January 2008, Unifund filed a lawsuit in DuPage County, Illinois, against plaintiff Cox to collect an alleged credit card debt, case no. 08 AR 22

13. Any such debt would have been incurred for personal, family or household purposes.

14. Appendix A is a document which defendant Unifund CCR Partners regularly attaches to collection complaints filed in courts

15. Appendix A is a standard form document, filled out in a standardized manner.

16. The particular example of the document in Appendix A was attached to

3

the complaint filed in DuPage County, Illinois, against plaintiff Cox in January 2008, case no. 08 AR 22.

17. More than 100 examples of <u>Appendix A</u> have been attached to collection complaints.

18. <u>Appendix A</u> is not sent to putative debtors, except as an exhibit to a collection complaint.

19. Defendants never sent <u>Appendix A</u> to Plaintiff by mail.

20. The alleged debt that was the subject of 08 AR 22 had been charged off more than eight years prior to the filing of suit.

21. The date of the last payment on the alleged debt that was the subject of 08 AR 22 was more than eight years prior to the filing of suit.

22. The complaint in case no. 08 AR 22 did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed.

23. No contract wholly in writing ever existed with respect to the alleged debt.

24. The debt was allegedly a credit card originated by First USA Bank.

25. Unifund CCR Partners regularly sues Illinois residents for purported credit card debts on which both the charge-off date and the date of the last payment were more than five years previously, even though it does not have any written contract.

26. There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one

4

year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

27.     There are at least 100 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

28.     There are at least 40 (a) individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after February 19, 2007 (a date one year before the filing of this action) and prior to a March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

29.     There are at least 100 (a) individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after February 19, 2007 (a date one year before the filing of this action) and prior to a March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

30.     Unifund's net worth is more than $50,000

5

31.  Unifund's net worth is more than $1,000,000.

32.  Unifund's net worth is more than $10,000,000.

33.  Unifund's net worth is more than $50,000,000.

34.  CCRF's net worth is more than $50,000

35.  CCRF's net worth is more than $1,000,000.

36.  CCRF's net worth is more than $10,000,000.

37.  CCRFs net worth is more than $50,000,000.

38.  ZBLP's net worth is more than $50,000

39.  ZBLP's net worth is more than $1,000,000.

40.  ZBLP's net worth is more than $10,000,000.

41.  ZBLP's net worth is more than $50,000,000.

## II. INTERROGATORIES

1.  State the name, address, title and job description of each person with defendant or any of its affiliates who was involved in authorizing or approving the filing of a lawsuit against the plaintiff.

2.  State the name, address, title and job description of each person with defendant or any of its affiliates who authorized, approved, or was involved in preparing or mailing out documents similar to Appendix A.

3.  State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computers can determine (a) charge off dates, or (b) dates of filing of law suits, or (c) date of last activity.

4.  State whether your computer can determine the number of instances in

6

which an account statement similar to Appendix A was mailed to putative debtors.

    5.    State whether your computer can determine the number of instances in which an account statement similar to Appendix A was attached to collection complaints filed in Illinois.

    6.    Identify all claims and complaints (including pleadings and correspondence) you have received alleging that envelopes similar to Appendix A sent to debtors violates the FDCPA or state laws regulating debt collection.

    7.    State the number, name, address for each (a) natural person (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action). Please produce this information in Microsoft Excel or a similar format, if possible.

    8.    State the number, name, address for each (a) individual with an Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after February 19, 2007 (a date one year before the filing of this action) and prior to a March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

    9.    If you contend that any of the persons who are described in the preceding

7

two interrogatories incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

10. State the net worth of each defendant and whether its financial statements are audited. If defendants' financial statements are not audited, identify all credit applications and financial statements issued or submitted by defendant in the last 3 years.

11. Identify all trade associations relating to debt collection to which you belong, including but not limited to the Debt Buyers Association.

12. List all publications and periodicals relating to debt collection which you subscribe to or receive on a regular basis.

13. Identify all entities that are under common ownership with defendant Unifund that have anything to do with the servicing, purchasing, selling, or filing suit on First USA Bank debts owned by Unifund.

14. Explain the basis for your claim that any violation alleged in the complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

15. With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

8

## IV. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1. All documents transmitted to plaintiff by defendants with respect to the alleged debt of plaintiff.

2. All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

3. All of defendants' account notes relating to plaintiff.

4. All documents purporting to transfer any interest in the alleged debt of plaintiff, including assignments and sales agreements.

5. All communications between defendants and their attorneys who filed complaints in state court for them that relate in any way to defendants' claim that its violation was the result of a bona fide error.

6. All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the FDCPA.

7. All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to filing of lawsuits on First USA Bank credit card debts, or credit card debts generally.

8. All manuals, memoranda, instructions, and other documents referring to the statute of limitations on credit card debts.

9. All documents relating to any complaint, criticism or inquiry, by any person, concerning defendants' compliance with the Fair Debt Collection Practices Act, or state

9

statutes regulating debt collection activities, filing lawsuits on time-barred debts.

10. All documents (irrespective of date) that discuss or relate to defendants' compliance or lack of compliance with the FDCPA through filing lawsuits on time-barred debts.

11. All organizational charts of defendants.

12. All agreements authorizing you to conduct collection activities with respect to plaintiff.

13. All documents relating to the maintenance by defendants of procedures adapted to avoid violations of the FDCPA through the filing of law suits on time-barred debts or related violations of the Fair Debt Collection Practices Act.

14. All documents setting forth defendants' document destruction and retention policies.

15. Defendants' annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

16. All credit applications or financial statements defendants issued within the last 3 years.

17. All proposals and bids defendants submitted to governmental agencies which describe defendants' business.

18. One copy of each different form letter defendants directly or through an agent send to debtors that mentions filing a lawsuit.

19. The complete file, including but not limited to computer information, for all a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a

period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

20.   The complete file, including but not limited to computer information, for all (a) individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after February 19, 2007 (a date one year before the filing of this action) and prior to a March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

_____
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **EXHIBIT 1**

### **INSTRUCTIONS AND DEFINITIONS**

#### **Definitions**

    A.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

    B.    References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

    C.    "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

    D.    "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

    E.    "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

    F.    "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

### Instructions

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

   I, Tiffany N. Hardy, certify that on March 21, 2008, a copy of this document sent by fax and mail to:

Kathleen A. Kelley
SWANSON, MARTIN & BELL, LLP
One IBM Plaza, Suite 330
330 North Wabash
Chicago, IL 60611
(312) 321-0990 (FAX)

                     _____
                     Tiffany N. Hardy