# APPENDIX E

FILED

NOV 0 4 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Mohammed U. Hamid, on behalf of )
himself and all others similarly situated, )
                                    )     Case No.  00 C 4511
         Plaintiff, )
                                    )
v.                                  )     Judge St. Eve
                                    )
Blatt, Hasenmiller, Leibsker & Moore, )
Unifund CCR Partners and Unifund Corp. )    Magistrate Judge Brown  X
                                    )
         Defendants. )

**DOCKETED**

**NOV  8 2002**

## Notice of Motion

To:     See attached service list

       PLEASE TAKE NOTICE, that on November 8, 2002 at 9:45 a.m., we shall appear before Judge Brown in Room 1812 of the Federal District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present the attached **Plaintiff's Motion to Compel the Unifund Defendants to Comply With The Court's Discovery Orders and for Sanctions,** a copy of which is hereby served upon you.

                                         _____
                                         One of the Attorneys for the Class

Dated:  November 4, 2002

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604-4398
(312) 939-6280

Lance Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington St.
Suite 1805
Chicago, Illinois 60602
(312) 782-5808



Christopher V. Langone
The Langone Law Firm
25 East Washington St.
Suite 1805
Chicago, Illinois 60602
(312) 782-2000

## CERTIFICATE OF SERVICE

I, Michael S. Hilicki, certify that I caused a copy of the attached **Plaintiff's Motion to Compel the Unifund Defendants to Comply With The Court's Discovery Orders and for Sanctions** to be served on the people at the addresses below by the method indicated on November 4, 2002, before 5:00 p.m.

Michael S. Hilicki

## SERVICE LIST

David Schultz **(by hand delivery)**
Hinshaw & Culbertson
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081

William Fecher **(by fax and overnight mail)**
Statman, Harris Siegel & Eyrich, LLC.
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Fax: (513) 621-4896

FILED
NOV 0 4 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Mohammed U. Hamid, on behalf of           )
himself and all others similarly situated, )
                                           )
                  Plaintiff,               )        Case No.  00 C 4511
                                           )
       v.                                  )        Judge St. Eve
                                           )
Blatt, Hasenmiller, Leibsker & Moore,      )
Unifund CCR Partners and Unifund Corp.,    )
                                           )
                  Defendants.              )        Magistrate Judge Brown   X

**DOCKETED**
NOV  8 2002

### Plaintiff's Motion to Compel the Unifund Defendants to Comply With The Court's Discovery Orders and for Sanctions

Plaintiff moves to compel Defendants Unifund CCR Partners and Unifund Corp.

("Unifund") to comply with the Court's discovery orders by producing certain discovery within

seven days, and to sanction Unifund for not complying with the Court's discovery orders:

1.      This is a class action alleging that Unifund bought a portfolio of time-barred

Montgomery Ward & Co. accounts and, with the law firm Defendant Blatt Hasenmiller,

attempted to collect the alleged debts from several thousand consumers in violation of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

2.      The Court has held several hearings on discovery and set multiple discovery

schedules.  Unifund has not complied with the Court's orders as follows.

3.      <u>Failing to Produce Class Member Interest Rate Information</u>

One of the claims at issue is that Defendants overstated the rate at which interest was

accruing on the alleged debts at issue.  See Amd. Cmplt. at ¶¶ 20, 36.  The Court ordered

Defendants to produce the interest rates stated in contract for each class member, and the rates

which were actually used to calculate interest sought from each class member.  See 5/9/02 Order



at ¶ 1-4(c), attached as Exhibit <u>A</u>.  At first Unifund failed to produce either set of figures, now it

has produced only one set, and it is not clear which set it produced as explained in Plaintiff's

June 19th and 29th emails:

> -- June 19 --
>     Para. 1.c. of the order requires Unifund to
> produce the interest rate stated in the contract for
> each putative class member, and the rate actually
> sought to be collected.  We have not received that
> information.
>
> -- June [2]9 --
>     Also, the spreadsheet contains what you describe
> to be "the interest rate being charged to each account
> debtor."  Para. 1.c. of the Court's 5/9/02 order
> requires Unifund to produce two categories of interest
> rate information:  the interest rate provided in the
> Montgomery Ward contract for each account, and the rate
> at which Unifund calculated the interest it sought to
> collect on each account.  Which category of information
> does the new spreadsheet contain?  Also, when are we
> going to receive the other category?

See 6/19/02 and 6/29/02 Emails, attached as Exhibits <u>B</u> and <u>C</u>.

    4.    <u>Failing to Produce Documents Withheld Based on an Overruled Objection</u>

    Defendants objected to Plaintiff's discovery requests on semantics ground because they

did not like Plaintiff's description of the alleged debts at issue as "Montgomery Ward & Co."

accounts in his discovery requests.  On May 9, 2002, the Court ordered Defendants to produce

any documents withheld based on this objection, or to certify that there are none if there are none.

See 5/9/02 Order at ¶ 10, attached as Exhibit <u>A</u>.  Unifund has not complied as explained in

Plaintiff's June 19, 2002, June 29, 2002, and July 5, 2002 emails:

> -- June 19 --
>     Para. 10 requires Unifund to produce all documents
> it was withholding based on objections to Plaintiff's
> description of the accounts at issue as "Montgomery
> Ward & Co." accounts or, if no such documents exist,

confirm that no such documents exist.  Unifund states
in its written discovery responses pursuant to the May
9th order that "no specific documents were withheld"
based on its objection.  We are entitled to know
whether any documents were withheld.

-- June 29 --
    Your response to our inquiry about Para. 10 of the
May 9th order -- which requires Unifund to produce all
documents it was withholding based on objections to
Plaintiff's description of the accounts at issue as
"Montgomery Ward & Co." accounts or, if no such
documents exist, confirm that no such documents exist -
- merely reiterates Unifund's prior response.  It does
not answer the question in my email, i.e., what does
Unifund mean when it says that no "specific" documents
were withheld. Again, we are entitled to know whether
any documents were withheld.

-- July 5 --
    Unifund's answer on whether it is withholding
documents is still evasive.  Unifund has yet to say
that it "did not withhold any documents."  This time,
your statement is structured as a syllogism, ". . . if
no documents were withheld, then . . ."  But that's the
issue.  Did Unifund withhold documents?  We demand a
straight answer on this.

See 6/19/02, 6/29/02 and 7/5/02 Emails attached as Exhibits B, C and D.

