# APPENDIX F

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SARAH K. WILLIAMS, ) <br> On behalf of herself and all ) <br> Others similarly situated, ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNIFUND CCR PARTNERS, ) <br> CREDIT CARD RECEIVABLES ) <br> FUND, INC., ) <br> ZB LIMITED PARTNERSHIP, ) <br> REGENT & ASSOCIATES, L.L.P., ) <br> ANH H. REGENT, ) <br> GREAT AMERICAN INSURANCE ) <br> COMPANY, ) <br> and JOHN and/or JANE DOES 1-20, ) <br>     Defendant(s) ) | Cause No. EP 06 CA 0248 <br><br> Judge David Briones |

## SETTLEMENT AGREEMENT

1.  **Parties.** The parties to this Settlement Agreement ("Agreement") are Defendants Unifund CCR Partners, Credit Card Receivables Fund, Inc., ZB Limited Partnership, Regent & Associates, L.L.P., Anh H. Regent, Great American Insurance Company (collectively "Defendants") on the one hand and Plaintiff Sarah Williams ("Plaintiff") individually, and as a representative of the class of persons defined below in ¶ 9, on the other hand.

2.  **Nature of litigation.** Plaintiff brought this action in the United States District Court for the Western District of Texas, El Paso Division. In the Complaint, Plaintiff asserted claims pursuant to the federal Fair Debt Collection Practices Act ("FDCPA") and similar Texas statutes. Specifically, Plaintiff alleged that defendants filed collection complaints on debts that had been in default for over 4 years.

1

3. **Liability.** Defendants consider it desirable that the action and the claims alleged be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the Class against Defendants, concerning the violations alleged. Plaintiff believes that Defendants are liable but considers it desirable to settle the action upon the terms and conditions set forth in the Agreement.

4. Plaintiff, individually, and on behalf of the Class, desires to settle her claims against Defendants, having taken into account through Plaintiff's counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5. Plaintiff's counsel has investigated the available facts and the applicable law.

6. Based on the foregoing, and upon an analysis of the benefits which this Agreement affords to the Class, Plaintiff's counsel consider it to be in the best interest of the class to enter into this Settlement Agreement.

7. In consideration of the foregoing and other good and valuable consideration, Plaintiff, Plaintiff's counsel, and Defendants stipulate and agree that the claims of the named Plaintiff and the Class against Defendants should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions.

## TERMS

8. **Effective date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all the following: (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the class; finding that this Agreement is fair and made in good faith; and dismissing the claims of Plaintiff and the class

members against Defendants with prejudice; and (2) (a) if no objection is received, the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or (b) if an objection is received, the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and order the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9. **Certification of Class.** For the purposes of settlement, and in accordance with the Court Order entered on February 2, 2007, the parties stipulate to the certification of a Settlement Class (the "Class") including:

> (a) all individuals in Texas (b) who were served with a lawsuit, or against whom defendants took any affirmative action in an already filed and served lawsuit, (c) on a debt that had been charged off more than four (4) years prior to the filing date of the lawsuit, (d) where the lawsuit was filed and served, or any step in the prosecution of a filed and served lawsuit was taken between July 17, 2005 and August 6, 2006.

There are approximately 269 such persons.

10. **Relief to the Plaintiff and the Class.** Defendants shall provide the following relief to the Plaintiff and the Class.

    a.    Defendants shall pay $4,925 to Sarah Williams as her statutory damages, her actual damages and in recognition of her services as Class representative. Ms. Williams will not submit a claim form for additional damages.

3

b.  Defendants shall pay each Class member $600 cash ("Class Fund"), subject to payment of attorney's fees as described below.

c.  All collection cases filed by Defendants against Class members on the subject time-barred debts will be dismissed.

d.  All money collected by Defendants from Class members on the subject time-barred debts will be returned.

e.  Defendants shall submit a notice to the Credit Bureaus (Experian, Equifax, and TransUnion) asking them to delete the tradeline of the subject debt. However, Plaintiff and Class members are aware that the credit reporting agencies may take up to sixty (60) days or longer to delete the respective tradelines and agree that any such delay, or a complete failure of the credit bureaus to delete the respective tradelines, is not a breach of this Agreement by Defendants. If Plaintiff or a class member requests removal by the credit bureaus, Defendants will not verify the subject debt(s). If any Plaintiff or class member believes any Defendant has breached this paragraph, such Plaintiff or class member must first give any alleged breaching Defendant thirty (30) days written notice of said breach, during which time Defendant may cure the breach without penalty or being subject to suit or any other action on account of the breach.

f.  Class members will be given an opportunity to prove up any actual damages, limited to damages incurred in the process of defending against collection complaints filed by Defendants on the subject debts, such as court fees, filing fees, and attorney's fees, by submitting a claim form. If the parties cannot agree, the Court shall determine whether a Class Member should be reimbursed for his or her alleged actual damages.

g.  Plaintiff shall apply for reasonable attorney's fees, which Defendants will pay out of the Class Fund in an amount not to exceed 30% of the Class Fund.

