**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAUL COX,  individually and on behalf of the classes defined herein, | )<br>)   08-C-1005<br>) |
| Plaintiff, | )   Judge Guzman |
| | )   Magistrate Judge Ashman |
| v. | )<br>) |
| UNIFUND CCR PARTNERS;<br>CREDIT CARD RECEIVABLES<br>    FUND, INC.,  and<br>ZB LIMITED PARTNERSHIP, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S MOTION (1)TO COMPEL AND (2) FOR AN EXTENSION OF TIME**

Plaintiff, Paul Cox, hereby requests that this Court enter an order (1) compelling Defendant to (a) produce unredacted copies of its document production; (b) produce its account files for all class members; (c) produce requested documents relating to its bona fide error defense; and (2) granting Plaintiff a 30-day extension of time to file his Reply brief in support of his motion for class certification.

In support of this motion, Plaintiff states as follows:

1.  On February 19, 2008, Plaintiff filed a two-count class action complaint.

2.  Count I alleges that Unifund attached a document to its state court complaints which is devised to appear to be a statement sent to the putative debtor in the ordinary course of business, which if not responded to creates an account stated. Plaintiff alleges that Unifund never actually sent the statement to debtors prior to a complaint being filed. (Appendix A herein referred to as "Unifund Statement")

1

3. Count II of Plaintiff's complaint alleges that Unifund sued Plaintiff beyond the applicable Illinois five-year statute of limitations period. Plaintiff's complaint alleges that Unifund's conduct violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*.

4. On March 21, 2008, plaintiff propounded his first set of discovery requests.

5. Unifund served a series of discovery responses that were misleading, evasive and non-responsive.

6. Some of Unifund's responses were simply false.

7. For example, Plaintiff's Request for Admission No. 18 provides "[the Unifund Statement] is not sent to putative debtors, except as an exhibit to a collection complaint". Defendant Unifund's response is "Deny." Defendant's response (which to date has not been amended) was unqualified and unrestricted. (Unifund's Response to Plaintiff's Request to Admit [Appendix B]).

8. Subsequently, in response to other discovery requests related to the issue, Unifund claimed that it could not determine if the Unifund Statement at issue in Count I was sent to putative debtors prior to being attached to collection complaints.

9. Particularly, Plaintiff's Requests for Admission (RFA) Nos. 26 and 27 sought information regarding the number of times the Unifund Statement was not mailed to putative debtors prior to being attached to a state court complaint.

10. Plaintiff's Request for Admission No. 26 provides:

> There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or

       served during a period beginning on February 19, 2007 and ending on March 10, 2008.

11. Plaintiff's Request for Admission No. 27 was identical except the inquiry was regarding 100 persons instead of 40.

12. Defendant's supplemental responses to RFA Nos. 26 and 27 provided:

       Defendant admits that there are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 and ending on March 10, 2008. Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of the suit. Therefore Defendant denies all allegations that it does not specifically admit.

13. Unifund has now admits that this is false. None of the putative class members received the Unifund Statement from Unifund except as an exhibit to a collection complaint. (Unifund's Supplemental Answers to Certain Requests for Admission [Appendix C]).

14. Employees of Unifund have testified in depositions in this case, as well as in numerous other cases, that Unifund does not send the Unifund Statement to debtors. (Transcripts of Kim Kenney's and Jeffrey Shaffer's August 11, 2008 Depositions are being obtained).

15. Fred Blitt, of Blitt & Gaines, P.C. (Unifund's collection attorneys for Illinois who attached the Unifund Statement to complaints) testified in a deposition on August 12, 2008, that he did not send the Unifund Statement to any putative debtor by mail.

**Unifund's Improper Redaction of Document Production**

16. Additionally, Unifund objected to several of Plaintiff's discovery requests on various grounds.

17. For example Plaintiff's interrogatory No. 3 requests:

3

        state whether information regarding your accounts is retrievable by computer and if so, each field by which data is searchable or retrievable. State whether your computers can determine (a) charge off dates, or (b) dates of filing of law suits, or (c) or date of last activity.

18. Unifund responded:

        Defendant objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that such information is privileged under the attorney-client and work product privileges.

