# APPENDIX B

20847
TWH/SG
(24)

# Swanson, Martin & Bell, LLP

One IBM Plaza
330 N. Wabash, Suite 3300
Chicago, IL 60611
Phone: (312) 321-9100    Fax: (312) 321-0990

## Facsimile Transmission

Date: 9/18/08

Client #: 2064-010

User Extension: 8524

Pages: _____
(including cover page)

## Service List:

To:

Dan Edelman

Tiffany Hardy

Fax Number:

(312) 419-0379

From: Kathleen Kelley

If you do not receive all transmitted pages please contact the Central Fax Desk at (312) 222-8525

Notes:

This facsimile is intended only for the use of addressee(s) named herein and may contain legally privileged and confidential information. If you are not the intended recipient of this facsimile, you are hereby notified than any dissemination, distribution, or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original facsimile to the sender's attention at the above address via the United States Postal Service.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL COX, individually and on behalf )
of the classes defined herein,          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        No. 08C 1005
                                         )
UNIFUND CCR PARTNERS;                    )
CREDIT CARD RECEIVABLES                  )
FUND, INC., and                          )
ZB LIMITED PARTNERSHIP,                  )
                                         )
                Defendants.              )

## DEFENDANT UNIFUND'S ANSWERS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Defendant Unifund CCR Partners (hereinafter referred to as "Unifund") hereby submits

its answers to the Plaintiff's first requests for admissions as follows:

1.    Plaintiff Paul Cox is an individual who resides in Bartlett, DuPage County,

Illinois.

**ANSWER:**    Defendant cannot truthfully admit or deny this matter because Defendant
is without knowledge or information about Plaintiff Cox's residence as of
the date of this Answer.

2.     Defendant Unifund is a general partnership which is engaged in the business of purchasing charged-off debts alleged owed by consumers and attempting to collect them from the consumers. It operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

**ANSWER:**     Defendant admits the foregoing as to its principal place of business and the fact that it is a general partnership. Defendant denies the statement that it "is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers," and denies that Plaintiff's statement fully or accurately characterizes the nature of Defendant's business. Defendant admits that, as a part of its business activities, it purchases charged-off consumer receivables and attempts to recover those amounts legitimately owed by certain debtors.

3.     Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund. It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242.

**ANSWER:**     Defendant admits the foregoing, except to state that Credit Card Receivables Fund, Inc. operates from an address of 10625, not 10635, Techwoods Circle.

4.     Defendant ZB Limited Partnership is a limited partnership entity chartered under the laws of the State of Delaware and is a general partner of Unifund. Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**     Defendant admits that ZB Limited Partnership is a limited partnership entity chartered under the law of Delaware and a general partner of Unifund. Defendant cannot truthfully admit or deny the address of ZB Limited Partnership's "address for service of process" because it is without knowledge of the same.

5.     Defendant Unifund is a "debt collector" as defined in the FDCPA.

**ANSWER:**     Admit, for purposes of this matter only.

6.    Unifund CCR Partners pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:**    Defendant objects to this request for admission as vague.    Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential and proprietary business information without an adequate protective order.

7.    More than 50% of the debts purchased by Unifund CCR Partners are credit card debts.

**ANSWER:**    Defendant objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential and proprietary business information without an adequate protective order.    Without waiving the foregoing objections, Defendant states that the type of debts that Unifund purchases varies from purchase to purchase.

8.    Unifund owns approximately $12 billion in charged-off debts.

**ANSWER:**    Defendant objects to this request for admission as the term "approximately" is vague, undefined, and unspecific.    Notwithstanding, and without waiving the foregoing objections, Defendant denies this request for admission.    The amount of inventory that Unifund owns in charged-off debts varies from day-to-day with its inventory.

9.    Unifund does not acquire documentation for each of the accounts, including in particular account agreements signed by the putative debtors.

**ANSWER:**    Defendant objects to this request for admission as the term "acquire" is vague, undefined, and unspecific.    Without waiving the foregoing objection, Defendant denies this request for admission.

10.    Unifund regularly files lawsuits to attempt to collect debts.

**ANSWER:**    Defendant denies this request for admission.    Answering further, Defendant states that Unifund places certain accounts with counsel and that counsel may file suit for collection as appropriate.

