# APPENDIX D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL COX,  individually and on behalf of the classes defined herein, | ) ) ) | 08-cv-1005 |
| Plaintiff, | ) ) | Judge Guzman Magistrate Judge Ashman |
| v. | ) ) | |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

Plaintiff, Paul Cox, hereby requests that this Court enter an order compelling the Defendants to provide accurate responses to Plaintiff's discovery Requests regarding the mailing of Appendix A.

In support of this motion, Plaintiff states as follows:

1.    On February 25, 2008 Plaintiff filed a motion for certification of two classes. Plaintiff first class ("Class A") is defined as (a) all natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

2.    Attached as Appendix A is a document which defendant Unifund CCR

1

Partners regularly attaches to collection complaints filed in courts.

3.    Appendix A is a standard form document, filled out in a standardized manner.

4.    Appendix A looks like a statement of account sent to the putative debtor in the ordinary course of business, which if not responded to creates an account stated. Plaintiff alleges that Defendants never actually sent the statement to debtors in advance of a complaint being filed.

5.    Plaintiff issued written discovery on March 21, 2008.

6.    On April 21, 2008 Defendants served Plaintiff's solely with their responses to Plaintiff's Request for Admissions.

7.    Plaintiff's Request for Admission no. 19 reads "Defendants never sent Appendix A to Plaintiff by mail."

8.    Defendants response to Plaintiff's Request for Admission reads "Defendant states that Appendix A was attached as an exhibit to the collection complaint against Plaintiff Cox. Answering further, Defendant cannot truthfully admit or deny this request for admission because discovery and investigation into this issue are currently still pending and, therefore Defendant is currently without knowledge of the same. Therefore, Defendant denies all allegations that it does not specifically admit. " (Appendix B).

9.    Plaintiff's Request for Admission no. 26 reads "There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March

2

10, 2008 (a date 20 days after the filing of this action)."

     10.    Defendants' response to Plaintiff's Request for Admission no. 26 provides "Defendant cannot truthfully admit or deny this request for admission because discovery an investigation into this issue are currently still pending and, therefore Defendant is currently without knowledge of the same. Therefore, Defendant denies all allegations that it does not specifically admit." (Appendix B).

     11.    Defendant answered Plaintiff's other discovery requests related to whether the Defendants mailed Appendix A to a debtor prior to filing a collection suit in the same fashion. (See Appendix B RFA No.18; Appendix C Interrogatory No. 4)

     12.    Defendant's response that it is unable to truthfully admit or deny whether Appendix A is ever sent to debtors by mail is wholly inconsistent with it response to Request for Admission No. 18 wherein Unifund denies that "Appendix A is not sent to putative debtors, except as an exhibit to a collection complaint. "

     13.    Plaintiff's counsel, Tiffany N. Hardy and Defendants' counsel Kathleen Kelley conferred pursuant to Rule 37.1 on June 9, 2008 and June 16, 2008 regarding Defendants' discovery responses.

     14.    On June 17, 2008 Ms. Kelley served Ms. Hardy with Defendants' supplemental discovery responses.

     15.    Defendant's supplemental response to Request to Admit No. 26 reads "Defendant admits that there are at least 40 (a) natural persons (b) with respect to whom Defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by Appendix A (e) where the lawsuit as [sic] filed or served during a period beginning on February 19, 2007 (a

date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).  Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of suit.  Therefore Defendant denies all allegations that it does not specifically admit. " (Appendix D).

16.    Defendants have advised Plaintiff how many times a documents similar to Appendix A was attached to a collection complaint.  However, Defendants have not provided any information regarding the number of instances a document similar to Appendix A was sent to putative class members prior to filing of a collection suit, or whether a document similar to Appendix A was ever in fact sent to putative debtors prior the filing of a collection action.

17.    Plaintiff objects to Defendant, Unifund's response as unresponsive and inaccurate.

18.    A deposition of Jeffrey Shaffer taken in *Goray v. Unifund CCR Partners*, 06-00214 HG/LEK a case filed in the U.S. District Court for the District of Hawaii indicates that Unifund itself does not send letters similar to Appendix A to debtors.  (Appendix E Shaffer Dep. p.22 lines 8-22; p. 24 lines 1-14; p. 44-45 lines18-17).

19.    Unifund just sends documents in response to requests by debtors. (Appendix E Shaffer Dep. p.22 lines 18-22)

20.    Unifund is knowledgeable as to whether it actually sent a document in the form of Appendix A to debtors prior to filing suit.

