# APPENDIX E

                                                                    1

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
     RUTH ADAMS and MARGARET       )   No. 06 C 284
 4   HARTLEY,                      )
                                   )
 5              Plaintiffs,        )
                                   )
 6        v.                       )   Chicago, Illinois
                                   )   October 3, 2006
 7   WILMINGTON FINANCE, INC., and AIG )  9:00 a.m.
     FEDERAL SAVINGS BANK,         )
 8                                 )
                Defendants.        )   Motion
 9
                      TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE DAVID H. COAR

11

12   APPEARANCES:

13   For the Plaintiffs:       EDELMAN COMBS LATTURNER &
                               GOODWIN, LLC
14                             120 South LaSalle Street
                               18th Floor
15                             Chicago, Illinois  60603
                               BY:  MS. CATHLEEN M. COMBS
16                                  MR. JEREMY P. MONTEIRO

17

18
     For the Defendant:        CHAPMAN AND CUTLER, LLP
19                             111 West Monroe Street
                               Chicago, Illinois  60603-4080
20                             BY:  MS. DIANE E. RIST
                                    MR. S. TODD SIPE
21

22

23            TRACEY DANA McCULLOUGH, CSR, RPR
                    Official Court Reporter
24              219 South Dearborn Street
                         Room 1420
25                 Chicago, Illinois 60604
                      (312) 922-3716
```

EXHIBIT 1

2

1  THE CLERK: 06 C 284, Adams versus Wilmington Finance,
2  Inc., motion by plaintiff for determination.
3  MS. COMBS: Good morning, Your Honor. Cathleen Combs
4  and Jeremy Monteiro on behalf of plaintiffs.
5  MS. RIST: And Diane Rist and Todd Sipe, Your Honor,
6  on behalf of the defendants.
7  MS. COMBS: Your Honor, we have previously been before
8  you on a motion for --
9  THE COURT: I remember. The defendants take the
10 position that this is a request for an advisory opinion. I
11 will deem the motion a motion to compel. And, therefore, the
12 advisory opinion issue goes away. Let me ask the defendants is
13 it your position -- or are you representing that at trial you
14 will not argue that consulting with counsel negates
15 willfulness? Is that your position?
16 MS. RIST: Your Honor, we have not yet decided
17 whether -- our client has not had the opportunity. We haven't
18 had a chance to complete our investigation. We do not yet know
19 whether we're going to put attorney advice into evidence. To
20 answer your question, we have not yet decided if our strategy
21 at trial --
22 THE COURT: Then I'm going to grant the plaintiffs'
23 motion. They're not required to wait until you make a decision
24 before this becomes relevant. To the extent that you hold open
25 the possibility that you will argue advice of counsel as -- to

Case 1:08-cv-01005   Document 68-6   Filed 08/14/2008   Page 4 of 5
Case 1:06-cv-00284   Document 60   Filed 10/24/2006   Page 3 of 4

3

```
 1  rebut willfulness, they're entitled to know A, whether or not
 2  that advice was given; and B, to know what that advice was.
 3  They're not obliged to take your client's word for it.
 4          MS. RIST:  And, Your Honor, there is a new decision
 5  that's just come out on this point, a firm offer case by Judge
 6  Andersen.  It just came out the 27th, and in that decision --
 7          THE COURT:  Well, as you know, I'm not bound by a
 8  decision by another district judge.
 9          MS. RIST:  Yes, Your Honor.  But --
10          THE COURT:  So Judge Andersen's opinion to the
11  contrary notwithstanding, I think I grasp the issues here.
12          MS. RIST:  And I was just going to say the defendant
13  in that case did not put into evidence its advice of counsel.
14  What it did was say we have compliance procedures, and part of
15  our compliance procedures include attorney review.  And that is
16  the difficult issue that our client is faced with.  Deciding to
17  waive the attorney/client privilege is a very serious issue
18  obviously and a complex one.  And given that we can -- our
19  other alternative is simply to say what we did.  We have
20  compliance procedures.  Attorney review is part of that
21  process.
22          We have -- early in this case we have not yet had an
23  opportunity to decide that.
24          THE COURT:  I'll give you one week to make up your
25  mind.
```

4

1  MS. RIST: Thank you.

2  MS. COMBS: Thank you very much, Your Honor.

3  THE COURT: We'll come back on the 10th at 9 o'clock.

4  MS. RIST: Thank you very much.

5  MS. COMBS: Thank you very much, Your Honor.

6  CERTIFICATE

7  I HEREBY CERTIFY that the foregoing is a true, correct

8  and complete transcript of the proceedings had at the hearing

9  of the aforementioned cause on the day and date hereof.

10

11  _Tracey D. McCullough_    10/16/06

12  Official Court Reporter                Date
    United States District Court
13  Northern District of Illinois
    Eastern Division