# APPENDIX F

Order Form (01/2005)   Case 1:05-cv-05483   Document 75   Filed 11/08/2006   Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 5483 | DATE | 11/8/2006 |
| CASE TITLE | Asbury v. People's Choice Home Loan, Inc | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion for Determination (doc. #59) is GRANTED. Defendant must inform the Court and opposing counsel by November 22, 2006, whether it intends to raise at trial its reliance on attorney advice as a defense to the willfulness of its action.

■ [ For further details see text below.]     Docketing to mail notices.

### STATEMENT

In this FCRA suit, the Plaintiff alleges that the Defendant willfully violated the FCRA when it accessed her credit report without a permissible purpose. Defendant raises the affirmative defense that it acted in good faith and without intent to violate the FCRA. In its answers to discovery, Defendant indicated that it received legal advice concerning the compliance of the mailing at issue with the FCRA. Plaintiff now seeks an order requiring Defendant to make an election as to whether it will rely upon the receipt of attorney advice as a defense to Plaintiff's claims and, if Defendant so elects, to compel Defendant to comply with Plaintiff's discovery request to designate and produce attorneys who provided legal advice to it.

Defendant argues that it has not asserted the "advice-of-counsel" defense in its affirmative defenses or in its written discovery responses and that therefore Plaintiff's motion is premature. It is true that Defendant has not explicitly raised the defense. But that is besides the point. Plaintiff should not be required to sit idly by, as the discovery clock ticks away, and wait until Defendant decides whether they will present attorney advice as part of their defense. Plaintiff is entitled to discovery on the issues relevant to the Defendant's potential defenses. To the extent that the Defendant wishes to hold open the possibility that it will rely on the advice of counsel as a defense to the willfulness of its actions, it must allow Plaintiff the opportunity to pursue discovery as to that Defense. *See Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F.3d 374, 376 (N.D. Ill. 1991) (granting motion to compel discovery of attorney-client communications or requiring Defendant to assure court that it would not pursue defense based on those communications); *see also Oakwood Labs, LLC v. Tap Pharm. Prod., Inc.*, No. 01 C 7631, 2003 WL 21147953 (N.D. Ill. May 14, 2003); *Lakewood Eng'g & Mfg Co. v. Lasko Prod., Inc.*, No. 01 C 7867, 2003 WL 1220254 (N.D. Ill. Mar 14, 2003).

Courtroom Deputy Initials:

Page 1 of 3


EXHIBIT 2

STATEMENT

 Defendant also suggests that because the Supreme Court has granted *certiorari* to resolve the standard that governs willfulness, the Court should allow Defendant to delay its decision as to its strategy. Although Defendant alludes to a motion to stay, it has not filed any such motion. Discovery is set to close on February 12, 2007 and the parties must file dispositive motions by March 12, 2007. Plaintiff is entitled to an adequate opportunity to explore the issue of whether Defendant relied on attorney advice should Defendant elect to raise it.

 Consequently, Defendant must inform this Court and opposing counsel by November 22, 2006, whether it intends to rely on the advice of counsel as a defense to the willfulness of its actions. Should Defendant fail to inform this Court or opposing counsel of its intention, it will be barred from presenting such evidence at trial.

*Wm. J. Hibbler*