Unifund ignored Plaintiff's offer to resolve the matter by certifying in writing (if Unifund

can truthfully do so) that: "The Unifund defendants are not withholding any documents based on

the objection to Plaintiff's description of the alleged debts at issue as 'Montgomery Ward & Co.'

accounts." See 10/19/02 Letter at p. 2, attached as Exhibit E.

    5.    Failing to Produce Unredacted Copies of Improperly Redacted Documents

    Unifund was obligated to produce its privilege log for certain redacted documents by May

31, 2002. See 5/9/02 Order at ¶ 13. But Unifund has yet to produce unredacted versions of

documents that it improperly redacted, as explained in Plaintiff's June 19th and July 5th emails:

-- June 19 --
    Unifund has also improperly redacted certain
documents it produced. Unifund's privilege log
describes the redactions in documents bates numbered
52, 55, 57-59 as communications with its counsel.  The
documents are print outs of computer screens from
Unifund's database. There are two redacted sections on
each document -- one in the lower right entitled "Add
Note", and one in the upper left entitled "Who Called?"
Although the "Add Note" section of these documents may
contain the content of communications with counsel, the
"Who Called?" section does not.  It identifies with
whom the communication was made, and that information
is not privileged.  Please produce copies of the
documents without the "Who Called?" redaction.

-- July 5 --
    Since Unifund will not discuss the attorney client
privilege issue with us, we will take the matter up
with the Court if we do not receive new copies of
documents 52, 55, and 57-59 without the redactions we
objected to, and an updated privilege log containing
the explanation given in your email for document bates
numbered 62.

See 6/19/02 and 7/5/02 Emails, attached as Exhibits B and D.  Unifund is obligated to produce

copies of the computer screen printouts bates stamped 52, 55, and 57-59 without the "Who

called?" information redacted.

6.    Failure to Produce Class Member Collection and Litigation Files

On July 25, 2002, the Court set a November 30, 2002 deadline for Unifund to produce the

class members' collection and litigation files.  See July 25, 2002 Order, attached as Exhibit F.

Because Unifund claimed that these documents are substantial, at the hearing the Court ordered

Unifund to produce the documents on "a rolling basis" so that Plaintiff would not receive a mass

of documents at one time, which would interfere with Plaintiff's ability to analyze the

information and determine what additional discovery was needed in light of the same before the

4

January 15, 2003 deadline for serving written discovery.

Despite the passage of three months since the Court set the deadline, Unifund has not produced any class member's litigation or collection file. See 10/19/02 Letter at p. 3, attached as Exhibit E. Unifund ignored Plaintiff's demand for a Rule 37.2 conference on this issue. See 10/19/02 Letter at p. 3, attached as Exhibit E.

7.    As shown, Plaintiff has made substantial efforts to obtain Unifund's compliance with the Court's orders, but Unifund has not done so. Plaintiff also made substantial efforts to engage Unifund in a Local Rule 37.2 conference on these points. See 6/19/02 Email ("please call me in the next seven days for a Local Rule 37.2 conference . . ."), 6/29/02 Email ("Please call me this coming week for a 37.2 conference . . ."), and 10/19/02 Letter at p. 3. ("Again we ask for a Rule 37.2 conference on these issues."). Plaintiff has been unsuccessful due to no fault of Plaintiff because Unifund refused or ignored each of Plaintiff's requests for a conference.

8.    The January 15, 2003 deadline for serving written discovery is approaching. Plaintiff will be prejudiced if he does not have all written discovery to which he is entitled in sufficient time to allow him to determine what additional written discovery is needed, and to prepare the additional discovery, before the deadline.

9.    Accordingly, Unifund should be ordered to comply with the Court's orders and produce to discovery described above within seven days.

10.    Further, Unifund should be sanctioned for not complying with this Court's orders and Local Rule 37.2 by being ordered to pay the attorneys' fees and costs Plaintiff incurred in bringing this motion. Federal Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court shall require the party failing to obey the order or the

5

attorney advising that party or both to pay the reasonable expenses, including attorneys' fees, caused by the failure . . ." See Fed. R. Civ. P. 37(b)(2) (emphasis added).

WHEREFORE, Unifund should be compelled to comply with the Court's discovery orders by producing the discovery described above within seven days. Further, Unifund should be ordered to pay the attorneys' fees and costs Plaintiff incurred in bringing this motion as a sanction for failing to comply with the Court's discovery orders.

Respectfully submitted,

One of the Attorneys for the Class

Dated: November 4, 2002

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 S. Michigan Ave.
Suite 1000
Chicago, IL 60604-4398
(312) 939-6280

Lance A. Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington, Suite 1805
Chicago, IL 60602
(312) 782-5808

Christopher V. Langone
The Langone Law Firm
25 Each Washington
Suite 1805
Chicago, IL 60602
(312) 782-2000

6

SEE CASE
FILE FOR
EXHIBITS

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
FEB 2 5 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
MAR 1 1 2003

| | |
|---|---|
| Mohammed U. Hamid, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No.  00 C 4511 ) |
| v. | ) ) Judge St. Eve |
| Blatt, Hasenmiller, Leibsker & Moore, Unifund CCR Partners and Unifund Corp. | ) ) Magistrate Judge Brown  X |
| Defendants. | ) ) |

**Notice of Motion**

To:    See attached service list

PLEASE TAKE NOTICE, that on February 28, 2002 at 9:45 a.m., we shall appear before Judge Brown in Room 1812 of the Federal District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present the attached **Plaintiff's Second Motion to Compel the Unifund Defendants to Comply With The Court's Discovery Orders and for Sanctions**, a copy of which is hereby served upon you.

_____
One of the Attorneys for the Class

Dated:  February 25, 2003

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604-4398
(312) 939-6280

Lance Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington St.
Suite 1805
Chicago, Illinois 60602
(312) 782-5808



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

FEB 2 5 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**

MAR 1 1 2003

| | |
|---|---|
| Mohammed U. Hamid, on behalf of<br>himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Blatt, Hasenmiller, Leibsker & Moore,<br>Unifund CCR Partners and Unifund Corp.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  00 C 4511

Judge St. Eve

Magistrate Judge Brown

### Plaintiff's Second Motion to Compel the Unifund Defendants to Comply With The Court's Discovery Orders and for Sanctions

Plaintiff again moves to compel Defendants Unifund CCR Partners and Unifund Corp. ("Unifund") to comply with the Court's discovery orders, and to sanction Unifund for not complying with the Court's orders:

### Introduction

1.      This certified class action was triggered by a lawsuit Defendants initiated against Plaintiff in state court by filing a verified complaint claiming that Plaintiff owed an alleged debt to Montgomery Ward that was approximately ten-years old.  But Plaintiff did not do what Defendants expected – i.e., pay a settlement on the alleged debt to get rid of the suit, or allow a default judgment to be entered against him that could then go to post-judgment collection proceedings.  Instead, Plaintiff retained counsel and prepared to defend the suit.  Faced with opposition to their collection suit, Defendants dismissed the case to avoid exposing its lack of merit.