4

      h.     Defendants to pay for notice and administration.

11.    Class Members shall have 60 days to opt out or object to the proposed settlement.

12.    On the Effective Date, Defendants shall distribute all monies set forth in this Agreement. Each Class member who has timely returned a claim form and does not exclude him or herself will receive a check for that member's pro rata share of the settlement fund referred to in ¶ 10(a) above. The check shall be void after 60 days from the date of issuance.

13.    Within 30 days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid to Texas Rio Grande Legal Aid Inc.

14.    **Release.** Plaintiff and the Class hereby grant Defendants the following release:

      a.     Plaintiff and the Class and their heirs, executors, administrators, successors, and assigns hereby release and forever discharge Unifund CCR Partners, Credit Card Receivables Fund, Inc., ZB Limited Partnership, Regent & Associates, L.L.P., Anh H. Regent, Hull & Associates, P.C., James N. Hull, and Great American Insurance Company, and all of their attorneys and the attorneys that filed the underlying collection actions, as well as their affiliates, members, partners, agents, servants, executors, administrators, and all other persons, firms, corporations, associations or partnerships (hereby collectively "Released Parties") of and from all claims, actions, causes of action, demands, rights, property damages, mental anguish, costs, expenses and compensation whatsoever, claims for actual or additional damages for violations of or under the Texas Deceptive Trade Practices Act, Federal Debt Collection Practices Act, Texas Finance Code, and any state or federal unfair debt collection laws, any common law claims for unfair debt collection practices, negligent or intentional infliction of emotional distress,

5

negligence, invasion of privacy, defamation, gross negligence, additional or exemplary damages, breach of implied or express warranties and breach of contract or agreement, that arise out of the allegations made, or the allegations which could have been made against Released Parties in any way, including all known and unknown, foreseen and unforeseen damages arising from or related to the transactions, accounts, and the filing of the Suit. Without limiting the foregoing in any way, Plaintiff and the Class hereby release and discharge the Released Parties of any and all claims that were or that could have been asserted in this action.

      b.      Plaintiff further releases the Released Parties from all claims that she has.

      c.      **Release of Attorneys.** In addition, for the above consideration to the undersigned in hand paid, Plaintiff and the Class hereby release and forever discharge any lawyer employed by Unifund CCR Partners, Regent & Associates, L.L.P., and/or Hull & Associates, P.C., including but not limited to any associate or member of the Brown McCarroll, L.L.P. law firm, the Dinsmore & Shohl, LLP law firm, the Swanson, Martin & Bell, L.L.P. law firm, Anh H. Regent, Regent & Associates, L.L.P., and Hull & Associates, L.L.P., for damages or any other compensation whatsoever based upon or related in any manner to the above-referenced claim or in connection with the dispute or event referenced above.

      d.      This release is conditioned upon the final approval of this Agreement by the Court and Defendants meeting their obligations hereunder.

15.      If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation or in any manner whatsoever.

16. **Attorney's Fees, Notice Costs and Related Matters.** Defendants will pay the costs of notice and settlement administration, in addition to the amounts described above in ¶ 10. Plaintiff's counsel will request approval for the Court for attorney's fees and costs and expenses of this lawsuit, in an amount not to exceed 30% of the cash paid to Class members, to be paid out of that amount. Plaintiff's counsel will not request additional fees or costs from Defendants or the Class other than the 30% of the cash paid to Class members.

17. **Notice.** Defendants will cause notice to be provided to the class by U.S. Mail. Defendants shall, within 40 days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the Class members, according to Defendants' records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall forward any such returned notice to the address provided to defendants within four days of receipt.