19. Counsel for the parties conferred pursuant to Rule 37 several times and Defendant agreed that the information would be produced upon the entry of protective order.

20. On July 25, 2008, the Honorable Ronald A. Guzman entered a protective order in this matter that prohibits the unauthorized use or disclosure of "the computer programs/software and *account screens* created for and used by Unifund CCR Partners to track their debt accounts." (Emphasis added)

21. However, despite the Plaintiff's agreement to the entry of a protective order and to maintain the confidentiality of Unifund's proprietary information, Unifund redacted its document production, including all images of its account screens. This was done without Plaintiff's consent or knowledge.

22. Unifund also redacted information regarding its internal debtor identifier and account notes present on the images of the account screens.

23. Initially Unifund claimed that it was unable to retrieve information as to whether the Unifund statement was sent to debtor prior to filing a collection complaint.

24. At deposition on Monday, August 11, 2008, Kim Kenney testified that the redacted tabs showed what Unifund's account software could search.

4

25. Information contained in the Unifund debtor identifier may also contain information related the age of the debts which is relevant to Plaintiff's claim alleging Defendant files lawsuits on time-barred debts.

26. Plaintiff's counsel, Ms. Hardy, and Unifund's counsel, Ms. Kelley, conferred pursuant to Rule 37 on Monday, August 4, 2008, and discussed the redaction of the account screens.

27. Ms. Kelley advised that certain "buttons" on the account screens were redacted for proprietary reasons. Ms. Kelley further advised that Unifund's debtor identifier was redacted because the information was irrelevant and proprietary.

28. Proprietary objections and redactions are invalid because a protective order has been entered to protect Defendant's proprietary information.

29. The "buttons" on Unifund's account screens will reveal what information is retrievable in Unifund computer system.

30. Ms. Kelley advised that the account notes were redacted because the information was irrelevant and subject to attorney-client and attorney work product privileges. Plaintiff addresses Defendant privilege claim beginning at paragraph 42.

31. Unifund's redaction of its document production based on proprietary concerns and relevancy was improper. The ability of the Defendant to retrieve information is relevant.

**Plaintiff's Request for Production of Class Members Files**

32. Defendant has attempted to thwart Plaintiff's discovery efforts in this case by providing evasive and non-responsive discovery responses as demonstrated by it responses to Plaintiff's second discovery request.

33. Throughout the discovery process in this case Unifund has acted in bad faith by failing to make truthful and timely disclosures, and by raising baseless and meritless objections to Plaintiff's discovery requests. (Plaintiff's First Motion to Compel [Appendix D]).

34. Plaintiff's document request no. 19 sought production of:

> The complete file, including but not limited to computer information, for all a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action)

35. Plaintiff's document request no. 20 sought production of:

> The complete file, including but not limited to computer information, for all (a) individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after February 19, 2007 (a date one year before the filing of this action) and prior to a March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

36. Defendant objected to the production of the requested documents.

37. Subsequently, the parties conferred pursuant to Rule 37 and agreed that a sampling of the class members' files would suffice.

38. On August 4, 2008, during a Rule 37 conference Ms. Hardy advised Ms. Kelley that as a result of Unifund's practice of providing qualified, evasive and non-responsive discovery responses, Plaintiff was reinstating his original request that Unifund produce all class members' files.

39. On August 4, 2008, Ms. Hardy advised Ms. Kelly that Plaintiff sought (1)

an unredacted document production; and (2) all class members' files.

40. Ms. Kelley advised that she would confer with her client and follow-up with Ms. Hardy by Wednesday, August 6, 2008.

41. As of August 14, 2008 Unifund has not produced any of the aforementioned information, nor has it represented that it will.

### Unifund's Bona Fide Error Defense and Claim of Attorney-Client Privilege

42. Unifund has asserted a bona fide error defense based on advice of counsel in this case. However, Unifund is also claiming attorney-client privilege with respect to communications between Unifund and its collection counsel, as set forth in Unifund's discovery responses.