3

11.    Unifund filed more than 500 lawsuits in the Circuit Court of Cook County during

2007. Others were filed in other Illinois counties.

>    **ANSWER:**    Defendant cannot truthfully admit or deny this request for admission
>    because discovery and investigation into this issue are currently still
>    pending and, therefore, Defendant is currently without knowledge of the
>    same.    Therefore, Defendant denies all allegations that it does not
>    specifically admit.

12.    In January 2008, Unifund filed a lawsuit in DuPage County, Illinois, against

Plaintiff Cox to collect an alleged credit card debt, case no. 08 AR 22.

>    **ANSWER:**    Defendant admits that a collection lawsuit was filed, on behalf of Unifund,
>    in DuPage County against Cox to collect a credit card debt, case no. 08
>    AR 22. Defendant denies all allegations that it does not specifically admit.

13.    Any such debt would have been incurred for personal, family or household

purposes.

>    **ANSWER:**    Defendant cannot truthfully admit or deny this matter because Defendant
>    is without knowledge or information about the allegations contained in
>    paragraph 13 of the request for admission.

14.    Appendix A is a document which defendant Unifund CCR Partners regularly

attaches to collection complaints filed in courts.

>    **ANSWER:**    Defendant objects to this request for admission as the term "regularly" is
>    vague, undefined, and unspecific.   Notwithstanding, and without waiving
>    the foregoing objections, Defendant denies this request for admission.
>    Answering further, Unifund states that the document attached as Appendix
>    A to Plaintiff's complaint varies from debtor to debtor, but that certain
>    elements included in those documents are the same as to each debtor.
>    Defendant further states that those documents are attached to some
>    collection complaints.  Defendant denies all allegations that it does not
>    specifically admit.

15.     Appendix A is a standard form document, filled out in a standardized manner.

ANSWER:     Defendant objects to this request for admission because the term "form document" is vague and the Plaintiff provides no definition for this term. Without waiving this objection, Defendant states that the underlying debt collection complaint and document attached as Appendix A to Plaintiff's complaint vary from debtor to debtor, but that certain elements included in those documents are the same as to each other.

16.     The particular example of the document in Appendix A was attached to the complaint filed in DuPage County, Illinois, against plaintiff Cox in January 2008, case no. 08 AR 22.

ANSWER:     Defendant admits the document attached to Plaintiff's complaint as Appendix A was attached to the collection complaint filed in DuPage County against Plaintiff Cox in January 2008, case no. 08 AR 22.

17.     More than 100 examples of Appendix A have been attached to collection complaints.

ANSWER:     Defendant objects to this request for admission because the term "examples of Appendix A" is vague and/or ambiguous and Plaintiff does not provide a definition for such term and, thus, Defendant cannot reasonably be required to frame an answer to this statement. The document in Appendix A varies from debtor to debtor. Defendant denies any remaining allegations to this request that Defendant does not specifically admit.

18.     Appendix A is not sent to putative debtors, except as an exhibit to a collection complaint.

ANSWER:     Deny.

19.     Defendants never sent Appendix A by mail.

ANSWER:     Defendant states that Appendix A was attached as an exhibit to the collection complaint against Plaintiff Cox. Answering further, Defendant cannot truthfully admit or deny this request for admission because discovery and investigation into this issue are currently still pending and, therefore, Defendant is currently without knowledge of the same. Therefore, Defendant denies all allegations that it does not specifically admit.

20.    The alleged debt that was the subject of 08 AR 22 had been charged off more than eight years prior to the filing of the suit.

**ANSWER:**    Admit.

21.    The date of the last payment on the alleged debt that was the subject of 08 AR 22 was more than eight years prior to the filing of the suit.

**ANSWER:**    Admit.

22.    The complaint in case no. 08 AR 22 did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed.

**ANSWER:**    Defendant objects to this request for admission and states that the complaint for case no. 08 AR 22 speaks for itself.

23.    No contract wholly in writing ever existed with respect to the alleged debt.

**ANSWER:**    Defendant objects to this request for admission because whether a "contract wholly in writing ever existed" is a legal conclusion and a question of law and/or fact. Therefore, Defendant denies all allegations that it does not specifically admit.

24.    The debt was allegedly a credit card originated by First USA Bank.

**ANSWER:**    Defendants admit that the collection complaint states that the account was issued under the name FIRST USA BANK NA. Defendant denies all remaining allegations that it does not specifically admit.

25.    Unifund CCR Partners regularly sues Illinois residents for purported credit card debts on which both the charged-off date and the date of the last payment were more than five years previously, even though it does not have any written contract.