21.    Further, the knowledge of the Defendants' collection counsel is imputed to the Defendants.  *Smith v. Johnson*, 662 N.E.2d 531, 535 (Ill. App. 1st Dist. 1996)

22.    A review of numerous state court complaint filed in Illinois on behalf of Unifund reveals that Blitt & Gaines, PC is Unifund's sole collection counsel for this jurisdiction.

23.    Defendants have ample time to complete their discovery and investigation regarding whether a letter similar to Appendix A was sent to debtors prior to filing suit.

WHEREFORE, Plaintiff respectfully requests that this court enter an order compelling the Defendant Unifund CCR Partners to provide accurate responses to all of Plaintiff's discovery requests regarding the number of instances a document similar to Appendix A was sent to putative class members prior to filing of a collection suit, or whether a document similar to Appendix A was ever in fact sent to putative debtors prior the filing of a collection action.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

5

**CERTIFICATE OF SERVICE**

I, Tiffany N. Hardy, hereby certify that on June 20, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:


Joseph P. Kincaid
jkincaid@smbtrials.com

Kathleen A. Kelley
kkelley@smbtrials.com


s/ Tiffany N. Hardy<br>
Tiffany N. Hardy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL COX, individually and on behalf of the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 08 C 1005 |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. ("CCRF"), and ZB Limited Partnership ("ZBLP"), by and through their attorneys, Joseph P. Kincaid and Kathleen A. Kelley, for their Response in Opposition to Plaintiff's Motion to Compel, hereby state as follows:

1.     Plaintiff filed a motion for class certification of two classes, the first class of which ("Class A") is defined as: (a) all natural persons; (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit; (c) attaching a document in the form represented by Appendix A[1]; (d) which document was not sent to the addressee prior to the filing of the suit; (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

---
[1] Plaintiff's Appendix A is attached hereto as Exhibit A.

2.    In its responses to Plaintiff's written discovery requests, after reviewing the file and account notes for Paul Cox, Defendant Unifund admitted that it believes that <u>Appendix A</u> was not mailed to Plaintiff Paul Cox prior to the filing of the suit.[2]

3.    Through a computer search – based on the approximate collection suit filing dates – Defendant Unifund has identified over 1800 persons who (a) are natural persons; (b) with respect to whom defendant Unifund filed a lawsuit; (c) in which a form similar to <u>Appendix A</u> was attached to the suit; (e) where the lawsuit was filed or served during the relevant purported class period.  <u>However</u>, Unifund cannot conduct a computer search based on (d) whether a form similar to <u>Appendix A</u> was sent to the debtor prior to the suit being filed.  To determine that information, Unifund would be required to review the file and account notes – which encompass different account screens for each account – for each of the 1800 different individual debtors.

3.    As such, Unifund's responses to Plaintiff's requests for admission were as follows:

26.    There are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

ANSWER:    Defendant admits that there are at least 40 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).  Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of the suit.  Therefore,

---

[2] See Unifund's Supplemental Answer to Certain Requests for Admission, attached hereto as <u>Exhibit B</u>.

Defendant denies all allegations that it does not specifically admit.

27.     There are at least 100 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of the suit (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).

ANSWER:     Defendant admits that there are at least 100 (a) natural persons (b) with respect to whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document in the form represented by <u>Appendix A</u> (e) where the lawsuit was filed or served during a period beginning on February 19, 2007 (a date one year prior to the filing of this action) and ending March 10, 2008 (a date 20 days after the filing of this action).  Defendant cannot truthfully admit or deny that, in addition to the above statement, that this statement is also correct as to (d) – that the document was not sent to the addressee prior to the filing of the suit.  Therefore, Defendant denies all allegations that it does not specifically admit.

<u>See</u> Unifund's Responses to Plaintiff's Requests for Admissions No. 26 and 27, attached hereto as <u>Exhibit C</u>.

3.     Unifund's response brief in opposition to Plaintiff's Motion for Class Certification addresses this issue as well.  Specifically, Unifund argues as follows:

> *[I]ndividualized proof is necessary for each potential class member and, moreover, is required to determine whether a purported class member actually even belongs in the classes.*  For example, membership in "Class 1" requires a review into the records of Unifund, its collection counsel, and any prior account holders (including the original issuer of the debt), to determine if the debtor was sent an account statement before the collection suit was filed. . . . Because individualized proof is necessary for each potential class member for both classes, the purported classes do not meet the commonality requirement of Rule 23(a)(2) or the requirements of 23(b)(3).

<u>See</u> page 3 of Unifund's Response Brief in Opposition to Plaintiff's Motion for Class Certification, attached hereto as <u>Exhibit D</u>.