90



2.      Plaintiff and the Class sued Unifund because it bought a portfolio of time-barred Montgomery Ward & Co. accounts and, along with the law firm Defendant Blatt Hasenmiller, tried to collect the alleged debts from several thousand consumers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

3.      The Court has held several hearings on discovery and set multiple discovery schedules.  This is the second motion to compel Plaintiff has had to file against Unifund to try to get it to comply with the Court's orders.  The Unifund Defendants continue to violate the orders.

<u>Continuing Failure to Produce Class Member Collection and Litigation Files</u>

4.      On July 25, 2002, the Court set a November 30, 2002 deadline for Unifund to produce the class members' collection and litigation files.  See July 25, 2002 Order.  Because Unifund claimed that these documents were substantial, at the hearing the Court ordered Unifund to produce the documents on "a rolling basis" so that Plaintiff would not receive a mass of documents at one time, which would interfere with Plaintiff's ability to analyze the information and determine, before the January 15, 2003 deadline for serving written discovery, what additional discovery was needed in light of the production.

5.      Unifund did not produce any class member's litigation or collection file until after Plaintiff filed his first motion to compel and for sanctions in early November, 2002.  At the hearing on that motion, the Court criticized Unifund for not having complied with the order that it produce the files on a rolling basis, and the Court reiterated that Unifund was obligated to complete production of the files by November 30th.  Further, the Court stated that Plaintiff's sanctions request would be denied without prejudice to him seeking sanctions again if Unifund

2

did not comply with the order to produce all class member collection and litigation files by November 30, 2002.

6.      Unifund did not comply.  Although it appears that Unifund has produced complete <u>collection</u> files for all class members, Unifund only produced the <u>litigation</u> files for a couple dozen class members.  Specifically, Unifund produced litigation files it had in its immediate possession, but not those in the possession of the attorneys it hired to collect the alleged debts.

7.      Plaintiff asked for production of the missing litigation files on December 18, 2002.  <u>See</u> 12/18/02 Letter, attached as Exhibit <u>A</u>.  At a Rule 37.2 conference on January 9th, Unifund promised only to look into the matter and get back to Plaintiff by January 24th.  <u>See</u> 1/10/03 Letter, attached as Exhibit <u>B</u>.

8.      On January 24th, Unifund told Plaintiff it would produce the missing class member litigation files, but it did not say when it would do so.  Because Unifund was already obligated to produce the files under the Court's July 25, 2002 Order, Plaintiff scheduled another Rule 37.2 conference to resolve the date by which the files would be produced.  <u>See</u>, <u>e.g.</u>, 12/18/02 and 2/12/03 Letters, attached as Exhibits <u>A</u> and <u>D</u>.  But Unifund would not commit to a date at the conference.  <u>See</u> 2/17/03 Letter and 2/21/03 Letters, attached as Exhibits <u>E</u> and <u>F</u>.

9.      Throughout this case Unifund has refused to commit to deadlines by which it will produce discovery, necessitating endless discussions on the matter, volumes of correspondence, requests for discovery schedules at status hearings and ultimately motions to compel.  Unifund's latest delay prejudices Plaintiff's ability to complete discovery by the May 16, 2003 oral fact discovery cutoff.  Plaintiff will need time to review the litigation files after he gets them, and

Plaintiff has no way of knowing how long that will take because he does not know how many documents the files contain.

10.    Unifund should be ordered to produce the files within seven days so that Plaintiff can try to complete discovery by the current discovery cutoff without having to squeeze a multitude of depositions into a unreasonably short period of time at the end of the discovery period.  Alternatively, if Unifund can demonstrate that it needs any substantial amount of time to comply with the Court's order and it can show good cause for its noncompliance, the oral fact discovery cutoff should be extended.

11.    Unifund also should be sanctioned for forcing Plaintiff to twice move to compel compliance with the Court's orders.  Federal Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys' fees, caused by the failure . . ."  See Fed. R. Civ. P. 37(b)(2) (emphasis added).

Unreasonable Failure to Produce Complete Privilege Log

12.    The Unifund Defendants have redacted numerous documents, and withheld others, on the alleged ground that the documents contain attorney-client communications.  On July 25, 2002, the Court ordered Unifund to produce a privilege log by November 30, 2002.  See 7/25/02 Order.  Unifund has produced its privilege log in installments – the latest on January 24, 2003, which is attached as Exhibit G.

13.    It is Unifund's burden to prove that it is justified in withholding discovery on privilege grounds.  See United States v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997).  Federal

4

Rule 26(b)(5) requires Unifund to produce a log that contains enough information to allow

Plaintiff and the Court to assess the validity of the privilege, including:

> all authors and recipients of the document along with their capacities, a statement
> of the subject matter of the [information withheld], and an explanation of the basis
> for withholding the document from discovery.

SmithKline Beecham Corp. v. Apotex Corp., 193 F.R.D. 530, 533-34 (N.D. Ill. 2000); see also,

Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 145 F.R.D. 84, 88 (N.D. Ill. 1992).

14.   Aside from failing to produce the entire log on time, no installment of Unifund's

log complies with Rule 26(b)(5) because, e.g., none list "all authors and recipients of the

document[s] along with their capacities . . ." SmithKline, 193 F.R.D. at 533-534.  On December

18, 2002, Plaintiff asked Unifund to produce a complete log, and in his letter he cited to Unifund

the above case law to support his demand and explain what information Unifund's log was

missing,  See 12/18/02 Letter, attached as Exhibit A.

15.   At a January 9th Rule 37.2 conference, Unifund told Plaintiff it would get back to

him on the matter, but it failed to do so.  Instead, on January 24th, Unifund produced another

installment of its privilege log that contained the same defects listed in Plaintiff's December 18th

letter.  See 1/31/03 Letter and the Privilege Log attached as Exhibits C and G.