18. **Preliminary approval.** As soon as practicable after execution of this agreement, the parties shall make application to the Court for an order which:

    a. Preliminarily approves this Settlement Agreement;

    b. Certifies the Class defined in ¶ 9 for settlement purposes;

    c. Appoints Edelman, Combs, Latturner & Goodwin, LLC and Scott Vogelmeier as Class counsel;

    d. Schedules a hearing for final approval of this Agreement;

    e. Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records;

      f.      Finds that mailing of the Class notice and the other measures specified in ¶ 17 is the only notice required and that such notice satisfied the requirements of due process and Fed. R. Civ. P. 23.

      g.      Defendants will provide notice of the motion for preliminary approval and a copy of the preliminary approval order (containing the final approval hearing date) to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

19.      The parties agree to request the form of notice attached hereto as <u>Exhibit 1</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit 2</u>. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Settlement Agreement.

20.      **Final Approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement and the expiration of 90 days from the preliminary approval of settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, and Defendants shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable, and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the Class satisfies the requirements of due process and Rule 23, dismissing the claims of Plaintiff and the class with prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

21.      The parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

22. **Release of Attorney's Lien.** In consideration of this Settlement Agreement, Plaintiff's counsel hereby waive, discharge and release the "Released Parties" as defined in ¶ 14 above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this case, other than the amount awarded by the Court as specified above.

23. **Miscellaneous Provisions.** The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.

24. Notices of objection to this Agreement shall be sent to:

U.S. District Clerk's Office
511 East San Antonio Ave., Room 219
El Paso, TX 79901

and notices to the Plaintiff shall be sent to:

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle, 18th Floor
Chicago, IL 60603

and notices to Defendants shall be sent to:

| | |
|---|---|
| Joseph P. Kincaid | Mark C. Walker |
| Swanson, Martin & Bell, LLP | Brown McCarroll, LLP |
| One IBM Plaza, Suite 3300 | 310 North Mesa, Suite 614 |
| Chicago, IL 60611 | El Paso, TX 79901 |

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

25. **Compromise and Acknowledgment of Disputed Liability.** It is understood and agreed that this settlement is the compromise of doubtful and disputed claims, and that the payment made is not to be construed as an admission of liability on the part of the party or

9

parties hereby released, and that Defendants intend merely to avoid litigation and buy their peace.

26. **No Reliance.** Plaintiff hereby declares and represents that in making this Release it is understood and agreed that Plaintiff relies wholly upon her judgment, belief and knowledge of the nature, extent, effect and duration of said damages and liability therefor and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives.

27. **Termination of Claims.** It is further understood that this settlement is the termination of all claims for the incident/transaction made the basis of the Suit, and as described above, by Plaintiff and/or the class against the Released Parties, their insurance carriers, adjusters, agents, employees, successors, heirs, executors, administrators, and lawyers employed by the Released Parties.

28. **Contractual Agreement and Enforcement.** It is further understood that the terms of this Release are contractual, not mere recitals.

29. **Tax Liability.** Tax liability, if any, for the payments described in this Settlement Agreement and Release are the sole responsibility of the Plaintiff and individual Class members. Plaintiff acknowledges that she has relied upon no advice, statements, or representation by the Released Parties or their counsel as to the legal effects of this agreement or the taxability of any sums received hereunder.

30. **Voluntary Execution and Attorney Consultation.** The undersigned Ms. Williams further declares that she has had the opportunity to fully discuss this matter with her counsel of record, she understands the terms of this agreement, and she enters into this

agreement without reliance upon any statements, representations, or any information whatsoever by Released Parties, their agents, servants, or attorneys.

31. **Complete Agreement.** The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

32. This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

33. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class and any and all of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

34. This Agreement shall be governed by and interpreted in accordance with the laws of Texas.

35. If final approval is granted, the parties shall retain documents relating to the administration of the settlement, including the class list and claim forms, for two years thereafter, and may destroy them after that period.


IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed on _____, 2007.

**For Plaintiff and the Class**

*Sarah K. Williams* [signature]

Sarah K. Williams

For Plaintiff's Counsel with Respect to the Release of Attorney's Lien:

[signature]

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0479 (FAX)

_____

Scott Vogelmeier
Law Office of Scott A. Vogelmeier
303 Texas Ave., Suite 502
El Paso, TX 79901

**For Unifund CCR Partners, Credit Card Receivables Fund, Inc., ZB Limited Partnership, Regent & Associates, L.L.P. Anh H. Regent, Hull & Associates, P.C., James N. Hull, Great American Insurance Company, and JOHN and/or JANE DOES 1-20**

BY: _____

Approved as to Form:

_____              _____

Joseph P. Kincaid                                             Mark C. Walker
Swanson, Martin & Bell, LLP                          Brown McCarroll, LLP
330 N. Wabash, Suite 3300                             310 North Mesa, Suite 614
Chicago, IL 60611                                             El Paso, TX 79901