43. Plaintiff's Interrogatory No. 14 requests:

> Explain the basis for your claim that any violation alleged in the complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

44. Defendant responded:

> Discovery and investigation regarding this issue are ongoing and Defendants will supplement their response to this interrogatory, if necessary, in compliance with the rules of discovery and the Court's orders. ***Notwithstanding, Unifund retains qualified counsel and relies on its counsel to make appropriate filings in accordance with the law***.(emphasis added)

45. Plaintiff's Request for Production No. 5 seeks:

> All communications between defendants and their attorneys who filed complaints in state court for them that relate in any way to defendants' claim that its violation was the result of a bona fide error.

46. Unifund responded:

>Defendants object to the extent that such information is privileged under the attorney-client and work-product privileges, or constitutes confidential business information. Without waiving the foregoing objection, Defendants state that discovery and investigation are ongoing and Defendant's will supplement their response to this request to produce, if necessary, in compliance with the rules of discovery and the court's order.

47. Plaintiff's Requests for Production Nos. 5, 6, 7, 8, 10 and 13 also relate to Unifund's assertion of the bona fide error defense.

48. Ms. Kelley and Ms. Hardy discussed this issue in June 2008 during a Rule 37 conference. Subsequently, Ms. Hardy e-mailed Ms. Kelley case law explaining that by asserting that any violation of the FDCPA by Unifund was a good faith error based on legal advice as a defense, the attorney-client privilege is waived.

49. Ms. Kelley advised Ms. Hardy that she would follow up with her after researching the matter and conferring with her client.

50. In response to an inquiry by Ms. Hardy, on August 14, 2008, Ms. Kelley advised that Defendant would update its responses by the end of the day. To date, Unifund has not supplemented its discovery responses, nor has it produced the requested information.

51. Unifund is not entitled to simultaneously claim it had procedures in place to avoid violation of the law based on its reliance on legal advice, and refuse to disclose what it had been advised as to these subjects, even if the source of its knowledge was counsel.

52. If defendant places its knowledge of the law in issue, as it does when in its answer and affirmative defenses it claims that any violation of the FDCPA was unintentional and the result of a bona fide error, then the attorney-client privilege is waived as to the content of that advice. (Appendix E (transcript of hearing in *Adams v. Wilmington Finance, Inc.*, Case No. 06 C 284 (N.D. Ill. Oct. 3, 2006)), and Appendix F (order in *Asbury v. People's Choice Home Loan, Inc.*,

Case No. 05 C 5483 (N.D. Ill. Nov. 8, 2006)).) Defendant is required to fully disclose its knowledge of the law, from any source.

53. In *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) a defendant was accused of securities fraud. He attempted "to testify regarding his belief in the lawfulness of [his actions] without being subjected to cross-examination on communications he had with his attorney on the subject, discussions ordinarily protected by the attorney-client privilege." *Bilzerian*, 926 F.2d at 1291. The District Court instead held that if the defendant's direct testimony included reference to his purported good faith belief in the lawfulness of his actions, he would "open the door to cross-examination with respect to the basis for his belief, and that such cross examination with respect to the basis for his belief, and that such cross-examination would allow inquiry into communications with his lawyer." *Id*.

54. On appeal, the Second Circuit agreed with the District Court's rationale. It specifically held that

> ***the attorney-client privilege cannot at once be used as a shield and a sword***. See *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987); see also *Clark v. United States*, [289 U.S.1,15 (1933)] ("The privilege takes flight if the relation is abused.") A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. See von Bulow, 828 F. 2d at 101-02. Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications. See *United States v. Exxon Corp*., 94 F.R.D. 246, 249 (D.D.C. 1981) (claim of good faith reliance on governmental representations waived attorney-client privilege); *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975) (assertion of qualified immunity defense waived attorney-client privilege). This waiver principle is applicable here for Bilzerian's testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue. ***His conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent***. [*Bilzerian*, 926 F. 2d at 1292 (emphasis added).]

55. A litigant "cannot have it both ways [by seeking] refuge in consultation with

counsel as evidence of their good faith yet prevent [opponents] from discovering the contents of the communication," under *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F.Supp. 1008, 1012 (N.D.Ill. 1993).