**ANSWER:**    Defendant objects to this request for admission as the term "regularly" is vague, undefined, and unspecific. Notwithstanding, and without waiving the foregoing objections, Defendant denies this request for admission.

6

26.    There are at least 40 (a) natural persons (b) with respect to whom defendant

Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by

Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e)

where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one

year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing

of this action).

> **ANSWER:**    Defendant cannot truthfully admit or deny this request for admission
> because discovery and investigation into this issue are currently still
> pending and, therefore, Defendant is currently without knowledge of the
> same.    Therefore, Defendant denies all allegations that it does not
> specifically admit.

27.    There are at least 100 (a) natural persons (b) with respect to whom defendant

Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by

Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e)

where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one

year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing

of this action).

> **ANSWER:**    Defendant cannot truthfully admit or deny this request for admission
> because discovery and investigation into this issue are currently still
> pending and, therefore, Defendant is currently without knowledge of the
> same.    Therefore, Defendant denies all allegations that it does not
> specifically admit.

28.     There are at least 40 (a) individuals with Illinois addresses (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after on February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

> ANSWER:     Defendant cannot truthfully admit or deny this request for admission because discovery and investigation into this issue are currently still pending and, therefore, Defendant is currently without knowledge of the same.     Therefore, Defendant denies all allegations that it does not specifically admit.

29.     There are at least 100 (a) individuals with Illinois addresses (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after on February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

> ANSWER:     Defendant cannot truthfully admit or deny this request for admission because discovery and investigation into this issue are currently still pending and, therefore, Defendant is currently without knowledge of the same.     Therefore, Defendant denies all allegations that it does not specifically admit.

30.    Unifund's net worth is more than $50,000.

**ANSWER:**    Defendant objects to the term "net worth" as vague, undefined, and unspecific as to time. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order. Without waiving the foregoing objections, Defendant denies the request because Unifund's net worth, however defined, varies periodically based on collections, liabilities, and distributions, and may or may not exceed the specified amount at any given time.

31.    Unifund's net worth is more than $1,000,000.

**ANSWER:**    Deny, with objections. *See* answer and objections to Request No. 30 above.

32.    Unifund's net worth is more than $10,000,000.

**ANSWER:**    Deny, with objections. *See* answer and objections to Request No. 30 above.

33.    Unifund's net worth is more than $50,000,000.

**ANSWER:**    Deny, with objections. *See* answer and objections to Request No. 30 above.

34.    CCRF's net worth is more than $50,000.

**ANSWER:**    Defendant objects to the term "net worth" as vague, undefined, and unspecific as to time. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order. Without waiving the foregoing objections, Defendant states that, as this request for admission is about CCRF, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

35.    CCRF's net worth is more than $1,000,000.

**ANSWER:**    Deny, with objections. *See* answer and objections to Request No. 34 above.

36.     CCRF's net worth is more than $10,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 34
above.

37.     CCRF's net worth is more than $50,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 34
above.

38.     ZBLP's net worth is more than $50,000.

**ANSWER:**     Defendant objects to the term "net worth" as vague, undefined, and
unspecific as to time.  Defendant further objects to this request as calling
for information neither relevant nor reasonably calculated to lead to the
discovery of admissible evidence, and calling for confidential business
information without an adequate protective order.  Without waiving the
foregoing objections, Defendant states that, as this request for admission is
about ZBLP, it cannot truthfully admit or deny the request as it is without
knowledge or information about the same.  Therefore, Defendant denies
the request.

39.     ZBLP's net worth is more than $1,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 38
above.

40.     ZBLP's net worth is more than $10,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 38
above.

41.     ZBLP's net worth is more than $50,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 38
above.


                        Swanson, Martin, & Bell, LLP


                        *Kathleen Kelley*
                        One of the Attorneys for Defendants

Joseph P. Kincaid
Kathleen A. Kelley
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
Tele: (312) 321-9100
Fax: (312) 321-0990

## CERTIFICATE OF SERVICE

I, Kathleen A. Kelley, certify that I served this document (Defendants' Answers to Plaintiff's Requests for Admission) upon the following:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois 60603
FAX: (312) 419-0379

via facsimile and certified U.S. mail, proper postage prepaid, from the offices of Swanson, Martin & Bell, LLP, 330 N. Wabash, Suite 3300, Chicago, IL 60611, on this 18th day of April, 2008.