Before the Court can entertain whether the requirements under Rule 23 are satisfied, the class must be sufficiently defined so as to be identifiable. Pastor, 2005 WL 2453900 at *2; Ramirez, 2007 WL 4335293 at *3, *5. The definition of a proposed class must be "sufficiently definite to permit ascertainment of the class members." Alliance to End Repression v. Rochford, 565 F.2d 975, 977-78 (7th Cir. 1977). Class certification must be denied if the Court is required to conduct individualized inquiries to determine whether a potential class member actually fits within the class. Pastor, 2005 WL 2453900 at *2; Ramirez, 2007 WL 4335293 at *3, *5 [].

[Discussion of Pastor.]

Here, the purported classes suffer from the same problem as to which debtors actually fall within the class definitions. . . . The determination as to whether each purported class members fits within a class necessarily depends on (1) the documentation and information currently available to Unifund, as well as (2) documentation and information that can be obtained from third parties, and (3) whether this documentation and information . . . constitutes a "similar document" (for Class 1) . . . . As such, even identifying exactly which purported class members fit into Plaintiff's class definitions requires an individualized, account-by-account inquiry. Neither class can be identified for certain without such individualized inquires and, as such, the classes should not be certified under Rule 23.

See Exhibit D at pp. 10-11.

4.    Other district court judges in the Northern District have similarly ruled that a debt collector in an FDCPA action is not required to conduct an individualized inquiry into whether certain information and/or documents exist in order to determine which persons meet the plaintiff's purported class definition. Rather, in those types of situations, class certification is not appropriate.

- In Parkis v. Arrow Financial Services, 2008 WL 94798 (N.D. Ill. Jan. 8, 2008),[3] in an FDCPA case where Edelman, Combs, Latturner & Goodwin, LLC (hereinafter, "Edelman, Combs") served as plaintiff's counsel, District Judge Coar denied class certification, stating as follows:

---

[3] A copy of this decision is attached hereto as Exhibit E.

> [Because] this court would have to look into the payment history of each putative class member to determine whether the last payment date or charge-off date was more than five years prior to the filing date of the debt-collection suit. Because the payment timing and history will be different for each putative class member, [t]his would involve an individualized inquiry for each potential member.

Id. at *4.

- In Sadler v. Midland Credit Management, Inc., 2008 WL 2692274 (N.D. Ill. Jul. 3, 2008),[4] Edelman, Combs served as plaintiff's counsel in another FDCPA class action case. The defendant debt collector argued that – while it could conduct a computerized search to determine whether a particular debtor met four of the five criteria set forth in the plaintiff's purported class definition – no computer search was available to determine whether a debtor met the fifth criteria (whether a written contract for the account existed). Id. at *4. As such, the debt collector argued that class certification was inappropriate because the class was not sufficiently identifiable. Id.

  District Judge Pallmeyer agreed and, citing to Parkis (above), denied class certification. Id. (citing Ramirez v. Palisades Collection LLC, 2007 WL 4335293 at *3 (N.D. Ill. Dec. 5, 2007),[5] (Where a proposed class definition "requires an exhaustive, individualized inquiry into whether [a debt collector] can presently find, in its own files or those of another entity, a written contract to exclude a debtor from the class," the class definition is inadequate. The court distinguished computer searchable terms – such as "charge-off" dates or (as here) collection suit dates – from an investigation which "necessitate[s] the court's review of an untold number of documents to determine whether a particular document exists.))

---

[4] A copy of this decision is attached hereto as Exhibit F.
[5] A copy of this decision is attached hereto as Exhibit G.

5.    Additionally, in the Motion to Compel, Plaintiff's counsel states that in Jeffrey Shaffer's deposition testimony from <u>Goray v. Unifund CCR Partners</u> he testified that Unifund does not send letters similar to <u>Appendix A</u> to debtors.[6] This is wrong, and mischaracterizes Mr. Shaffer's testimony.  While Mr. Shaffer states that Unifund "probably" did not do so between "2004 and 2006," since then (the relevant timeframe here) "the policy would be yes, we have sent letters to debtors in that regard."  (<u>Ex. H</u> Shaffer Dep., p. 22, lines 8-22).

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's motion to compel against Defendant Unifund CCR Partners.