16.   Plaintiff asked for another Rule 37.2 conference on the matter.  At the conference

Unifund told Plaintiff that it would tell Plaintiff whether and when it would produce a complete

privilege log by February 20th.  See 2/17/03 Letter, attached as Exhibit E.  But Unifund did not

do so.  Instead, it wrote Plaintiff on February 20th to demand an explanation as to why Plaintiff

wanted a complete privilege log, even though Plaintiff explained this during the conference.  See

2/21/03 Letter, attached as Exhibit F. Plaintiff is entitled to a complete log if Unifund wants to withhold discovery on privilege grounds.

17.    Again, it is Unifund's burden to prove – not Plaintiff's burden to disprove – that Unifund is entitled to withhold discovery on privilege grounds, and Unifund has not met its burden. Without disclosing the authors and recipients and their capacities, it is impossible for Plaintiff or the Court to assess whether the distribution of the documents at issue was so broad that they cannot be construed to be communications prepared for the purpose of legal advice and intended to be confidential – two prerequisites to asserting the privilege. See In re General Instr. Corp. Sec. Litig., 190 F.R.D. 527, 531 (N.D. Ill. 2000). For that reason, "[t]he failure to provide specific and complete distribution lists with descriptions of individuals' capacities for documents is sufficient reason to order production." General Instr. Corp. Sec. Litig., 190 F.R.D. at 531.

18.    The Court ordered Defendants to produce privilege logs in May, 2002. Plaintiff has made substantial efforts to resolve Unifund's failure to comply, and Unifund has failed to comply for no good reason even though it has the burden of defending its privilege assertions. Thus, Unifund should be ordered to produce all documents it redacted or failed to produce on privilege grounds within seven days.

## Failure to Produce Commercial Collection Agreement with Defendant Blatt Hasenmiller

19.    There is a twenty-five page agreement governing the relationship between Unifund and Blatt as it pertains to the collection and liquidation of the portfolio of Montgomery Ward debt at issue. Unifund has refused to produce the agreement on privilege grounds. Unifund assumes the agreement must be privileged because it is between itself and Defendant

6

law firm.  But the privilege must be established for agreements between non-lawyers and lawyers just like any other document.  See Salstone v. General Felt Industries, 1986 U.S. Dist. LEXIS 17163 at *9-*10 (N.D. Ill. Dec. 4, 1986).  Unifund has never met its burden because, as shown, it has not produced a complete privilege log showing all information required by Federal Rule 26(b)(5).

20.    At the February 17th Rule 37.2 conference, Plaintiff gave Unifund yet another chance to produce the information required by Federal Rule 26(b)(5) as to its collection agreement with Blatt.  Unifund agreed to produce the information by February 20th, but it did not do so.  See 2/17/03 Letter, attached as Exhibit D.  It has not produced the authors and recipients of the documents, and their capacities.

21.    Further, Unifund just baldly claims that its collection agreement with Blatt is an attorney-client communication.  That is not sufficient to establish the privilege.  To establish the privilege, the Seventh Circuit requires Unifund to show that the collection agreement meets the following criteria:

(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected from disclosure by himself or by the legal adviser, (8) except the protection may be waived.

Evans, 113 F.3d at 1461.

22.    Unifund has not shown that any part of the twenty-five page agreement meets the above criteria, let alone the entire agreement.  The agreement must contain information beyond "retention of a lawyer" language because Unifund and Blatt do not have an ordinary attorney-client relationship.  They are joint venturers collecting on and liquidating a portfolio of time-

barred debt. In fact, according to Blatt's Web site, it employs "telephone collectors" and it represents its clients in a "prelegal collection capacity." See www.bhlmlaw.com at "The Firm."

23.    Unifund has the burden of sustaining the privilege, it has had ample opportunity to produce the information it must produce – if it exists – under Federal Rule 26(b)(5), and it has failed to do so. The agreement should be produced.

24.    But even if Unifund could meet its burden under Federal Rule 26(b)(5) for some parts of the agreement, it should still be compelled to produce the rest of the agreement because it contains important, relevant information. First, it governs the collection of the portfolio of alleged Montgomery Ward debts at issue, and Defendants' methods for collecting the alleged debts constitute the central issue in the case. Second, Defendants assert that their knowledge (or lack thereof) regarding the time-barred status of the alleged debts at issue exonerates them – the agreement will reveal some aspects of their knowledge about the character of the alleged debts at issue. Third, Defendants claim that any violation of the FDCPA that occurred was caused by an error despite their maintenance of procedures reasonably adapted to avoid such errors, which is a defense under the FDCPA (see § 1692k(c)) – the agreement must describe Defendants' procedures for collecting the alleged debts and show what effort was made to screen out time-barred debts from collection suits.

25.    Fourth, Blatt Hasenmiller has put the agreement's contents at issue. It relies on the agreement to argue that the Class is not entitled to recover all of the money Blatt illegally collected from it. In its January 8, 2003 settlement position letter to the Court, Blatt states that it may not be held liable for the full amount of the money it illegally collected because the

8

agreement required it to pay a percentage of the money to Unifund. It is unfair to let Blatt rely on the agreement as a defense, and at the same time deny the Class access to it.

26.     Plaintiff and Unifund have held several Rule 37.2 conferences regarding the collection agreement. Unifund will not produce it and, despite being given multiple chances to comply with Federal Rule 26(b)(5) to justify its privilege assertion, it has failed to comply. The agreement contains information relevant to Plaintiff's claims and Defendants' defenses, and Defendant Blatt has put the agreement's contents at issue. The agreement should be produced.

Failure to Give a Date Certain by Which Unifund Corp. Discovery Responses will be Produced

27.     There are two Unifund Defendants, Unifund CCR Partners and Unifund Corp. Due to a typographical error, Unifund Corp.'s name was omitted from Plaintiff's initial written discovery requests and requests to admit.

28.     The Unifund Defendants jointly responded to Plaintiff's requests to admit as if Unifund Corp.'s name was listed on the requests. However, for some reason Unifund Corp. did not join in responding to Plaintiff's interrogatories and document requests.