56.  Unifund is not entitled to assert the bona fide error defense based on legal advice without permitting access to all communications relating to the subject.  This issue is similar to a patent action "where the attorney-client privilege is waived if the defendant relies on the opinion of counsel to defend against a willful infringement claim...." *Keyes Fibre Co., v. Packaging Corp. of America*, 763 F.Supp. 374, 376 (N.D. Ill. 1991).  The waiver extends to all evidence concerning the subject matter upon which Unifund relied.  *Abbott Labs. v. Baxter Travenol Labs., Inc.*, 676 F.Supp. 831 (N.D. Ill. 1987).  The reasoning behind the waiver is that a party should not be allowed to 'claim reliance on the advice of counsel and, at the same time, conceal the full nature and extent of that advice.'  *Id.*

57.  Other cases stand for the same principle, including *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987); *Clark v. United States*, 289 U.S. 1, 15 (1933); *Johnson v. Rauland-Borg Corp.,* 961 F. Supp. 208 (N.D.Ill. 1997); *Kidder, Peabody & Co. v. International Acceptance Group, NV*, 1997 U.S. Dist. LEXIS 7108, *9-*13 (N.D.Ill. May 20, 1997); *Southwire Co. v. Essex Group, Inc.,* 570 F.Supp. 643, 646 (N.D.Ill. 1983); *Anderson v. Nixon,* 444 F.Supp. 1195, 1200 (D.D.C. 1978); and *United States v. Exxon Corp.*, 94 F.R.D. 246, 249 (D.D.C. 1981).

58.  Instead of using the privilege for the intended purpose of facilitating frank discussions between attorneys and clients, Unifund is attempting to "have it both ways [by seeking] refuge in consultation with counsel as evidence of its good faith yet [preventing plaintiff] from discovering the contents of the communication." *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F.Supp.

1008, 1012 (N.D.Ill. 1993); see *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (purpose of privilege).

59. Unifund's assertion of the attorney-client privilege in this way runs counter to the principle that "the attorney-client privilege cannot at once be used as a shield and a sword," as expressed in *Bilzerian*, at 1292. This Court should find that Unifund cannot use this tactic.

### Plaintiff's Request for an Extension of Time to Obtain Information on Number of Class Members Who Have a Time Barred Debt Claim

60. With respect to Plaintiff's time-barred debt claim, Unifund has asserted that there are only four persons who meet Plaintiff's class definition.

61. Based on Unifund's practice of providing misleading and evasive discovery responses and its overall lack of candor in this case, Plaintiff does not find its assertions reliable as Unifund cannot be trusted to determine who the class members are in this case.

62. Plaintiff has reason to believe that Unifund's search for class members who were sued on time-barred First U.S.A. Bank debts omitted persons sued on debts owned by Chase or Bank One during the class period.

63. Subject to this lawsuit are all files where there is any reference to First U.S.A. Bank, including those where someone labeled the file Chase or Bank One.

64. Plaintiff's counsel, Daniel A. Edelman, raised this issue with Unifund's counsel, Joseph Kincaid, on August 11, 2008, following the deposition of Unifund employee, Jeffrey Shaffer, and again on August 12, 2008, during the deposition of Unifund's collection counsel, Fred Blitt of Blitt and Gaines, P.C.

11

65.     On August 14, 2008, Ms. Hardy sent a letter to Unifund's counsel detailing her concerns regarding the exclusion of Chase and Bank One files that contained references to First U.S.A. Bank from its search for class members.

66.     Therefore, Plaintiff respectfully requests a 30-day extension of the August 22, 2008 deadline to file his Reply brief in support of class certification.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order (1) compelling Defendant to (a) produce unredacted copies of its document production; (b) produce its account files for all class members; (c) produce requested documents relating to its bona fide error defense; and (2) granting Plaintiff a 30-day extension of time to file his Reply brief in support of class certification.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Tiffany N. Hardy, hereby certify that on August 14, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:

    Joseph P. Kincaid
    jkincaid@smbtrials.com

    Kathleen A. Kelley
    kkelley@smbtrials.com

s/Tiffany N. Hardy