Kathleen Kelley

[x]     Under penalties as provided by law, I certify that the statements set forth herein are true and correct.

## VERIFICATION

Henry Thoman, being first duly sworn on oath, deposes and states that he or she has read the foregoing UNIFUND CCR PARTNERS' Answers to Plaintiff's Requests to Admit, and believes that the statements contained herein are true to the best of his or her knowledge.

_____
Henry Thoman

SUBSCRIBED AND SWORN TO
before me this ____13th____ day
of April, 2008

_____
Notary Public

MARYFRANCES DAVIDSON
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
April 03, 2013
Recorded In
Montgomery County

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL COX, individually and on behalf   )
of the classes defined herein,           )
                                         )
              Plaintiff,        )
                                         )
         v.                )    No. 08C 1005
                                         )
UNIFUND CCR PARTNERS;         )
CREDIT CARD RECEIVABLES        )
FUND, INC., and                  )
ZB LIMITED PARTNERSHIP,      )
                                       )
              Defendants.     )

## DEFENDANT CCRF'S ANSWERS TO PLAINTIFF'S
## FIRST REQUESTS FOR ADMISSION

Defendant CREDIT CARD RECEIVABLES FUND, INC. (hereinafter referred to as

"CCRF") hereby submits its answers to the Plaintiff's first requests for admissions as follows:

1.    Plaintiff Paul Cox is an individual who resides in Bartlett, DuPage County,

Illinois.

     **ANSWER:**    Defendant cannot truthfully admit or deny this matter because Defendant
                 is without knowledge or information about Plaintiff Cox's residence as of
                 the date of this Answer.

2.      Defendant Unifund is a general partnership which is engaged in the business of purchasing charged-off debts alleged owed by consumers and attempting to collect them from the consumers. It operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

> **ANSWER:**    Defendant admits the foregoing as to its principal place of business and the fact that it is a general partnership. Defendant denies the statement that it "is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers," and denies that Plaintiff's statement fully or accurately characterizes the nature of Defendant's business. Defendant admits that, as a part of its business activities, it purchases charged-off consumer receivables and attempts to recover those amounts legitimately owed by certain debtors.

3.      Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund. It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242.

> **ANSWER:**    Defendant admits the foregoing, except to state that Credit Card Receivables Fund, Inc. operates from an address of 10625, not 10635, Techwoods Circle.

4.      Defendant ZB Limited Partnership is a limited partnership entity chartered under the laws of the State of Delaware and is a general partner of Unifund. Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

> **ANSWER:**    Defendant admits that ZB Limited Partnership is a limited partnership entity chartered under the law of Delaware and a general partner of Unifund. Defendant cannot truthfully admit or deny the address of ZB Limited Partnership's "address for service of process" because it is without knowledge of the same.

5.      Defendant Unifund is a "debt collector" as defined in the FDCPA.

> **ANSWER:**    Admit, for purposes of this matter only.

6.    Unifund CCR Partners pays an average of less than ten cents on the dollar for the debts it purchases.

ANSWER:    Defendant objects to this request for admission as vague. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential and proprietary business information without an adequate protective order. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

7.    More than 50% of the debts purchased by Unifund CCR Partners are credit card debts.

ANSWER:    Defendant objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential and proprietary business information without an adequate protective order. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

8.    Unifund owns approximately $12 billion in charged-off debts.

ANSWER:    Defendant objects to this request for admission as the term "approximately" is vague, undefined, and unspecific. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

9.    Unifund does not acquire documentation for each of the accounts, including in particular account agreements signed by the putative debtors.

ANSWER:    Defendant objects to this request for admission as the term "acquire" is vague, undefined, and unspecific. Without waiving the foregoing objections, Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

Defendant CCRF's Answers to Plaintiff's Requests for Admission – Page 3

10.     Unifund regularly files lawsuits to attempt to collect debts.

**ANSWER:**     Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

11.     Unifund filed more than 500 lawsuits in the Circuit Court of Cook County during 2007. Others were filed in other Illinois counties.

**ANSWER:**     Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

12.     In January 2008, Unifund filed a lawsuit in DuPage County, Illinois, against Plaintiff Cox to collect an alleged credit card debt, case no. 08 AR 22.

**ANSWER:**     Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

13.     Any such debt would have been incurred for personal, family or household purposes.

**ANSWER:**     Defendant cannot truthfully admit or deny this matter because Defendant is without knowledge or information about the allegations contained in paragraph 13 of the request for admission.