Respectfully submitted,

 /s/ Kathleen A. Kelley

Joseph P. Kincaid
Kathleen A. Kelley
Swanson, Martin, & Bell, LLP
330 N. Wabash Street, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100
Fax: (312) 321-0990

---

[6] Plaintiff attached an excerpt from the transcript of Jeffrey Shaffer from <u>Goray v. Unifund CCR Partners</u> as <u>Appendix E</u> to its Motion to Compel.  This excerpt is attached hereto as well as <u>Exhibit H</u>.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PAUL COX,  individually and on behalf of the classes defined herein,<br><br>Plaintiff,<br><br>v.<br><br>UNIFUND CCR PARTNERS;<br>CREDIT CARD RECEIVABLES<br>FUND, INC., and<br>ZB LIMITED PARTNERSHIP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

08-C-1005

Judge Guzman
Magistrate Judge Ashman

### PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL

Unifund is accused in this case of systematically defrauding the Illinois court system and consumers by presenting state courts with phony statements of accounts (Unifund Statement, Appendix A to complaint) which are contrived to appear as if they had been sent to the putative debtor prior to suit, creating an account stated, but which are never in fact so sent. Unifund resorts to similar misrepresentations in an effort to convince this Court that no class exists. Unifund cannot keep its story straight.

With respect to the phony statements of account, Unifund claims in its response that Plaintiff mischaracterizes Jeffrey Shaffer's deposition testimony in *Goray v. Unifund CCR Partners*. Unifund states that "while Mr. Shaffer states that Unifund "probably" did not [send letters similar to Appendix A] between "2004 and 2006," since then "the policy would be yes, we have sent letters to debtors in that regard." (Def. Response Brief p. 6). This is simply not true.

In a deposition taken in *Corbin v. Unifund CCR Partners*, CV06- 402 TUR RCC

1

(D. Ariz. 2006) Shaffer testified that as of <u>March 2007</u> the Unifund Statement is not sent to

debtors by Unifund.

> Q:   Has this particular document ever, to the best of your recollection
> ever been provided directly to a debtor?
> A:   No
> Q:   Has it ever been directly provided to a debtor by Unifund CCR
> Partners?
> A:   Isn't that what you just asked me?
> Q:   Yes. I just asked you, I asked you in general, and then I asked you
> specifically about Unifund CCR Partners.
> A:   I think I answered previously, Unifund CCR Partners has never
> mailed this statement out to a consumer.  Our attorneys have
> sometimes included it in their communication to the consumers,
> but I don't know who has done that and who has not.

Later in the deposition Shaffer testifies:

> Q:   In reviewing this Unifund statement to refresh your memory, do
> you recall that that particular statement wasn't sent out from 2004
> to 2006?
> A:   I'm sorry. Can you repeat your question?
> Q:   Yeah, certainly.  I'm not trying to trick you.  The Unifund
> statement that you have before you,  do you recall that that
> statement wasn't sent out from 2004 to 2006?
> A:   Unifund has never anytime ever generated this statement and
> mailed it to the debtors that I am aware of.

(Shaffer Transcript in p.49 lines 4-18; p.52 lines 3-14 *Corbin v. Unifund,* [Appendix B]).

In a deposition in *Unifund CCR Partners v. Huffman,* 874676, Harris County

Texas Civil Court, another Unifund employee, Lutz testified that as of April 26, 2007 the

Unifund Statement is never sent to debtors:

> Q:   All right.  The next document on Exhibit No. 1 is something called
> a "Unifund Statement"?
> A:   That's correct.  That is never sent to the debtor. That's sent to the
> law firm only.

During the same deposition, Lutz later testifies as follows:

> Q:    The fourth page of Exhibit No. 1 is called a Unifund statement.
>        You mentioned before that this was never sent to the- -
> A:    The debtor.
> Q:    - - consumer?
> A:    It's just sent to our law firm.

Lutz also later testifies:

> Q:    Okay. Do you happen to know why it says at the bottom of this
>        page marked as "Unifund Statement" in Exhibit A, it says, "This
>        communication is from a debt collector. Federal laws requires us to
>        inform you that this is an attempt to collect a debt and any
>        information obtained will be used for that purpose"?
> A:    I don't - - I mean, that's standard for debt collectors, and we- - all I
>        can tell you is that it is sent to our law firm.  We do not mail out
>        those statements.

(Lutz Transcript in *Unifund CCR Partners v. Huffman*, 874676, p. 14 lines 17-20; pp. 49-50 lines
22-2; pp. 50-51 lines 24-8[Appendix C]).

Based on the foregoing it is clear that Unifund does not mail or otherwise send

Appendix A to debtors prior to filing a collection suit against the debtor.

Defendant initially refused to provide accurate and truthful responses regarding

whether Appendix A was sent to debtors prior to Defendant Unifund's filing of collection suits.

Plaintiff's Request for Admission No. 18 asks Defendant to admit "Appendix A is not sent to

putative debtors, except as an exhibit to a collection complaint" [Appendix D].  Defendant

Unifund's response is "Deny."   Defendant's response is unqualified, unrestricted and untrue.