29.     Plaintiff did not learn until later that the responses to his interrogatories and document requests were made only by Unifund CCR Partners Corp. and, when he did, Plaintiff told Defendants' counsel that Plaintiff considered his discovery requests to have been made in substance to both Unifund Defendants. When no further responses were forthcoming, Plaintiff memorialized his position by letter, and asked the Unifund Defendants to produce updated responses for Unifund Corp. to the extent that Unifund Corp.'s answers are different than those of Unifund CCR Partners. See 1/31/03 Letter, attached as Exhibit D.

30.    Unifund Corp. agreed to produce the information, but did not give a date by which it would do so. At the February 17th Rule 37.2 conference, Unifund Corp. agreed to give Plaintiff a date by which it would produce the information by February 20th, but it did not do so. See 2/17/03 and 2/21/03 Letters, attached as Exhibits E and F. Accordingly, Unifund Corp. should be compelled to produce the information within seven days.

WHEREFORE, Unifund should be compelled to produce discovery as explained above. Further, Unifund should be ordered to pay the attorneys' fees and costs Plaintiff incurred in bringing this motion and his earlier motion as a sanction for failing to comply with the Court's discovery orders.

Respectfully submitted,

_One of the Attorneys for the Class_

Dated:  February 25, 2003

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, IL 60604-4398
(312) 939-6280

Lance A. Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington, Suite 1805
Chicago, IL 60602
(312) 782-5808

10

Christopher V. Langone
The Langone Law Firm
25 Each Washington
Suite 1805
Chicago, IL 60602
(312) 782-2000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MOHAMMED U. HAMID, on behalf of )
himself and all others similarly situated, )
)
        Plaintiff, )   No. 00 C 4511
)
        v. )   Judge Amy J. St. Eve
)
BLATT, HASENMILLER, LEIBSKER )   Magistrate Judge Geraldine Soat Brown
& MOORE; UNIFUND CCR )
PARTNERS and UNIFUND CORP., )
)
        Defendants. )

**FILED**
MAR - 7 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**
MAR 1 1 2003

## NOTICE OF FILING

To:    See Attached Service List

       PLEASE TAKE NOTICE that on March 7, 2003, we filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, **Unifund CCR Partners and Unifund Corp.'s Response to Plaintiff's Motion to Compel**, a copy of which is attached and is hereby served upon you.

       Respectfully submitted,

Dated: March 7, 2003

       UNIFUND CCR PARTNERS and
       UNIFUND CORP.

       By: _____
       One of Their Attorneys

Daniel P. Shapiro, Esq.
Steven A. Levy, Esq.
Susan H. Kane, Esq.
GOLDBERG, KOHN, BELL, BLACK
  ROSENBLOOM & MORITZ, LTD.
Firm I.D. 24139
55 East Monroe Street
Suite 3700
Chicago, Illinois 60603
(312) 201-4000

91

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED

MAR - 7 2003

MICHAEL W. DOBBINS
CLERK. U.S. DISTRICT COURT

MOHAMMED U. HAMID, on behalf of himself and all others similarly situated,

      Plaintiff,

      v.

BLATT, HASENMILLER, LEIBSKER & MOORE; UNIFUND CCR PARTNERS and UNIFUND CORP.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 00 C 4511

Judge Amy J. St. Eve

Magistrate Judge Geraldine Soat Brown

DOCKETED

MAR 1 1 2003

## UNIFUND CCR PARTNERS AND UNIFUND CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

### Introduction

Based on the current status of discovery, and the ongoing responsiveness of Defendants Unifund CCR Partners and Unifund Corp. (collectively, the "Unifund Defendants") to Plaintiff's discovery requests, the Plaintiff's Second Motion to Compel the Unifund Defendants to Comply With the Court's Discovery Orders and for Sanctions ("Motion") is without foundation and should be denied.

Plaintiff's Motion requests documents in four categories: 1) litigation files; 2) privilege log; 3) supplemental written responses on behalf of Unifund Corp.; and 4) collection agreement between the Unifund Defendants and their collection attorneys. Plaintiff's requests for these four categories should be denied for two reasons. First, the Unifund Defendants have already <u>agreed</u> to produce the documents in question as to the first three of these categories. There is simply no dispute as to these issues, and therefore, Plaintiff's Motion should be denied as groundless. Second, Plaintiff's request regarding the

S316.001

last category, the collection agreement, seeks production of a document clearly protected by attorney-client privilege. As this request is unavailing under the law, it should be denied as well.

## Case History

1.       In the last two months, the Unifund Defendants retained new counsel in this matter,[1] exchanged position statements in preparation for a settlement conference that is scheduled for March 17, 2003, engaged in two separate discovery conferences with Plaintiff's counsel, and responded to numerous and detailed discovery requests from Plaintiff by each date that Plaintiff requested a response. Plaintiff's contention that the Unifund Defendants have failed to respond to discovery requests is simply wrong. In fact, it is unclear as to why any Motion has been filed at this juncture in the case.

2.       Rather than focus on the present status of discovery, Plaintiff's Motion centers on discovery disputes that took place between Plaintiff's counsel and the Unifund Defendant's prior counsel, who was replaced as of late December 2002. In contrast to Plaintiff's contentions, the facts show that the Unifund Defendants have spent considerable time and effort in addressing Plaintiff's concerns regarding past discovery. (*See* Letters dated January 14, 2003, January 24, 2003, February 13, 2003, and February 20, 2003 attached as Exhibits A through D.) A review of the correspondence between the parties reveals that the Unifund Defendants have attended to all of Plaintiff's requests regarding past discovery and

---

[1]      At the outset of this case, the Unifund Defendants and Defendant Blatt Hasenmiller were represented by a single law firm; in light of possible conflicts of interest that could develop in this case, as of late December 2002, the Unifund Defendants and Blatt Hasenmiller had each retained their own separate counsel.

have addressed each in turn.  Plaintiff's Motion attempts to obscure the present status of discovery by magnifying these past disputes and erroneously claiming that they have not been addressed.

### Litigation Files

3.  Plaintiff's Motion contends that the Unifund Defendants have not complied with Plaintiff's request for the category of litigation files, but the facts show otherwise.  Plaintiff's Motion describes a dispute over litigation files that Plaintiff engaged in with prior counsel.  However, as outlined in the Unifund Defendants' Letter dated January 24, 2003, the Unifund Defendants have agreed to produce these documents and are currently undertaking the process by which these documents must be gathered.  In light of that agreement, Plaintiff's argument with respect to these documents makes no sense.