14.     Appendix A is a document which defendant Unifund CCR Partners regularly attaches to collection complaints filed in courts.

**ANSWER:**     Defendant objects to this request for admission as the term "approximately" is vague, undefined, and unspecific. Notwithstanding, and without waiving the foregoing objections, Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

15.     <u>Appendix A</u> is a standard form document, filled out in a standardized manner.

**ANSWER:**     Defendant objects to this request for admission because the term "form document" is vague and the Plaintiff provides no definition for this term. Without waiving the foregoing objections, Defendant further states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

16.     The particular example of the document in <u>Appendix A</u> was attached to the complaint filed in DuPage County, Illinois, against plaintiff Cox in January 2008, case no. 08 AR 22.

**ANSWER:**     Defendant CCRF states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

17.     More than 100 examples of <u>Appendix A</u> have been attached to collection complaints.

**ANSWER:**     Defendant objects to this request for admission because the term "examples of <u>Appendix A</u>" is vague and/or ambiguous and Plaintiff does not provide a definition for such term and, thus, Defendant cannot reasonably be required to frame an answer to this statement. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

18.     <u>Appendix A</u> is not sent to putative debtors, except as an exhibit to a collection complaint.

**ANSWER:**     Defendant CCRF states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

19.     Defendants never sent <u>Appendix A</u> by mail.

**ANSWER:**     Defendant CCRF states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

20.   The alleged debt that was the subject of 08 AR 22 had been charged off more than eight years prior to the filing of the suit.

**ANSWER:**   Defendant CCRF states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

21.   The date of the last payment on the alleged debt that was the subject of 08 AR 22 was more than eight years prior to the filing of the suit.

**ANSWER:**   Defendant CCRF states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

22.   The complaint in case no. 08 AR 22 did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed.

**ANSWER:**   Defendant objects to this request for admission and states that the complaint for case no. 08 AR 22 speaks for itself. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

23.   No contract wholly in writing ever existed with respect to the alleged debt.

**ANSWER:**   Defendant objects to this request for admission because whether a "contract wholly in writing ever existed" is a legal conclusion and a question of law and/or fact. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

24.   The debt was allegedly a credit card originated by First USA Bank.

**ANSWER:**   Defendants admit that the collection complaint states that the account was issued under the name FIRST USA BANK NA. Additionally, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

25.    Unifund CCR Partners regularly sues Illinois residents for purported credit card debts on which both the charged-off date and the date of the last payment were more than five years previously, even though it does not have any written contract.

ANSWER:    Defendant objects to this request for admission as the term "regularly" is vague, undefined, and unspecific. Notwithstanding, and without waiving the foregoing objections, Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

26.    There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

ANSWER:    Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

27.    There are at least 100 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

ANSWER:    Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

28.     There are at least 40 (a) individuals with Illinois addresses (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after on February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

ANSWER:     Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

29.     There are at least 100 (a) individuals with Illinois addresses (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after on February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

ANSWER:     Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

30.     Unifund's net worth is more than $50,000.

**ANSWER:**     Defendant objects to the term "net worth" as vague, undefined, and unspecific as to time. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order. Without waiving the foregoing objections, Defendant CCRF states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

31.     Unifund's net worth is more than $1,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 30 above.

32.     Unifund's net worth is more than $10,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 30 above.

33.     Unifund's net worth is more than $50,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 30 above.

34.     CCRF's net worth is more than $50,000.

**ANSWER:**     Defendant objects to the term "net worth" as vague, undefined, and unspecific as to time. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order. Without waiving the foregoing objections, Defendant denies the request because CCRF's net worth, however defined, varies periodically, and may or may not exceed the specified amount at any given time.