Plaintiff's Request for Admission No. 26 provides:

There are at least 40 (a) natural persons (b) with respect to whom defendant
Unifund CCR Partners filed a lawsuit (c) attaching a document in the form
represented by Appendix A (d) which document was not sent to the addressee
prior to the filing of the suit (e) where the lawsuit was filed or served during a
period beginning on February 19, 2007 and ending on March 10, 2008.

3

Plaintiff's Request for Admission No. 27 was identical except the inquiry was regarding 100

persons instead of 40.

> Defendant's response to RFA Nos. 26 and 27  was as follows:

> Defendant cannot truthfully admit or deny this request for admission because
> discovery and investigation into this issue are currently still pending and,
> therefore, Defendant is currently without knowledge of the same.  Therefore,
> Defendant denies all allegations that it does not specifically admit.

Defendant's supplemental responses to RFA Nos. 26 and 27 provided:

> Defendant admits that there are at least 40 (a) natural persons (b) with respect to
> whom defendant Unifund CCR Partners filed a lawsuit (c) attaching a document
> in the form represented by Appendix A (e) where the lawsuit was filed or served
> during a period beginning on February 19, 2007 and ending on March 10, 2008.
> Defendant cannot truthfully admit or deny that, in addition to the above statement,
> that this statement is also correct as to (d) – that the document was not sent to the
> addressee prior to the filing of the suit.  Therefore Defendant denies all allegations
> that it does not specifically admit.

> But it is clear from Shaffer and Lutz that the Unifund statement (Appendix A)

was not sent.

> Unifund further contended in its response, without any factual support, that the

process of ascertaining the information sought by Plaintiff would be burdensome.  Unifund's

position is controverted by *Hamid v. Blatt Hasenmiller, Leibsker & Moore and Unifund CCR

Partners*, 00 C 4511 (N.D. Ill. 2000) and *Williams v. Unifund CCR Partners*, 06 CA 0248 (W.D.

Tex. 2006).    *Hamid* involved claims regarding Unifund's filing of suit on time barred debts

(Appendix E).  *Hamid* was settled following class certification.  The fact that the court certified a

class and approved a class wide settlement shows that Unifund was able to retrieve the

information that is at issue here.  Likewise, *Williams v. Unifund CCR Partners* resulted in the

settlement of claims alleging that Unifund filed suit on time-barred debts on a class basis.

4

(Appendix F).

On August 8, 2008, (a mere 7 days after filing its response brief) Unifund served a second set of supplemental discovery responses to Plaintiff's RFA nos. 26 and 27.  Unifund states:

> Based on further investigation with collection counsel, Unifund admits that (a), (b), (c),(d) and (e) are true; however, Unifund's usual practice for Illinois between February 19, 2007 and March 10, 2008 was for Unifund and/or its collection counsel to send the debtor at least one letter prior to the filing of the collection suit which sets forth such information as the debtor's account number, balance due, and the name of the of the original creditor.

Thus, Unifund admits that it did not send the Unifund Statement to debtors and that its professed inability to obtain the information was false. Unifund qualified its response by stating "however, Unifund's usual practice for Illinois between February 19, 2007 and March 10, 2008 was for Unifund and/or its collection counsel to send the debtor at least one letter prior to the filing of the collection suit which sets forth such information as the debtor's account number, balance due, and the name of the of the original creditor." This qualification is confusing and misleading because the letter referred to is an initial demand, which pursuant to 15 U.S.C. §1692g(c) cannot create an account stated.

Plaintiff propounded his initial discovery requests on Defendant in March 2008. Approximately three months later, in June 2008, Defendant contended that it could not "truthfully admit or deny . . . that the statement is also correct as to (d)– that the document was not sent to the addressees prior to the filing of the suit."  Now, in August 2008, more than twelve months after Defendants' employees testified to the facts sought to be admitted,  Defendant finally concedes that the statement at issue was not sent to class members.

5

Defendant either failed to make a reasonable inquiry or made intentional misrepresentations in this Court for the purpose of concealing its misrepresentations in state court. Moreover, Defendant attempts to qualify its answer in a confusing and misleading fashion.

Plaintiff respectfully requests this Court to enter an order compelling the Defendant to provide accurate, truthful, unqualified responses to Plaintiff's discovery request. Plaintiff also submits that Defendants' actions as set forth above are outrageous and requests an order imposing sanctions on Defendant.

Respectfully submitted,

Tiffany N. Hardy
s/Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on August 11, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:

Joseph P. Kincaid
jkincaid@smbtrials.com

Kathleen A. Kelley
kkelley@smbtrials.com

s/ Tiffany N. Hardy
Tiffany N. Hardy

7