4.  On January 9, 2003, during the first discovery conference since the Unifund Defendants' retention of new counsel, Plaintiff expressed concern regarding these litigation files.  The Unifund Defendants' current counsel agreed to Plaintiff's request that these litigation files would be produced.  However, as the Unifund Defendants' current counsel explained to Plaintiff, the litigation files at issue were not located at Unifund.  Rather, the litigation files must be collected from numerous outside law firms that are located across the country.  In the letter dated January 24, 2003 (Exhibit B), and again during a second discovery conference on February 17, 2003, the Unifund Defendants explained these facts to Plaintiff.  The Unifund Defendants have not only agreed to comply, they are proceeding to gather and review these documents, a process that only began after the parties reached agreement on January 24, 2003 to produce these documents.

5.     The Unifund Defendants are making every effort to produce these documents, as stated above, and, further, have no intention of prejudicing Plaintiff's ability to complete discovery by the discovery cut-off date.  The Unifund Defendants thus have no objection to the Plaintiff's request to extend the discovery cutoff date if and when that appears to be necessary due to the burdensome and logistically challenging production of the litigation files the Plaintiff seeks.

<u>**Privilege Log**</u>

6.     During the first discovery conference between Plaintiff and current counsel on January 9, Plaintiff requested a set of eighty collection files that had not been previously produced due to a dispute as to whether or not these eighty individuals were members of the plaintiff class.  In addition, Plaintiff requested the corresponding privilege log for any redactions of these eighty files.  Despite the fact that there has been no final determination regarding the status of these eighty individuals as class members, the Unifund Defendants produced both the files and the privilege log, information that had been gathered and prepared by the Unifund Defendants' prior counsel but which was not produced pending a determination of the individuals' class status.  (*See* Letter dated January 24, 2003.)

7.     During the second discovery conference on February 17, 2003, Plaintiff stated his objection to the privilege log that had been produced.  The parties discussed the fact that Plaintiff has accepted privilege logs in the exact same format over the course of this case without objection; however, despite the Plaintiff's prior position, the Unifund Defendants stated that they did not object to producing a privilege log that would reflect the

categories now being requested by Plaintiff, but did want to talk further with Plaintiff about the need for all of the information requested because the task of creating the detailed log Plaintiff sought was burdensome. (*See* Letter dated February 20, 2003.)

8.     Instead of responding to this request for further consultation, Plaintiff filed this Motion. The Motion's request to compel a privilege log seems needless, however, because the Unifund Defendants have already agreed that they would not object to this production if, following further discussion, Plaintiff continues to believe that all of this additional information is necessary.

### Discovery Responses

8.     Current counsel for the Unifund Defendants was informed via Plaintiff's Letter dated January 31, 2003 (attached as Exhibit C to Plaintiff's Motion), that there was confusion on the Plaintiff's part as to which of the Unifund entities had previously provided written responses to Plaintiff's discovery requests. The confusion stems from the fact that Plaintiff's interrogatories and document requests sought responses from Unifund CCR Partners and not from Unifund Corp. Unifund CCR Partners responded to the requests solely on its own behalf.

9.     After receiving Plaintiff's January 31, 2003 Letter, the Unifund Defendants told Plaintiff that Unifund Corp. would provide written responses on behalf of Unifund Corp. (*See* Letter dated February 20, 2003.) Despite the fact that Plaintiff served discovery only on Unifund CCR Partners and, therefore, received responses signed only by Unifund CCR Partners over a year ago, notifying Plaintiff that the issue needed to be addressed, Plaintiff failed to address this situation until January 31, 2003 and now seeks to

compel responses on behalf of Unifund Corp. within seven days. Based on the agreement to produce these responses, and based on the prior passage of time regarding this situation, Plaintiff's motion regarding these responses should be denied.

### Attorney-Client Agreement

10.    Plaintiff's request for the collection agreement between the Unifund Defendants and their collection attorneys, co-defendant Blatt Hasenmiller, likewise has no basis. As explained to Plaintiff during the February 17, 2003 discovery conference and reiterated in their February 20, 2003 Letter, this agreement between attorney and client contains confidential information, and is therefore protected from disclosure.

11.    Moreover, Plaintiff's contention that the Unifund Defendants have failed to produce the necessary categories of information on which the Unifund Defendants withheld the collection agreement is belied by the Unifund Defendants' letter dated February 20, 2003.    Plaintiff requested these categories of information during the February 17, 2003 discovery conference, and the Unifund Defendants provided the following information in their February 20 Letter:

> Second, you requested that the Unifund Defendants provide information regarding the basis for withholding the collection agreement document on the grounds of attorney-client privilege. The information is as follows: This document, bates-numbered 14239 through 14264, is dated November 18, 1997, and was entered into between Unifund CCR Partners and Blatt, Hasenmiller, Leibsker, Moore & Pellettieri. This document is protected from discovery on the grounds that it is a privileged communication between attorney and client.

It is unclear what other information Plaintiff requires to investigate the basis for withholding this document on privilege grounds.

WHEREFORE, Unifund CCR Partners and Unifund Corp. respectfully request that Plaintiff's Second Motion to Compel the Unifund Defendants to Comply With the Court's Discovery Orders and for Sanctions be denied.

Respectfully submitted,

Dated:  March 7, 2003

UNIFUND CCR PARTNERS and
UNIFUND CORP.

By:

One of Their Attorneys

Daniel P. Shapiro, Esq.
Steven A. Levy, Esq.
Susan H. Kane, Esq.
GOLDBERG, KOHN, BELL, BLACK
    ROSENBLOOM & MORITZ, LTD.
Firm I.D. 24139
55 East Monroe Street
Suite 3700
Chicago, Illinois 60603
(312) 201-4000

SEE CASE
FILE FOR
EXHIBITS

**FILED**

MAR 1 1 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Mohammed U. Hamid, on behalf of )
himself and all others similarly situated, )
                                            )        Case No. 00 C 4511

      Plaintiff,                 )

                           MAR 1 3 2003 )

v.                                 )        Judge St. Eve

                                       )

Blatt, Hasenmiller, Leibsker & Moore, )
Unifund CCR Partners and Unifund Corp. )    Magistrate Judge Brown  X

                                       )

      Defendants.               )

### Notice of Filing

To:     See attached service list

     PLEASE TAKE NOTICE, that on March 11, 2003, we filed the attached **Reply in Support of Plaintiff's Second Motion to Compel the Unifund Defendants to Comply With The Court's Discovery Orders and for Sanctions** with the Clerk of the Federal District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 a copy of which is hereby served upon you.