35.     CCRF's net worth is more than $1,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 34 above.

36.     CCRF's net worth is more than $10,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 34 above.

37.     CCRF's net worth is more than $50,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 34 above.

38.     ZBLP's net worth is more than $50,000.

**ANSWER:**     Defendant objects to the term "net worth" as vague, undefined, and unspecific as to time. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order. Without waiving the foregoing objections, Defendant CCRF states that, as this request for admission is about ZBLP, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

39.     ZBLP's net worth is more than $1,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 38 above.

40.     ZBLP's net worth is more than $10,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 38 above.

41.     ZBLP's net worth is more than $50,000,000.

**ANSWER:**     Deny, with objections. *See* answer and objections to Request No. 38 above.

Swanson, Martin, & Bell, LLP

*Kathleen Kelley*
One of the Attorneys for Defendants

Joseph P. Kincaid
Kathleen A. Kelley
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
Tele: (312) 321-9100
Fax: (312) 321-0990

### CERTIFICATE OF SERVICE

I, Kathleen A. Kelley, certify that I served this document (Defendants' Answers to Plaintiff's Requests for Admission) upon the following:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois 60603
FAX: (312) 419-0379

via facsimile and certified U.S. mail, proper postage prepaid, from the offices of Swanson, Martin & Bell, LLP, 330 N. Wabash, Suite 3300, Chicago, IL 60611, on this 18th day of April, 2008.



[x]     Under penalties as provided by law, I certify that the statements set forth herein are true and correct.

## VERIFICATION

    Henry Thoman, being first duly sworn on oath, deposes and states that he or she has read the foregoing CREDIT CARD RECEIVABLES FUND, INC.'s Answers to Plaintiff's Requests to Admit, and believes that the statements contained herein are true to the best of his or her knowledge.


_____

Henry Thoman


SUBSCRIBED AND SWORN TO
before me this ___18th___ day
of April, 2008


_____
Notary Public

MARYFRANCES DAVIDSON
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
April 03, 2013
Recorded in
Montgomery County

NOTARIAL SEAL
STATE OF OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL COX, individually and on behalf )
of the classes defined herein, )
)
     Plaintiff, )
)
     v. )     No. 08C 1005
)
UNIFUND CCR PARTNERS; )
CREDIT CARD RECEIVABLES )
FUND, INC., and )
ZB LIMITED PARTNERSHIP, )
)
     Defendants. )

## DEFENDANT ZBLP'S ANSWERS TO PLAINTIFF'S
## FIRST REQUESTS FOR ADMISSION

Defendant ZB LIMITED PARTNERSHIP (hereinafter referred to as "ZBLP") hereby

submits its answers to the Plaintiff's first requests for admissions as follows:

1.    Plaintiff Paul Cox is an individual who resides in Bartlett, DuPage County,

Illinois.

     **ANSWER:**    Defendant cannot truthfully admit or deny this matter because Defendant
               is without knowledge or information about Plaintiff Cox's residence as of
               the date of this Answer.

2.    Defendant Unifund is a general partnership which is engaged in the business of purchasing charged-off debts alleged owed by consumers and attempting to collect them from the consumers. It operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

    **ANSWER:**    Defendant admits the foregoing as to its principal place of business and the fact that it is a general partnership. Defendant denies the statement that it "is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers," and denies that Plaintiff's statement fully or accurately characterizes the nature of Defendant's business. Defendant admits that, as a part of its business activities, it purchases charged-off consumer receivables and attempts to recover those amounts legitimately owed by certain debtors.

3.    Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund. It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242.

    **ANSWER:**    Defendant admits the foregoing, except to state that Credit Card Receivables Fund, Inc. operates from an address of 10625, not 10635, Techwoods Circle.

4.    Defendant ZB Limited Partnership is a limited partnership entity chartered under the laws of the State of Delaware and is a general partner of Unifund. Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

    **ANSWER:**    Defendant admits that ZB Limited Partnership is a limited partnership entity chartered under the law of Delaware and a general partner of Unifund. Defendant further states that ZBLP operates from an address of 988 Fifth Avenue, 9th floor, New York, New York.

5.    Defendant Unifund is a "debt collector" as defined in the FDCPA.

    **ANSWER:**    Admit, for purposes of this matter only.

6.     Unifund CCR Partners pays an average of less than ten cents on the dollar for the

debts it purchases.

> **ANSWER:** Defendant objects to this request for admission as vague. Defendant
> further objects to this request as calling for information neither relevant
> nor reasonably calculated to lead to the discovery of admissible evidence,
> and calling for confidential and proprietary business information without
> an adequate protective order. Without waiving the foregoing objections,
> Defendant further states that, as this request for admission is about
> Unifund, it cannot truthfully admit or deny the request as it is without
> knowledge or information about the same. Therefore, Defendant denies
> the request.

7.     More than 50% of the debts purchased by Unifund CCR Partners are credit card

debts.