                                  _____
                                  One of the Attorneys for the Class

Dated: March 11, 2003

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604-4398
(312) 939-6280

Lance Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington St.
Suite 1805
Chicago, Illinois 60602
(312) 782-5808

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

MAR 1 1 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Mohammed U. Hamid, on behalf of
himself and all others similarly situated,      )
                              MAR 1 3 2003 )
                                      )

               Plaintiff,         )      Case No.  00 C 4511

     v.                       )
                              )      Judge St. Eve

Blatt, Hasenmiller, Leibsker & Moore,  )
Unifund CCR Partners and Unifund Corp.,  )
                              )      Magistrate Judge Brown   X

            Defendants.    )

**Reply in Support of Plaintiff's Second Motion to Compel the Unifund Defendants to
Comply With The Court's Discovery Orders and for Sanctions**

     Plaintiff replies in support of his second motion to compel Defendants Unifund CCR

Partners and Unifund Corp. ("Unifund") to comply with the Court's discovery orders, and to

sanction Unifund for not complying with the Court's orders:

<u>Unifund's Continuing Failure to Produce Class Member Litigation Files</u>

     Unifund does not dispute that it has not complied with the Court's July 25, 2002 order

that it produce all class members' litigation files by November 30, 2002.  Unifund also does not

dispute that Plaintiff has tried to resolve Unifund's noncompliance with numerous letters,

multiple Rule 37.2 conferences and an earlier motion to compel.  And Unifund does not dispute

that it refused – and continues to refuse in the face of this motion – to state <u>when</u> it will produce

the files it has not produced.

     Instead, Unifund claims that Plaintiff's motion is not well-founded because, after the

November 30th deadline came and went, and after Plaintiff made numerous efforts to obtain the

litigation files Unifund had not produced, Unifund "agreed" to produce the missing files.

Plaintiff did not need Unifund's agreement to produce the files – the Court already ordered Unifund to produce the files.

Unifund also claims its noncompliance should be excused because it changed counsel. That is no excuse because Unifund admits that its new counsel did not appear until late December, i.e., after the November 30th deadline for producing the files.

Further, the change of Unifund's counsel has not changed Unifund's behavior. It took numerous letters and multiple Rule 37.2 conferences after the November 30th deadline just to get Unifund to "agree" (as Unifund's puts it) to produce what the Court already ordered it to produce. A change of counsel does not give Unifund license to disregard court orders, nor does it mitigate the prejudice to Plaintiff who must work to meet the upcoming discovery cutoff.

Again, not only is Unifund more than three-months overdue on producing the files – it refuses to give a date by which it will produce them. Unifund should be compelled to produce the files in seven days. Further, as required by Federal Rule 37(b)(2), Unifund should be sanctioned for forcing Plaintiff to incur expenses and fees to rectify Unifund's noncompliance with the Court's orders. See Fed. R. Civ. P. 37(b)(2).[1]

<u>Unreasonable Failure to Produce a Complete Privilege Log</u>

Unifund does not dispute that it has the burden of justifying its privilege assertions, and that Rule 26(b)(5) and the case law require Unifund to produce a privilege log that includes enough information to enable Plaintiff and the Court to evaluate the asserted privilege. This includes the authors and recipients of the documents, and their capacities. See, e.g., Allendale

---

[1] In ¶ 5 of its response, Unifund states it has no objection to "Plaintiff's [request]" for an extension of the discovery cutoff. Plaintiff made no such request.

Mut. Ins. Co. v. Bull Data Sys., Inc., 145 F.R.D. 84, 88 (N.D. Ill. 1992); see also, In re General

Instr. Corp. Sec. Litig., 190 F.R.D. 527, 531 (N.D. Ill. 2000) ("The failure to provide specific and

complete distribution lists with descriptions of individuals' capacities for documents is sufficient

reason to order production.") Unifund also does not dispute that its log fails to contain this

information, and that Court ordered it to produce the log by November 30, 2002.

Unifund claims that Plaintiff just raised this issue on February 17th. That is false because

Plaintiff raised the issue on December 18, 2002. See 12/18/02 Letter, attached as Exhibit A to

Plaintiff's Second Motion to Compel. Further, regardless of when the issue was raised, it does

not change the fact that Unifund failed to comply with the Court's order to produce the log by

November 30th. Plaintiff should not have had to raise it.

Unifund claims that it can skip its obligation to justify its privilege assertions because

Plaintiff "accepted" an earlier installment of the log that contained similar deficiencies. Plaintiff

never agreed to let Unifund to skip its obligations. Plaintiff raised this issue a little over two

weeks after Unifund's November 30th deadline for producing the log. Further, Unifund did not

produce the most recent installment of the log until January 24, 2003, i.e., five weeks after

Plaintiff raised this issue. And Unifund has not produced any log for much of its production.

Unifund is obligated to produce the log to justify its privilege assertions whether or not

Plaintiff requests it or the Court orders it. Without knowing who authored and received copies of

the allegedly privilege documents, and their capacities, Plaintiff and the Court cannot determine

whether documents were disseminated too broadly to allow for a finding that they were prepared

for legal advice or intended to be confidential. See, e.g., General Instr. Corp. Sec. Litig., 190

F.R.D. 527, 530-31 (N.D. Ill. 2000). Failure to provide this information is automatic grounds for

3

ordering production of the documents. See General Instr. Corp., 190 F.R.D. at 531.

Finally, Unifund claims that Plaintiff should have engaged in "further consultation" with Unifund on this issue. Unifund has had more than enough chances to comply with its obligations. Unifund had from July 25, 2002 to November 30, 2002 to produce the log. Plaintiff pointed out the deficiencies with Unifund's privilege disclosures in December, 2002. Weeks later, Unifund produced a second installment of the log that contained the same deficiencies.[2] Plaintiff has sent numerous letters and engaged in multiple Rule 37.2 conferences on this issue. Yet Unifund continues to refuse to produce the information that it must produce if it is going to withhold information on privilege grounds.

Unifund should be ordered to produce complete copies of all documents it has redacted and withheld on privilege grounds within seven days.