> **ANSWER:** Defendant objects to this request as calling for information neither
> relevant nor reasonably calculated to lead to the discovery of admissible
> evidence, and calling for confidential and proprietary business information
> without an adequate protective order. Without waiving the foregoing
> objections, Defendant further states that, as this request for admission is
> about Unifund, it cannot truthfully admit or deny the request as it is
> without knowledge or information about the same. Therefore, Defendant
> denies the request.

8.     Unifund owns approximately $12 billion in charged-off debts.

> **ANSWER:** Defendant objects to this request for admission as the term
> "approximately" is vague, undefined, and unspecific. Without waiving the
> foregoing objections, Defendant further states that, as this request for
> admission is about Unifund, it cannot truthfully admit or deny the request
> as it is without knowledge or information about the same. Therefore,
> Defendant denies the request.

9.     Unifund does not acquire documentation for each of the accounts, including in

particular account agreements signed by the putative debtors.

> **ANSWER:** Defendant objects to this request for admission as the term "acquire" is
> vague, undefined, and unspecific. Without waiving the foregoing
> objections, Defendant ZBLP states that, as this request for admission is
> about Unifund, it cannot truthfully admit or deny the request as it is
> without knowledge or information about the same. Therefore, Defendant
> denies the request.

10.     Unifund regularly files lawsuits to attempt to collect debts.

**ANSWER:**     Defendant ZBLP states that, as this request for admission is about
Unifund, it cannot truthfully admit or deny the request as it is without
knowledge or information about the same. Therefore, Defendant denies
the request.

11.     Unifund filed more than 500 lawsuits in the Circuit Court of Cook County during

2007. Others were filed in other Illinois counties.

**ANSWER:**     Defendant ZBLP states that, as this request for admission is about
Unifund, it cannot truthfully admit or deny the request as it is without
knowledge or information about the same. Therefore, Defendant denies
the request.

12.     In January 2008, Unifund filed a lawsuit in DuPage County, Illinois, against

Plaintiff Cox to collect an alleged credit card debt, case no. 08 AR 22.

**ANSWER:**     Defendant ZBLP states that, as this request for admission is about
Unifund, it cannot truthfully admit or deny the request as it is without
knowledge or information about the same. Therefore, Defendant denies
the request.

13.     Any such debt would have been incurred for personal, family or household

purposes.

**ANSWER:**     Defendant cannot truthfully admit or deny this matter because Defendant
is without knowledge or information about the allegations contained in
paragraph 13 of the request for admission.

14.     Appendix A is a document which defendant Unifund CCR Partners regularly

attaches to collection complaints filed in courts.

**ANSWER:**     Defendant objects to this request for admission as the term
"approximately" is vague, undefined, and unspecific. Notwithstanding,
and without waiving the foregoing objections, Defendant ZBLP states
that, as this request for admission is about Unifund, it cannot truthfully
admit or deny the request as it is without knowledge or information about
the same. Therefore, Defendant denies the request.

15.     Appendix A is a standard form document, filled out in a standardized manner.

**ANSWER:**    Defendant objects to this request for admission because the term "form document" is vague and the Plaintiff provides no definition for this term. Without waiving the foregoing objections, Defendant further states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

16.     The particular example of the document in Appendix A was attached to the complaint filed in DuPage County, Illinois, against plaintiff Cox in January 2008, case no. 08 AR 22.

**ANSWER:**    Defendant ZBLP states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

17.     More than 100 examples of Appendix A have been attached to collection complaints.

**ANSWER:**    Defendant objects to this request for admission because the term "examples of Appendix A" is vague and/or ambiguous and Plaintiff does not provide a definition for such term and, thus, Defendant cannot reasonably be required to frame an answer to this statement. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

18.     Appendix A is not sent to putative debtors, except as an exhibit to a collection complaint.

**ANSWER:**    Defendant ZBLP states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

19.     Defendants never sent Appendix A by mail.

**ANSWER:**    Defendant ZBLP states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

20.    The alleged debt that was the subject of 08 AR 22 had been charged off more than eight years prior to the filing of the suit.

ANSWER:    Defendant ZBLP states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

21.    The date of the last payment on the alleged debt that was the subject of 08 AR 22 was more than eight years prior to the filing of the suit.

ANSWER:    Defendant ZBLP states that it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

22.    The complaint in case no. 08 AR 22 did not have any written contract attached to it and did not allege any explanation for the absence of a written contract, if one existed.