<u>Failure to Produce Commercial Collection Agreement with Defendant Blatt Hasenmiller</u>

Unifund persists in withholding the twenty-five page agreement governing the relationship between it and Blatt as it pertains to the collection and liquidation of the portfolio of Montgomery Ward debt at issue. Unifund does not dispute the case law stating that the privilege must be established for the agreement like any other document. See <u>Salstone v. General Felt Industries</u>, 1986 U.S. Dist. LEXIS 17163 at *9-*10 (N.D. Ill. Nov. 26, 1986). Unifund also does not dispute it has failed to identify the individual authors and recipients of the agreement, and

---

[2] In ¶ 6 of its response, Unifund suggests that this installment of the log relates to documents that Unifund was not obligated to produce before January because of a dispute regarding class membership. That is false because the most recent installment of the privilege log covers documents with a 5000 and 7000 bates number series. The disputed class member documents are part of a 14000 bates number series.

4

their capacities – information that Unifund must produce to support its privilege assertion. <u>See</u> <u>General Instr. Corp.</u>, 190 F.R.D. at 531. Unifund only discloses the contracting parties to the agreement. Finally, Unifund does not dispute that even if it could justify its privilege assertion as to part of the agreement, it cannot do so for the entire agreement.

Unifund suggests that it is obvious that the agreement is privileged. But the law does not presume that any document is privileged. It is Unifund's burden to show that the privilege applies. <u>See</u>, e.g., <u>United States v. Evans</u>, 113 F.3d 1457, 1461 (7th Cir. 1997).

There is no basis for accepting Unifund's say-so. Unifund does not dispute that the document is a commercial agreement between two collection companies that governs how they will go about liquidating a debt portfolio. Unifund also does not dispute that Defendants have put the contents of the agreement at issue with the defenses they raise, as explained in Plaintiff's motion. <u>See</u> Second Motion to Compel at ¶¶ 24-25. Because Unifund refuses to produce the information it is obligated to produce as a precondition to asserting the privilege, it should be ordered to produce the agreement within seven days.

<u>Failure to Give a Date Certain by Which Unifund Corp. Discovery Responses will be Produced</u>

Defendant Unifund Corp. blames its continuing failure to respond to Plaintiff's interrogatories and document requests on a typo in the preamble to Plaintiff's requests. Unifund Corp. does not dispute that this same typo existed in Plaintiff's contemporaneous requests to admit, and that Unifund Corp. nevertheless responded to those requests. Plaintiff raised this issue with Unifund's counsel in 2002, and re-raised it in his January 31, 2003 letter.

Plaintiff is not objecting to Unifund Corp.'s failure to respond before January 31st. Plaintiff objects to Unifund Corp.'s continuing refusal state when it will produce its responses. Even assuming the clock started running on January 31st, Unifund Corp. has had more than the usual thirty-days to respond. See Fed. R. Civ. P. 33, 34. Because of the approaching discovery cutoff, Plaintiff should not have to wait an indefinite amount of time to get Unifund Corp.'s answers. Unifund Corp. should be ordered to produce them within seven days.

WHEREFORE, Unifund should be compelled to produce discovery as explained above, and it should be ordered to pay the attorneys' fees and costs Plaintiff incurred in bringing this motion and his earlier motion as a sanction for failing to comply with the Court's orders.

Respectfully submitted,

One of the Attorneys for the Class

Dated:  March 11, 2003

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, IL 60604-4398
(312) 939-6280

Lance A. Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington, Suite 1805
Chicago, IL 60602
(312) 782-5808

Christopher V. Langone
The Langone Law Firm
25 Each Washington
Suite 1805
Chicago, IL 60602
(312) 782-2000

7

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

## FACSIMILE COVER SHEET

**TO:**     **Dan Shapiro**
FAX #:     (312) 332-2196
FROM:     Michael  Hilicki
DATE:     March 11, 2003

PAGES (including cover sheet):  10

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL AS SOON AS POSSIBLE FOR
RETRANSMISSION.
✦✦✦

Re:   **Hamid v. Blatt, Hasenmiller, et al.**

COMMENTS:     See attached reply to motion to compel against Unifund.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED
AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL
OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED
RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY
NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

# MESSAGE CONFIRMATION

03/11/2003  16:12
ID=BEELER SCHAD DIAMOND

| DATE | S,R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|------|----------|--------------------|------|-------|--------|---|
| 03/11 | 02'32" | 312 332 2196 | CALLING | 10 | OK | 0000 |

03/11/2003    16:08    BEELER SCHAD DIAMOND → 3322196                    NO.405  P01

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

## FACSIMILE COVER SHEET

**TO:**       **Dan Shapiro**
FAX #:      (312) 332-2196
FROM:     Michael  Hilicki
DATE:      March 11, 2003

PAGES (including cover sheet):  10

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

## FACSIMILE COVER SHEET

**TO:**     **David Schultz**
FAX #:     (312) 704-3001
FROM:     Michael  Hilicki
DATE:     March 11, 2003

PAGES (including cover sheet):  10

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL AS SOON AS POSSIBLE FOR
RETRANSMISSION.
♦♦♦

Re:  **Hamid v. Blatt, Hasenmiller, et al.**

COMMENTS:    See attached reply to motion to compel against Unifund.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED
AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL
OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED
RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY
NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

MESSAGE CONFIRMATION

03/11/03  16:04
ID=BEELER SCHAD & DIAMOND

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|------|----------|--------------------|------|-------|--------|---|
| 03/11 | 02'50" | 7043001 | CALLING | 10 | OK | 0000 |

03/11/03    15:58    BEELER SCHAD & DIAMOND → 7043001                    NO.094    P01

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

**FACSIMILE COVER SHEET**

**TO:**       **David Schultz**
FAX #:    (312) 704-3001
FROM:     Michael Hilicki
DATE:     March 11, 2003

PAGES (including cover sheet): 10

## CERTIFICATE OF SERVICE

I, Michael S. Hilicki, certify that I caused a copy of the attached **Reply in Support of Plaintiff's Second Motion to Compel the Unifund Defendants to Comply With The Court's Discovery Orders and for Sanctions** to be served on the people at the addresses below by the method indicated on March 11, 2003, before 5:00 p.m.

Michael S. Hilicki

## SERVICE LIST

Dan Shapiro (**by fax**)
Susan Kane
Goldberg Kohn Bell Black
     Rosenbloom & Moritz Ltd.
55 E. Monroe St
Suite 3700
Chicago, IL 60603
(312) 332-2196

David Schultz (**by fax**)
Hinshaw & Culbertson
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
(312) 704-3001