ANSWER:    Defendant objects to this request for admission and states that the complaint for case no. 08 AR 22 speaks for itself. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

23.    No contract wholly in writing ever existed with respect to the alleged debt.

ANSWER:    Defendant objects to this request for admission because whether a "contract wholly in writing ever existed" is a legal conclusion and a question of law and/or fact. Without waiving the foregoing objections, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

24.    The debt was allegedly a credit card originated by First USA Bank.

ANSWER:    Defendants admit that the collection complaint states that the account was issued under the name FIRST USA BANK NA. Additionally, Defendant further states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

25.    Unifund CCR Partners regularly sues Illinois residents for purported credit card debts on which both the charged-off date and the date of the last payment were more than five years previously, even though it does not have any written contract.

> **ANSWER:**    Defendant objects to this request for admission as the term "regularly" is vague, undefined, and unspecific. Notwithstanding, and without waiving the foregoing objections, Defendant ZBLP states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

26.    There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

> **ANSWER:**    Defendant ZBLP states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

27.    There are at least 100 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

> **ANSWER:**    Defendant ZBLP states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

28.     There are at least 40 (a) individuals with Illinois addresses (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after on February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

> **ANSWER:**   Defendant ZBLP states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

29.     There are at least 100 (a) individuals with Illinois addresses (b) against whom defendant filed suit on a credit card debt allegedly originated by First USA Bank (c) where both the date of charge off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after on February 19, 2007 (a date one year before the filing of this action) and prior to March 10, 2008 (a date 20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

> **ANSWER:**   Defendant ZBLP states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

30.    Unifund's net worth is more than $50,000.

ANSWER:    Defendant objects to the term "net worth" as vague, undefined, and unspecific as to time. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order. Without waiving the foregoing objections, Defendant ZBLP states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

31.    Unifund's net worth is more than $1,000,000.

ANSWER:    Deny, with objections. *See* answer and objections to Request No. 30 above.

32.    Unifund's net worth is more than $10,000,000.

ANSWER:    Deny, with objections. *See* answer and objections to Request No. 30 above.

33.    Unifund's net worth is more than $50,000,000.

ANSWER:    Deny, with objections. *See* answer and objections to Request No. 30 above.

34.    CCRF's net worth is more than $50,000.

ANSWER:    Defendant objects to the term "net worth" as vague, undefined, and unspecific as to time. Defendant further objects to this request as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for confidential business information without an adequate protective order. Without waiving the foregoing objections, Defendant ZBLP states that, as this request for admission is about Unifund, it cannot truthfully admit or deny the request as it is without knowledge or information about the same. Therefore, Defendant denies the request.

35.    CCRF's net worth is more than $1,000,000.

ANSWER:    Deny, with objections. *See* answer and objections to Request No. 34 above.

36.     CCRF's net worth is more than $10,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 34
above.

37.     CCRF's net worth is more than $50,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 34
above.

38.     ZBLP's net worth is more than $50,000.

**ANSWER:**     Defendant objects to the term "net worth" as vague, undefined, and
unspecific as to time.  Defendant further objects to this request as calling
for information neither relevant nor reasonably calculated to lead to the
discovery of admissible evidence, and calling for confidential business
information without an adequate protective order.  Without waiving the
foregoing objections, Defendant denies the request because ZBLP's net
worth, however defined, varies periodically, and may or may not exceed
the specified amount at any given time.

39.     ZBLP's net worth is more than $1,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 38
above.

40.     ZBLP's net worth is more than $10,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 38
above.

41.     ZBLP's net worth is more than $50,000,000.

**ANSWER:**     Deny, with objections.  *See* answer and objections to Request No. 38
above.

Swanson, Martin, & Bell, LLP

_Kathleen Kelley_
One of the Attorneys for Defendants

Joseph P. Kincaid
Kathleen A. Kelley
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
Tele: (312) 321-9100
Fax: (312) 321-0990

## CERTIFICATE OF SERVICE

I, Kathleen A. Kelley, certify that I served this document (Defendants' Answers to Plaintiff's Requests for Admission) upon the following:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois 60603
FAX: (312) 419-0379

via facsimile and certified U.S. mail, proper postage prepaid, from the offices of Swanson, Martin & Bell, LLP, 330 N. Wabash, Suite 3300, Chicago, IL 60611, on this 18th day of April, 2008.

Kathleen Kelley

[x]    Under penalties as provided by law, I certify that the statements set forth herein are true and correct.